IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | CRIMINAL NO. 9:22-658-RMG |
| ) | |
| **vs.** ) | |
| ) | |
| ) | |
| **RUSSELL LUCIUS LAFFITTE** ) | |
| ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPTS

The Defendant Russell Lucius Laffitte ("Laffitte") argues that this Court should break from decades of precedent to order the disclosure of grand jury transcripts. Laffitte's motion is substantively and procedurally improper. Substantively, Laffitte's motion is based entirely on one statement contained in the Indictment and the Superseding Indictment (collectively, "the Indictments"), which was the product of Laffitte's own misrepresentations to the probate court. That Laffitte's sworn misrepresentations to another court produced a misstatement in the Indictments—which the Government subsequently discovered and promptly disclosed to Laffitte's counsel—neither entitles him to nor warrants the extraordinary relief he now seeks. Although the Government need not litigate the significance or implications of Laffitte's misrepresentation to the probate court at this stage in the proceedings, the resulting discrepancy in the Indictments in no way undermines or casts a "shadow" over the Government's case. Rather, these circumstances underscore the depth of Laffitte's fraudulent conduct in the scheme charged in the Indictments. Procedurally, Laffitte's motion is premised solely on Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, which governs the disclosure of grand jury matters in *other* judicial

1

proceedings.[1] Neither this provision nor any other provision of Rule 6 supports Laffitte's request, which is further foreclosed by longstanding Fourth Circuit precedent.

For the reasons detailed further below, the Court should deny Laffitte's Motion for Production of Grand Jury Transcripts.

## Procedural Background

On July 19, 2022, a federal grand jury returned a five-count Indictment charging Laffitte with Conspiracy to Commit Wire Fraud and Bank Fraud, in violation of 18 U.S.C. § 1349 (Count 1); Bank Fraud, in violation of 18 U.S.C. § 1344(2) (Count 2); Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 3); and two counts of Misapplication of Bank Funds, in violation of 18 U.S.C. § 656 (Counts 4 and 5). On August 16, 2022, the same federal grand jury returned a Superseding Indictment, also charging Laffitte with Misapplication of Bank Funds, in violation of 18 U.S.C. § 656 (Count 6), and incorporating the same conduct to the scheme and artifice.

As fully set forth in the Indictments, in furtherance of his scheme to defraud, Laffitte was appointed to serve as conservator for the Bank Customer's personal injury clients, including N.T. The Indictments alleged that Laffitte signed documents to close out N.T.'s conservatorship, stating that she was eighteen years old, when she was fifteen years old at the time. ECF No. 2, at 9, ECF. No. 25, at 9. This statement regarding N.T.'s age was based on information contained in a petition

---

[1] Notably, Laffitte does not make the present request under Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure, which is the only provision of Rule 6 that authorizes courts to disclose grand jury matters upon a defendant's request. That subsection provides that a court may authorize disclosure of grand jury matters "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). No such ground exists here, and Laffitte has neither assumed nor satisfied the "heavy burden" of demonstrating that "particularized and factually based grounds" exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the Superseding Indictment. However, to the extent Laffitte has confused or conflated Rule 6(e)(3)(E)(i) and Rule 6(e)(3)(E)(ii) or the corresponding standards, the Government will briefly outline why neither provision applies here nor entitles Laffitte to the extraordinary relief requested.

for appointment filed with the probate court to have Laffitte appointed as N.T.'s conservator. Laffitte signed the petition twice, swearing to the accuracy of the information contained within it, including N.T.'s age.

After presentment of the Superseding Indictment, the Government learned through witness interviews that the probate court records that Laffitte signed and verified misrepresented N.T.'s age. N.T. was, in actuality, over eighteen years old when the conservatorship was closed. The Government also learned that N.T. turned eighteen a mere fifteen days before Laffitte signed the conservatorship petition, which represented that N.T. was fifteen years old. The Government promptly notified Laffitte's counsel of the issue and its intention to re-present the Superseding Indictment to correct N.T.'s age and to account for Laffitte's misrepresentations to the probate court. The Government is scheduled to present a Second Superseding Indictment to the same federal grand jury on September 20, 2022.

Notwithstanding the foregoing, Laffitte now moves to compel production of the grand jury transcripts, arguing that the statement regarding N.T.'s age in the Indictments warrants this Court departing from precedent and the traditional prohibition against disclosure of grand jury information under the Federal Rules of Criminal Procedure.

