IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Case No. 9:22-cr-00658-RMG |
| v. | |
| Russell Lucius Laffitte, | |
| Defendant. | |

**DEFENDANT'S MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT**

After acknowledging the Indictment (ECF No. 2) and the First Superseding Indictment (ECF No. 25) contained factual errors, the Government represented to this Court that it would be re-presenting the indictment to the Grand Jury to correct only paragraph 8(r). Yet when the Grand Jury issued its third indictment in this case, more than 16 paragraphs were changed. (*See* **Exhibit 1**, Redline of First and Second Superseding Indictments.) Not only are the edits substantive and impact Mr. Laffitte's ability to present a defense, but they exceed the changes to the single paragraph the Government told the Court it would be amending.

The Government has exceeded its authority in amending the indictment in this fashion. It has not only misled the Court and Mr. Laffitte, but it has also made improper substantive changes to the indictment. At this point, its continued re-presentation of this case and the improper evidence provided by the Government has tainted the Grand Jury. As a result, Mr. Laffitte moves to dismiss the Second Superseding Indictment with prejudice.

**Factual and Procedural Background**

A.  **Indictment and Superseding Indictment**

On July 19, 2022, a federal grand jury returned a five-count Indictment charging Mr. Laffitte with Conspiracy to Commit Wire Fraud and Bank Fraud in violation of 18 U.S.C. § 1349

(Count 1); Bank Fraud in violation of 18 U.S.C. § 1344(2) (Count 2); Wire Fraud in violation of 18 U.S.C. § 1343 (Count 3); and two counts of Misapplication of Bank Funds in violation of 18 U.S.C. § 656 (Counts 4 and 5). He was arraigned on July 27, 2022.

On August 16, 2022, the grand jury returned a six-count Superseding Indictment against Mr. Laffitte. According to the Government, the Superseding Indictment supplemented conduct to the scheme and artifice of the Conspiracy to Commit Wire Fraud and Bank Fraud charge (Count 1) and added another count for Misapplication of Bank Funds in violation of 18 U.S.C. § 656 (Count 6). Mr. Laffitte was arraigned on the Superseding Indictment on August 24, 2022.

### B.     Future Inaccuracies in the Indictments

The same day as his arraignment of the Superseding Indictment, the Government confirmed to Mr. Laffitte's counsel that "a portion of the [superseding] indictment is inaccurate," (*see* Superseding Indictment ¶ 8(r), ECF No. 25), and that the Government would notify Mr. Laffitte's counsel "if [the Government] learn[ed] of any other inaccuracies with the Superseding Indictment." (ECF No. 48-1.) Paragraph 8, subparagraph "r" of the superseding indictment alleges that Mr. Laffitte "signed documents to close out the conservatorships" of victims H.P.Y. and N.T. and "represent[ed] that H.P.Y. and N.T. were eighteen years old." (ECF No. 25 at 9.) The Government alleged in the Superseding Indictment that N.T. was "only fifteen years old" at the time. As it turns out, however, the Government has confirmed that N.T. was actually 18 years old then, so the Superseding Indictment was wrong.[1] (ECF No. 48-1.)

### C.     The Second Superseding Indictment

In that same email, the Government confirmed with Mr. Laffitte's counsel that it planned to "re-present" the indictment to the grand jury to fix the error. (*Id*.) Almost a month later, the

---

[1] The same factual error is in paragraph "q" of the original indictment. (ECF No. 2 at 9.)

2

Government re-presented the indictment to the Grand Jury, now for the third time in this case, and the Grand Jury returned a six-count Second Superseding Indictment on September 20, 2012 (ECF No. 61).  Arraignment was held on the Second Superseding Indictment on September 23, 2022.

In a hearing on September 12, 2022, just a week before the indictment was again presented to the Grand Jury, the Government represented to the Court that it would be re-presenting the indictment to the Grand Jury to correct only paragraph 8(r).  The Government was very clear in that hearing that it would only be amending this one paragraph.  Yet the Second Superseding Indictment includes more than 16 paragraphs with edits, most of them substantive.  (*See* Exhibit 1, Redline Comparison.)

**Argument**

**I.     The Government has exceeded its authority by its excessive edits in the Second Superseding Indictment.**

A criminal defendant has a constitutional right to be held to answer only on an indictment of a grand jury.  U.S. Const. Amend. V.  The presentation of an indictment is not just a mere formality:  "When the framers of the Bill of Rights directed in the Fifth Amendment that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,' they were not engaging in a mere verbal exercise." *United States v. Estepa*, 471 F.2d 1132, 1136 (2d Cir. 1972).  The importance of the factual allegations in the indictment being accurate cannot be overstated.  As the Fourth Circuit has admonished its prosecutors before:

> A defective indictment might come from a well-ordered office, inexcusable carelessness in offices of District Attorneys is suggested by the frequency with which this court is required to consider questions of possible prejudice to defendants arising out of unexplainable defects in indictments. Such carelessness can save but little of the time of the District Attorney in the preparation of indictments, but its consequence requires the needless expenditure

3

> of much time and effort by him, by defendants and their counsel and by the courts. Here, as in most situations, much waste could be avoided by an initial exercise of reasonable care.

*United States v. Roberts*, 296 F.2d 198, 202 (4th Cir. 1961).

