IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Case No. 9:22-cr-00658-RMG |
| v. | |
| Russell Lucius Laffitte, | |
| Defendant. | |

### DEFENDANT'S MOTION IN LIMINE TO PRODUCE REPORTS

The Defendant, Russell Lucius Laffitte, by and through his undersigned counsel, hereby moves for the production of all reports and associated documents related to any witnesses in the Government's investigation containing information or allegations of crimes or acts of moral turpitude, including fraud.

In criminal prosecutions, the government must produce "evidence favorable to an accused... where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83, 87 (1963). This obligation also includes evidence that can be used to impeach a government witness. *Giglio v. United States*, 405 U.S. 150, 154-55 (1972). A prosecutor is presumed to know all information gathered by his office in connection with an investigation of the case. *Id*. Further, a prosecutor "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

Under *Brady* the government is obligated to disclose favorable evidence that is considered "material" to the outcome of criminal proceeding. *Brady v. Maryland,* 373 U.S. 83, 87 (1963). The concept of materiality is evidence that leads to reasonable probability of differing result or outcome. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

1

In order to comply with the Due Process Clause of the Fifth Amendment to the United States Constitution, the prosecution must reveal any information it actually or constructively possesses and which information is favorable to the defendants and material to the issue of guilt or punishment or in any way discredits the government's case. *Brady*, 373 U.S. at 87. *See also Miller v. Pate*, 386 U.S. 1 (1967); *Giles v. Maryland*, 386 U.S. 66 (1967). The prosecution must disclose material exculpatory evidence whether the defendant makes a specific request, a general request, or none at all. *United States v. Agurs*, 427 U.S. 97 (1976).

Due process necessitates that all *Brady/Giglio* material evidence should be provided to Mr. Laffitte as soon as possible. To the extent any allegations have been made that any of the Government's witnesses have engaged in crimes of moral turpitude, including fraud, the Government must produce any reports or associated documents to Mr. Laffitte so that he may adequately prepare to defend himself at trial.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ E. Bart Daniel*
E. Bart Daniel
Federal Bar No. 403
E-Mail: bart.daniel@nelsonmullins.com
Matt Austin
Federal Bar No. 11435
E-Mail: matt.austin@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

*Attorneys for Russell Lucius Laffitte*

Charleston, South Carolina

September 26, 2022