IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>**vs.** )<br>)<br>)<br>**RUSSELL LUCIUS LAFFITTE** )<br>) | CRIMINAL NO. 9:22-658 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant Russell Lucius Laffitte ("Laffitte") moves to dismiss the Second Superseding Indictment, alleging the Government has exceeded its authority to supersede at any time prior to a trial on the merits. As fully set forth below, the revisions presented to the grand jury and reflected in the Second Superseding Indictment are examples of decisions regarding what charges to bring before a grand jury. These decisions rest entirely in the Government's discretion, and neither the law nor the circumstances of this case support Laffitte's requested relief. The Court should deny Laffitte's motion.

### I.     Factual Background

On July 19, 2022, a federal grand jury returned a five-count Indictment charging Laffitte with Conspiracy to Commit Wire Fraud and Bank Fraud, in violation of 18 U.S.C. § 1349 (Count 1); Bank Fraud, in violation of 18 U.S.C. § 1344(2) (Count 2); Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 3); and two counts of Misapplication of Bank Funds, in violation of 18 U.S.C. § 656 (Counts 4 and 5). Laffitte was arraigned on the Indictment on July 27, 2022. On August 16, 2022, the same federal grand jury returned a six-count Superseding Indictment against Laffitte. The Superseding Indictment supplemented conduct to the scheme and artifice of the Conspiracy to Commit Wire Fraud and Bank Fraud charge (Count 1) and added an additional count

1

for Misapplication of Bank Funds, in violation of 18 U.S.C. § 656 (Count 6). Laffitte was arraigned on the Superseding Indictment on August 24, 2022.

After presentment of the Superseding Indictment, the Government learned through witness interviews that statements in the Superseding Indictment, which were based on Laffitte's own sworn misrepresentations to the probate court, were inaccurate. As fully set forth in the Indictments, in furtherance of his scheme to defraud, Laffitte was appointed to serve as conservator for the Bank Customer's personal injury clients, including N.T. The Indictments erroneously alleged that when Laffitte signed documents to close out N.T.'s conservatorship, he stated that she was eighteen years old, but she was only fifteen years old at the time. ECF No. 2, at 9, ECF. No. 25, at 9. The statement that N.T. was fifteen at the time was based on false information contained in a probate court petition Laffitte signed to have himself appointed as N.T.'s conservator. *See* Exhibit 1. Laffitte signed the petition twice, swearing to the accuracy of the information contained within it, including N.T.'s age. In fact, Laffitte's sworn declaration was false.[1] *Id.*

Through witness interviews, the Government learned after the Superseding Indictment was returned that the probate court records—which Laffitte signed and verified—misrepresented N.T.'s age. N.T. was, in actuality, over eighteen years old when the conservatorship was closed. The Government also learned that N.T. turned eighteen a mere fifteen days after Laffitte signed the conservatorship petition, which represented that N.T. was fifteen years old. The Government promptly notified Laffitte's counsel of the issue brought on by their client and its intention to re-

---

[1] Notably, Laffitte recently testified during a hearing on his motion for reconsideration of his bond terms, during which he admitted to his sworn misrepresentations to the probate court. *See* Exhibit 2. The factual allegations regarding N.T.'s age, in both the first Indictment and the Superseding Indictment, were based on the misrepresentations in the probate filing. *See* Exhibit 1.

2

present the Superseding Indictment to correct N.T.'s age and to account for Laffitte's misrepresentations to the probate court.

The Government decided to seek return of a Second Superseding Indictment from the grand jury. The Government made the necessary changes based on N.T.'s age. In addition, the Government made various typographical and substantive changes in the Second Superseding Indictment in anticipation of and preparation for trial. Thereafter, the Government presented the Second Superseding Indictment to the same federal grand jury on September 20, 2022. The Second Superseding Indictment does not allege any new counts against Laffitte, and the possible penalties remain the same. Laffitte now argues that the Government has "exceeded its authority" by presenting the Second Superseding Indictment to the grand jury. Def.'s Mot. to Dismiss at 1.[2]

