UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Case No. 9:22-cr-00658-RMG |
| ) | |
| Russell Lucius Laffitte, ) | **ORDER** |
| ) | |
| Defendant. ) | |

This matter comes before the Court on Defendant's motion to dismiss the Second Superseding Indictment. (Dkt. No. 73). For the reasons set forth below, the Court denies Defendant's motion.

**Factual Background**

On July 19, 2022, a federal grand jury returned a five-count Indictment charging Defendant with Conspiracy to Commit Wire Fraud and Bank Fraud, in violation of 18 U.S.C. § 1349 (Count 1); Bank Fraud, in violation of 18 U.S.C. § 1344(2) (Count 2); Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 3); and two counts of Misapplication of Bank Funds, in violation of 18 U.S.C. § 656 (Counts 4 and 5). Defendant was arraigned on the Indictment on July 27, 2022. On August 16, 2022, the same federal grand jury returned a six-count Superseding Indictment against Defendant. The Superseding Indictment supplemented conduct to the scheme and artifice of the Conspiracy to Commit Wire Fraud and Bank Fraud charge (Count 1) and added an additional count for Misapplication of Bank Funds, in violation of 18 U.S.C. § 656 (Count 6). Defendant was arraigned on the Superseding Indictment on August 24, 2022.

1

Subsequently, the Government learned that certain statements in the Superseding Indictment were inaccurate. As the Government explains, these inaccuracies were based on Defendant's own sworn misrepresentations to a probate court:

> After presentment of the Superseding Indictment, the Government learned through witness interviews that statements in the Superseding Indictment, which were based on Laffitte's own sworn misrepresentations to the probate court, were inaccurate. As fully set forth in the Indictments, in furtherance of his scheme to defraud, Laffitte was appointed to serve as conservator for the Bank Customer's personal injury clients, including N.T. The Indictments erroneously alleged that when Laffitte signed documents to close out N.T.'s conservatorship, he stated that she was eighteen years old, but she was only fifteen years old at the time. ECF No. 2, at 9, ECF. No. 25, at 9. The statement that N.T. was fifteen at the time was based on false information contained in a probate court petition Laffitte signed to have himself appointed as N.T.'s conservator. See Exhibit 1. Laffitte signed the petition twice, swearing to the accuracy of the information contained within it, including N.T.'s age. In fact, Laffitte's sworn declaration was false. *Id.*
>
> Through witness interviews, the Government learned after the Superseding Indictment was returned that the probate court records—which Laffitte signed and verified—misrepresented N.T.'s age. N.T. was, in actuality, over eighteen years old when the conservatorship was closed. The Government also learned that N.T. turned eighteen a mere fifteen days after Laffitte signed the conservatorship petition, which represented that N.T. was fifteen years old. The Government promptly notified Laffitte's counsel of the issue brought on by their client and its intention to re-present the Superseding Indictment to correct N.T.'s age and to account for Laffitte's misrepresentations to the probate court.

(Dkt. No. 78 at 2-3) (footnote omitted).

On September 20, 2022, the Government presented the Second Superseding Indictment to the same federal grand jury. Defendant was arranged on the Second Superseding Indictment on September 23, 2022.

On September 26, 2022, Defendant moved to dismiss the Second Superseding Indictment. (Dkt. No. 73). The Government opposes. (Dkt. No. 78).

Defendant's motion is fully briefed and ripe for disposition.

