IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Case No. 9:22-cr-00658-RMG |
| v. | |
| Russell Lucius Laffitte, | |
| Defendant. | |

**Defendant's Motion to Seal**

In a hearing on October 6, 2022, the Court directed the parties to confer about the applicability of the attorney-client privilege to a November 3, 2021 audio recording, a transcript of that recording, a November 2, 2021 email chain and check, and Defendant's response to the letter brief submitted by Palmetto State Bank requesting the Court prohibit disclosure of this evidence. The Court directed the Bank to provide a letter brief about the privilege issue and for Defendant to response, suggesting that the allegedly privileged documents would be filed under seal for *in camera* review by the Court. Although Defendant disputes that this evidence is protected by the attorney-client privilege, he files this motion to seal out of an abundance of caution. Thus, Defendant moves to file the documents set forth below under seal. *See* Fed. R. Civ. P. 5.2(e)(1), Local Crim. R. 49.01 (D.S.C.), and the Standing Order Regarding Sealing Documents in Criminal Matters, ECF No. 1, No. 3:14-mc-00333-TLW (Oct. 28, 2014).

The grounds for this motion are:

1. On July 19, 2022, a federal grand jury returned a five-count Indictment against Mr. Laffitte, charging him with (1) conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349 (Count 1); (2) bank fraud, in violation of 18 U.S.C. § 1344(2) (Count 2); wire fraud, in violation of 18 U.S.C. § 1343 (Count 3); and two counts of misapplication of bank funds, in

violation of 18 U.S.C. § 656 (Counts 4 and 5).  The grand jury then returned a six-count Superseding Indictment against Mr. Laffitte that added another count for the misapplication of bank funds in violation of 18 U.S.C. § 656 (Count 6).

2. Defendant addresses the factors governing sealing of documents reflected in *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *In re Knight Publishing Co.*, 743 F.2d 231, 235–36 (4th Cir. 1984)) as follows:

a. Public notice of this request to seal and to allow interested parties a reasonable opportunity to object will be provided by the Clerk of Court under the requirements set forth in Local Crim. R. 49.01 (D.S.C.).  That said, there would appear to be no public interest in publicly disclosing the contents of any allegedly privileged conversation at issue here before trial.

b. There is no less drastic alternative to sealing this information for *in camera* review because any applicable privilege or protection could be lost or waived by disclosure prior to the Court's determination that the materials should be produced under a protective order. Moreover, this request is narrowly tailored to only affect those documents to which a privilege or protection may apply, leaving the remaining evidence and trial of this matter unsealed.

c. Granting the request to seal is appropriate because it would permit *in camera* review of the allegedly protected material so the Court can appropriately rule on the Bank's request in its letter brief.  Because the evidence is not privileged—as Defendant argues in his response brief—the evidence may be unsealed at the appropriate time after the Court's review.

3. As required by Local Crim. Rule 49.01(B)(2), this motion is accompanied by

a. **Exhibit 1**: the non-confidential descriptive index, which identifies the documents proposed to be filed under seal as exhibits A through E;

  b.  **Exhibit 2**: counsel's certification of compliance with Local Crim. R. 49.01 (D.S.C.); and

  c.  The unredacted documents Defendant requests that the Court review *in camera*. The written materials are provided only to the Court through its ECF email address, with the audio being hand-delivered to the Court in a sealed envelope. Given the potential privilege applicable to the evidence, Defendant does not provide these filings and evidence to the Government or counsel for the Bank unless and until the Court so directs.

## Conclusion

Therefore, having complied with the requirements of Local Crim. R. 49.01(B)(2)(a) (D.S.C.) and the Standing Order Regarding Sealing Documents in Criminal Matters, ECF No. 1, No. 3:14-mc-00333-TLW (Oct. 28, 2014), Defendant respectfully requests that the Court grant its motion to seal.

        NELSON MULLINS RILEY & SCARBOROUGH LLP

        By: */s/ E. Bart Daniel*
         E. Bart Daniel, Federal Bar No. 403
         E-Mail: bart.daniel@nelsonmullins.com
         Matt Austin, Federal Bar No. 11435
         E-Mail: matt.austin@nelsonmullins.com
         151 Meeting Street / Sixth Floor
         Post Office Box 1806 (29402-1806)
         Charleston, SC  29401-2239
         (843) 853-5200

         Christian J. Myers, Federal Bar No. 13096
         E-mail:  josh.myers@nelsonmullins.com
         Phone: (202) 689-2800
         101 Constitution Avenue NW, Suite 9000
         Washington, DC 20001

        *Attorneys for Russell Lucius Laffitte*

Charleston, South Carolina
October 18, 2022