## Argument

"The veil of secrecy that protects grand jury proceedings is well-established, as is the sensible rationale for such secrecy." *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 615 (E.D. Va. 2004) (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979)). Federal Rule of Criminal Procedure 6(e) codifies this "long-established policy of maintaining the secrecy of grand jury proceedings." *United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979); *see* Fed. R. Crim. P. 6(e). Notably—and as the Supreme Court has recognized—the importance of

grand jury secrecy remains "even when the grand jury whose transcripts are sought has concluded its operations," as "courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect [of disclosure] upon the functioning of future grand juries." *Douglas Oil Co.*, 441 U.S. at 222.

   Rule 6(e) permits disclosure of grand jury transcripts in very limited circumstances. Laffitte solely relies on an exception found in Rule 6(e)(3)(E)(i) to argue that the Court should order production of the grand jury transcripts. However, this exception does not apply. While these criminal proceedings are certainly "judicial proceedings," "it is settled that the first exception applies only to situations where the judicial proceeding for which disclosure of grand jury material is sought is a judicial proceeding *different from the criminal trial authorized by the grand jury's indictment*." *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 615–16 (E.D. Va. 2004) (emphasis added) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958) (addressing distinct scenario in which defendants in a civil suit brought by the government under the Sherman Act unsuccessfully sought disclosure of grand jury transcripts used by the government under verbatim predecessor to Rule 6(e)(3)(E)(i))); *see also* 1 *Fed. Prac. & Proc. Crim.* § 109 (4th ed.) ("Disclosure for Use in Other Proceedings") (noting that Rule 6(e)(3)(E)(ii) "is the most expansive and probably most frequently litigated provision of Rule 6, because it permits the disclosure of grand jury material in proceedings other than a criminal trial"). This is clear because application of the first exception in these circumstances "would render the second exception [under Rule 6(e)(3)(E)(ii)] superfluous, as the first exception would always encompass the second." *Id.*; *cf.* Fed. R. Crim. P. 6(e)(3)(F)(i)–(ii) (prescribing the procedure for petitions to disclose grand jury matters under Rule 6(e)(3)(E)(i) and requiring that a non-government petitioner "must serve the petition on . . . an attorney for the government [and] the parties to the judicial proceeding").

Rule 6(e)(3)(E)(ii), on the other hand, does provide an exception for a criminal defendant to request judicial authorization to obtain grand jury transcripts in a pending criminal matter. Although Laffitte does not cite this subsection in support of his pending motion, his request also fails under the applicable standard. Rule 6(e)(3)(E)(ii) permits disclosure of grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). To succeed, a moving defendant must demonstrate to the Court that "particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *Loc Tien Nguyen*, 314 F. Supp. 2d at 616 (collecting cases). However, courts have cautioned that this is a "heavy burden," given that "grand jury proceedings are entitled to a strong presumption of regularity." *Id.* (citing *Hamling v. United States*, 418 U.S. 87 (1974)). The burden cannot be satisfied with, for instance, "conclusory or speculative allegations of misconduct," *Loc Tien Nguyen*, 314 F. Supp. 2d at 616, and such requests "will be denied in all but extraordinary circumstances." *United States v. Harris*, 2017 WL 1724298, at *5 (N.D. W.Va. June 14, 2007).

Here, there is no indication or even allegation of misconduct before the grand jury. The statements in the Indictments regarding N.T.'s age were based on Laffitte's misrepresentations, under oath, in records filed with the probate court. Specifically, the petition for Laffitte to be appointed N.T.'s conservator stated that N.T. was fifteen years old (with an incorrect birthdate). Laffitte signed the petition in two places. Laffitte first signed the petition under the verification portion, in which he swore that the facts set forth in the petition, including N.T.'s age, were true to the best of his knowledge, information, and belief. Laffitte signed the petition a second time, under the qualification and statement of acceptance portion. At the time Laffitte signed this

5

document, N.T. was seventeen, fifteen days shy of her eighteenth birthday. Thus, Laffitte cannot credibly claim that the statements in the Indictments, on which Laffitte's present motion rests, were the result of misconduct before the grand jury. To the contrary, the statements in the Indictments that N.T. was fifteen years old were based on Laffitte's own misrepresentations, under oath, to the probate court. Although Laffitte does not claim as much in his motion, it is axiomatic that statements in the Indictments based on Laffitte's own sworn misrepresentations, subsequently discovered by the Government, cannot provide a basis for dismissal for purposes of requesting the grand jury transcripts. While the Government intends to re-present the Superseding Indictment to the grand jury to correct this misstatement based on Laffitte's sworn statements to the probate court, the inaccuracy in no way undermines or casts "shadows" over the Government's case, as Laffitte suggests. Rather, these circumstances underscore the depth of Laffitte's fraudulent conduct.