Prosecutors must take great care in drafting indictments, just as they must carefully amend them. And amendments are not pursued on a whim. Although "inconsequential modifications" are permitted, *United States v. Bledsoe*, 898 F.2d 430 (4th Cir.1990), substantive amendments must garner greater scrutiny as the overarching purpose of the indictment is undermined by failing to properly advise defendants of the charges against them, *United States v. Treadway*, 748 F. Supp. 396, 401 (W.D.N.C. 1990).

The Government has exceeded its authority in seeking this Second Superseding Indictment, not only because of its representation to the Court, but because of the breadth of the substantive changes sought. Though some paragraphs may change only a word or two, those changes directly impact Mr. Laffitte's ability to present a defense in this case. For example, the Government expanded the scope of the charges against Mr. Laffitte by calling into question more transactions in which he was allegedly involved. In paragraph 8(c), the Government has increased both the number of unsecured loans and the amounts allegedly extended to the unindicted "Bank Customer." And in three places, the Government has expanded those it now alleges are victims by listing both the Estate of D.B. "and/or the Estate's beneficiaries." (*Id*. ¶ 12(c), 14, 16.)

Yet at the same time the Government is expanding its case against Mr. Laffitte in an effort to hamper his ability to prepare a defense, the Government is simultaneously backing away from some of its claims. For example, the Government had previously claimed that the unindicted Bank Customer was overdrawn on his accounts and that "each time" Mr. Laffitte transferred funds from H.P.'s conservatorship account when making loans. (*Id*. ¶ 8(d).) Now, the Government only

4

alleges that over-drafting occurred "often" and that Mr. Laffitte made "loans" to the bank's customer to cover such deficits. (*Id.*) The Government also now claims that monetary disbursements were made at the unindicted Bank Customer's "request," not his "demand" as previously alleged. (*Id.* ¶ 8(i).)[2]

In three places, the Government has changed Mr. Laffitte's role from personal representative to conservator, or vice versa. (2d Superseding Indictment ¶ 6, 8(j)(ix).) These edits are more than just mere monikers used for ease of reference. They are legal terms. They have different meanings and impose differing obligations under the South Carolina Probate Code. As the Grand Jury's legal advisor, the Government's failure to properly guide the grand jury through the legal ramifications of these differing roles confirms its lack of diligence when its case agent presented the alleged evidence to the Grand Jury. *United States v. Peralta*, 763 F. Supp. 14, 19 (S.D.N.Y. 1991) (dismissing indictment for legal advisor's misstatement of applicable law to grand jury).

The Government's substantive changes that come 48 days before trial is scheduled to begin far exceed the "[c]orrection of a typographical error which goes to form rather than the substance of the indictment," as was permissible in *United States v. Morrow*, 925 F.2d 779, 781 (4th Cir. 1991) (citing *United States v. Neff*, 525 F.2d 361, 363 (8th Cir. 1975)). These changes are substantive because they impact Mr. Laffitte's ability to adequately prepare his defense.

---

[2] As Mr. Laffitte has previously noted in his Motion for Production of Grand Jury Transcripts (ECF No. 48), in conspiracy cases, specific wording and phrasing can be key because "the question of guilt or innocence may turn on exactly what was said [and] the defense is clearly entitled to all relevant aid which is reasonably available to ascertain the precise substance of these statements." *Dennis v. United States*, 384 U.S. 855, 872–73 (1966).

5

**II.   The Court should preclude amendment of the indictment and dismiss the Second Superseding Indictment.**

This is now the third time the Government has presented this case to the Grand Jury. Each time the story the Government's case agent presents changes slightly.[3] From the admitted inaccuracies contained in the first two indictments now to the re-presentation to the Grand Jury and modifications far exceeding the Government's representations to this Court, it is time for the Court to exercise its supervisory authority to dismissing the Second Superseding Indictment. These defects in the grand jury proceedings establish "grave doubt that the decision to indict was free from the substantial influence of the errors." *Peralta*, 763 F. Supp. at 21 (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)).

This motion does not seek dismissal of all the charges against Mr. Laffitte. It merely seeks dismissal of the Second Superseding Indictment for the reasons set forth above.

### Conclusion

The differences in the First and Second Superseding Indictment matter. If the Grand Jury cannot sufficiently rely on its legal advisor to properly state South Carolina probate law as it applies to these charges, how can that same legal advisor hold Mr. Laffitte to account for his own misunderstanding of the probate code. More to the point: How can the Government try him for merely relying on the advice of trusted counsel when navigating the complex and overlapping jurisdictional and procedural requirements applicable to guardians, conservators, and personal representatives under South Carolina law?

If the Government is going to hold Mr. Laffitte accountable for knowing the intricacies of the South Carolina Probate Code, then the Court should hold the Government to the same standard.

---

[3] The Government confirmed with the Court during the recent status conference that its case agent was the only witness before the Grand Jury for the original and first Superseding Indictment.

6

This is especially true in light of the Government's representation that it would not be making changes to the indictment except for one single paragraph. Thus, the Court should exercise its supervisory authority and dismiss the Second Superseding Indictment. For the reasons set forth above, the Court should grant Mr. Laffitte's motion and dismiss the Second Superseding Indictment (ECF No. 61).

        NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ E. Bart Daniel*
    E. Bart Daniel
    Federal Bar No. 403
    E-Mail: bart.daniel@nelsonmullins.com
    Matt Austin
    Federal Bar No. 11435
    E-Mail: matt.austin@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

*Attorneys for Russell Lucius Laffitte*

Charleston, South Carolina

September 26, 2022