## II.    Argument

Because the Government has authority to supersede at any time prior to a trial on the merits, the Court should deny Laffitte's motion. The Supreme Court has held that if the Government has "probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the Government's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Factors such as "the strength of the case, the prosecutor's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall

---

[2] Laffitte's motion purports to rely, in part, on the Government's supposed representations, both to the Court and to defense counsel, regarding the Second Superseding Indictment. Laffitte's characterizations of the Government's representations are both factually inaccurate and legally irrelevant. Laffitte's understanding, or his counsel's misunderstanding, of the Government's general intentions regarding the Second Superseding Indictment are of no legal consequence. The only question is whether the Government had the authority to make the changes presented in the Second Superseding Indictment. It did. In fact, to have proceeded to trial knowing the Superseding Indictment reflected Laffitte's falsehoods would have ignored the Government's duty to ensure all charging documents are as factually correct as the information it possesses allows.

3

enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Wayte v. United States*, 470 U.S. 598, 607 (1985). "Examining the basis of a prosecution . . . threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." *Id.* As a result, these concerns should make the courts "properly hesitant to examine the decision whether to prosecute." *Id.* Since *Bordenkircher*, courts have broadly held that as long as the prosecutor has probable cause to believe the accused has committed a crime, "the courts have no authority to interfere with a prosecutor's decision to prosecute." *See, e.g.*, *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006) (citing *United States v. Cole*, 755 F.2d 748, 758 (11th Cir. 1985); *United States v. Spence*, 719 F.2d 358, 361 (11th Cir. 1983)).

This principle applies to the decision to supersede. If the Government's charging decision is based on "a legitimate, nonvindictive rationale, such as the discovery of a new witness or a different approach to a case by a new prosecutor," then it may obtain a superseding indictment. *United States v. Chagra*, 669 F.2d 241, 248 (5th Cir. 1982), *overruled on other grounds by Garrett v. United States*, 471 U.S. 773 (1985). The Government has wide authority to supersede "at any time prior to trial on the merits." *United States v. McCullough*, 2011 WL 2559840, at *2 (E.D.N.C. June 28, 2011) (citing *United States v. Edwards*, 777 F.2d 644, 649 (11th Cir. 1985); *United States v. Del Vecchio*, 707 F.2d 1214, 1216 (8th Cir. 1983); *United States v. Herbst*, 565 F.2d 638, 643 (10th Cir. 1977)); *see also United States v. Easterling*, 986 F.2d 1423 (6th Cir. 1993); *United States v. Fisher*, 871 F.2d 444, 452 (3d Cir. 1989). Courts have permitted the Government to supersede on the eve of trial. *See, e.g*, *United States v. Bovie*, 120 F.3d 271, 1997 WL 423114, at *4–5 (10th Cir. 1997) (Table opinion) (affirming the denial of a motion to dismiss a superseding indictment

4

filed two days before trial); *Thomas v. United States*, 2011 WL 6754061, at *10 (M.D. Tenn. Dec. 23, 2011) ("The law is clear that the government has the ability to supersede an indictment at any point before trial," including "on the eve of trial."). And courts within the Fourth Circuit have even permitted the Government to continue a trial to allow the Government to supersede an indictment to bring new charges. *See, e.g.*, *United States v. Loveland*, 2011 WL 4857980, at *1 (W.D.N.C. Sept. 7, 2011); *Merica v. United States*, 2007 WL 4561298, at *3 (W.D. Va. Dec. 21, 2007). The Government acted well within its broad discretion by seeking return of the Second Superseding Indictment, and Laffitte's motion fails to cite to a single case supporting his argument to the contrary.

Instead, Laffitte's motion conflates *superseding* indictments with *amending* indictments after presentment to a grand jury. The cases cited in Laffitte's motion address constructive amendments to an indictment, which arise when either the Government or the court "broadens the possible bases for conviction beyond those presented to the grand jury." *United States v. Sampson*, 140 F.3d 585, 589–90 (4th Cir. 1993). These cases are inapposite to the situation here, where the Government presented a superseding indictment to the grand jury. For example, in *United States v. Morrow*, 925 F.2d 779, 780 (4th Cir. 1991), defense counsel moved to dismiss an indictment charging the defendant with being a felon in possession of a firearm because the evidence introduced at trial showed the serial number of the firearm charged in the indictment differed by one digit from the serial number presented in evidence. The trial judge denied the motion to dismiss, classifying the difference as a typographical error and not a significant variance. *Id.* The Fourth Circuit affirmed the district court's ruling, holding that the "omission of the first digit in a seven digit serial number of a firearm set forth in an indictment does not result in a substantial *amendment* to the indictment or a prejudicial variance in proof when corrected at trial." *Id.* at 781