## Legal Standard

2

As a preliminary matter, if the government has "probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [its] discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978). Factors such as "the strength of the case, the prosecutor's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Wayte v. United States,* 470 U.S. 598, 607 (1985). "Examining the basis of a prosecution ... threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." *Id.* As a result, these concerns should make the courts "properly hesitant to examine the decision whether to prosecute." *Id.*

Furthermore, the Government may obtain a superseding indictment against a defendant at any time prior to trial on the merits. *United States v. Edwards,* 717 F.2d 644, 649 (11th Cir.1985); *United States v. Del Vecchio,* 707 F.2d 1214, 1216 (8th Cir.1983); *United States v. Herbst,* 565 F.2d 638, 643 (10th Cir.1977). In other words, if the Government's charging decision is based on "a legitimate, nonvindicative rationale, such as the discovery of a new witness or a different approach to a case by a new prosecutor," then it may obtain a superseding indictment. *United States v. Chagra,* 669 F.2d 241, 248 (5th Cir.1982), *overruled on other grounds by Garrett v. United States,* 471 U.S. 773 (1985).

## Analysis

The Second Superseding indictment corrects N.T.'s age—corrections necessitated by allegedly false sworn statements submitted by Defendant to the probate court. (Dkt. No. 78 at 2-

3); (Dkt. No. 78-1 at 1-3) (copy of probate document containing allegedly false information submitted by Defendant).  The Second Superseding Indictment does not allege any new counts against Defendant but does contain some new substantive allegations against Defendant. *See* (Dkt. No. 73-1 at ¶ 12, 14, 16) (adding allegations that Defendant's victims include both the Estate of D.B. "*and/or the Estate's beneficiaries*") (emphasis added); (*Id.* ¶ 8(c)) (calling into question two additional transactions with which Defendant was allegedly involved).  The Government also changed Defendant's role from personal representative to conservator, or vice versa, at two points in the Second Superseding Indictments. (*Id.* ¶¶ 6, 8(j)(ix)).

Defendant argues the above changes are wide in breadth and "impact [his] ability to adequately prepare his defense" and thus justify dismissal. (Dkt. No. 73 at 4-5).  Defendant, however, provides no substantive detail as to how said changes concretely impair his ability to prepare his defense.

The Court denies Defendant's motion.  The Government was within its right to file the Second Superseding Indictment. As noted above, "the Government may obtain a superseding indictment against a defendant at any time prior to trial on the merits." *See, e.g.*, *United States v. McCullough*, No. 5:10-CR-223-1F, 2011 WL 2559840, at *2 (E.D.N.C. June 28, 2011); *Thomas v. United States*, 2011 WL 6754061, at *10 (M.D. Tenn. Dec. 23, 2011) ("The law is clear that the government has the ability to supersede an indictment at any point before trial," including "on the eve of trial.").  To the extent Defendant argues the Second Superseding Indictment somehow impairs his ability to present a defense—an argument not supported by any detail in his motion—the proper remedy would be a continuance, not the extraordinary remedy of dismissal. *See United States v. Bovie*, 120 F.3d 271 (10th Cir. 1997) (table) (holding that where a superseding indictment was returned two days before trial including additional charges, a continuance "cured any

4

prejudice" the defendant may have incurred). As the Government points out, Defendant often relies on cases concerning amending indictments *after* presentment to a grand jury, cases inapplicable here. *See, e.g.*, *United States v. Treadway*, 748 F. Supp. 396, 401 (W.D.N.C. 1990) (granting motion for judgment of acquittal where government charged the defendant with a violation of one statute but elected at trial to proceed under a different statute); *United States v. Roberts*, 296 F.2d 198, 202 (4th Cir. 1961) (reviewing an indictment that omitted allegations meeting the statutory definition of one of the essential elements of the crime); *see also United States v. Peralta*, 763 F. Supp. 14, 20 (S.D.N.Y. 1991) (dismissing indictment for failure to properly advise the grand jury of the applicable law and improper reliance on inaccurate hearsay evidence); (Dkt. No. 78 at 6) (noting "any misstatements previously presented to the grand jury were in reliance on [Defendant]'s own prior misrepresentations to the probate court under oath"). At bottom, Defendant's cited cases are inapposite to the instant factual context and do not support dismissal.

## Conclusion

For the reasons stated above, Defendant's motion to dismiss the Second Superseding Indictment is **DENIED** (Dkt. No. 73).

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 12, 2022
Charleston, South Carolina