Where, as here, there is no suggestion or credible allegation of misconduct, *see* Def.'s Mot. 2–3 & n.3, courts are unwilling to order disclosure of grand jury transcripts at this stage in the proceedings. Thus, Laffitte's request for grand jury transcripts is nothing more than a "fishing expedition" to challenge the sufficiency of the evidence presented to the grand jury. *Nguyen*, 314 F. Supp. 2d at 614. For generations, courts have declined the invitation to review the sufficiency of evidence presented to a grand jury.[2] *United States v. Wills*, 346 F.3d 476, 488–89 (4th Cir.

---

[2] Absent a showing of governmental misconduct, courts have been consistently reluctant to entertain motions to impeach an indictment based upon evidence presented to a grand jury. In *Midland Asphalt Corp. v. United States*, the Court observed that "[o]nly a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not be tried." 489 U.S. 794, 802 (1989). Furthermore, in *Bank of Nova Scotia v. United States*, the Court declined to hear "a challenge to the reliability or competence of the evidence presented to the grand jury the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment." 487 U.S. 250, 261 (1988).

2003); *see also Costello v. United States*, 350 U.S. 359, 363 (1956); *see also United States v. Kennedy*, 564 F.2d 1329, 1338 (9th Cir. 1977) ("We believe that the rule . . . [is] that only in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should we dismiss an otherwise valid indictment returned by an apparently unbiased grand jury. To hold otherwise would allow a minitrial as to each presented indictment contrary to the teachings of Mr. Justice Blackmun in *Costello* . . . ." (citing *Costello*, 350 U.S. at 363–64)). As one district court within the Fourth Circuit has explained, Rule 6(e)(3)(E)(ii) "is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." *Nguyen*, 314 F. Supp. 2d at 614 (footnote omitted).

Needless to say, a single, subsequently discovered inaccuracy in the Indictments that stemmed from Laffitte's own misrepresentations to the probate court—made in furtherance of the very scheme to defraud with which Laffitte is charged in the Indictments—does not constitute "particularized and factually based grounds . . . to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *Loc Tien Nguyen*, 314 F. Supp. 2d at 616. Therefore, Laffitte cannot meet his "heavy burden" to justify the disclosure of grand jury transcripts at this stage in the proceedings.[3]

To be sure, Laffitte may receive the grand jury transcripts in this matter if and when he becomes entitled to them. The Jencks Act, 18 U.S.C. § 3500, contemplates disclosure of grand

---

[3] Laffitte cites *Dennis v. United States*, 384 U.S. 855, 870 (1966), in support of his motion. However, *Dennis* involved a defendant's motion for disclosure of grand jury transcripts of four testifying witnesses, made during the course of his trial after the direct examinations of the testifying witnesses. Here, the parties are in pre-trial litigation. The Government has not yet identified its trial witnesses. Therefore, *Dennis* does not apply.

jury testimony, and it establishes the timeframe for such production. *See id.* § 3500(b), (e)(3). The Fourth Circuit Court of Appeals has explained that, in light of the plain language of the Jencks Act, *id.* § 3500(a), a "district court may not require the government to produce Jencks Act material relating to one of its witnesses until *after* the witness has testified." *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994) (emphasis in original). Here, no trial date has been set in this case, and the parties are merely engaged in pre-trial motions practice. Accordingly, the Government has not yet identified the evidence and witnesses upon which it will rely at trial. The Government is not committed to calling any specific witness at trial—let alone a witness who has appeared before the grand jury—and Laffitte cannot now impose or impute upon the Government his vision of the forthcoming trial for purposes of seeking premature discovery to which he is not entitled. If and when the FBI agent who testified before the grand jury testifies at trial, the Government will produce the grand jury transcript in accordance with its obligations under the Jencks Act.

8

**Conclusion**

As fully set forth above, Rule 6(e)(3)(E)(i) does not provide a mechanism through which Laffitte may request that the Court authorize the release of grand jury transcripts during the criminal proceedings. Moreover, although neither cited nor relied upon in his motion, Laffitte could not meet his "heavy burden" to establish that he is entitled to the transcripts under Rule 6(e)(3)(E)(ii). Therefore, this Court should deny his motion.

                              ADAIR F. BOROUGHS
                              UNITED STATES ATTORNEY

                   By: s/ *Emily Limehouse*
                       Emily Evans Limehouse (Federal ID #12300)
                       Winston D. Holliday, Jr. (Federal ID #7597)
                       Assistant United States Attorney
                       151 Meeting Street, Suite 200
                       Charleston, South Carolina, 29402
                       (843) 266-1663
                       Emily.Limehouse@usdoj.gov

September 11, 2022