5

(emphasis added). Similarly, in *United States v. Treadway*, 748 F. Supp. 396, 401 (W.D.N.C. 1990), the Government charged the defendant with a violation of one statute but elected at trial to proceed under a different statute. Neither case addresses the Government's discretion to supersede before trial.

Additionally, the Government has not sought to amend the indictment after presentation of evidence during trial. Rather, the Government presented all changes in the Second Superseding Indictment to the grand jury. While substantive *amendments* to indictments invite scrutiny, no such limitations are imposed on substantive changes presented to grand juries in superseding indictments. The Fourth Circuit has made clear that "only the grand jury may broaden or alter the charges in the indictment," *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999), and that is precisely what happened in this case.

Laffitte's motion also relies on *United States v. Roberts*, 296 F.2d 198, 202 (4th Cir. 1961), in which the Court reviewed an indictment that omitted allegations meeting the statutory definition of one of the essential elements of the crime. But Laffitte does not assert, much less argue, in his motion that the Government has failed to allege facts necessary to meet the essential elements of the crimes charged; therefore, *Roberts* does not apply here. Laffitte also cites a case from the Southern District of New York in which the court dismissed an indictment for failure to properly advise the grand jury of the applicable law and improper reliance on inaccurate hearsay evidence. *United States v. Peralta*, 763 F. Supp. 14, 20 (S.D.N.Y. 1991). Again, any misstatements previously presented to the grand jury were in reliance on Laffitte's own prior misrepresentations to the probate court under oath. The fact that Laffitte now asks this Court to dismiss the charges against him on this ground is ironic and illogical. Nevertheless, the Government promptly

6

corrected the record by presenting the Second Superseding Indictment to the same grand jury. Thus, *Peralta* is distinguishable and provides no basis to grant Laffitte's requested relief.

Finally, Laffitte claims that the changes in the Second Superseding Indictment impair his ability to present a defense, yet he fails to explain how. The Government did not add new charges to the Second Superseding Indictment, although that, too, would be permitted any time before trial. Although there were several substantive changes and additions, the legal landscape for Laffitte has not changed. Even if Laffitte could establish that the Second Superseding Indictment has impaired his ability to present a defense, the appropriate remedy would be a continuance, not the extraordinary remedy of dismissal. *See, e.g.*, *Bovie*, 1997 WL 423114, at *6 (holding that where a superseding indictment was returned two days before trial, a continuance "cured any prejudice" the defendant may have incurred). Laffitte has consistently demanded a trial this calendar year. The current trial date is the result of a joint request by the parties to schedule the trial for the weeks of November 7 and November 14, a request that the Court accommodated in light of Laffitte's right to a speedy trial.

The Government had the authority to present the Second Superseding Indictment to the grand jury to correct statements previously made in reliance on Laffitte's own sworn misrepresentations. And after Laffitte's misrepresentations necessitated presentment of a Second Superseding Indictment, the Government's decision to include additional revisions was well within its discretion.

7

### III.  Conclusion

The Government had the authority to present the Second Superseding Indictment to the grand jury, well in advance of the scheduled trial in this case. Therefore, the Court should deny Laffitte's motion to dismiss.

        ADAIR F. BOROUGHS
        UNITED STATES ATTORNEY

    By: s/ *Emily Limehouse*
        Emily Evans Limehouse (Federal ID #12300)
        Winston D. Holliday, Jr. (Federal ID #7597)
        Kathleen Michelle Stoughton (Federal ID #12161)
        Assistant United States Attorneys
        151 Meeting Street, Suite 200
        Charleston, South Carolina, 29402
        (843) 266-1663
        Emily.Limehouse@usdoj.gov

October 2, 2022