IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL NO. 9:22-658-RMG |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **RUSSELL LUCIUS LAFFITTE** | ) | |
| | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IMPROPER
NULLIFICATION EVIDENCE**

The United States of America, by and through the undersigned counsel, respectfully moves this Court for a pretrial ruling prohibiting the Defendant, Russell Lucius Laffitte, from introducing evidence or making argument offered for the purpose of jury nullification. The United States anticipates Laffitte may seek to argue that he should be acquitted because others are more worthy of criminal prosecution. The United States seeks a pretrial ruling because any reference to such potential nullification evidence during *voir dire*, opening, trial, or closing could result in prejudice that cannot be rectified, even if the Court were to sustain the Government's timely objection.

**I.     Background**

Laffitte is a former bank executive. He is charged with conspiring with a bank customer, Alex Murdaugh, to defraud Murdaugh's personal injury clients of nearly two million dollars and with misapplying bank funds by both extending "sham" loans to Murdaugh and paying Murdaugh's law firm without advance notice or approval. On September 20, 2022, the grand jury returned a Second Superseding Indictment charging Laffitte with Conspiracy to Commit Wire Fraud and Bank Fraud, Bank Fraud, Wire Fraud, and three counts of Misapplication of Bank Funds.

At a bond reconsideration hearing on September 6, 2022, the defense argued, "These crimes are Alex Murdaugh crimes." Bond Reconsideration Hr'g Trans. 111:20. Defense counsel continued:

> Alex Murdaugh stole all this money. He stole from his own client. He fooled everybody. He fooled every member of that Parker law firm, Johnnie Parker's law firm, got fooled and victimized. He fooled the people – the sophisticated bankers of Bank of America, one of the largest institutions in the world. He fooled them and victimized them. He fooled individuals. He fooled clients. He was a fraud. But at the time no one knew that. Russell Laffitte never stole one red cent.

*Id.* at 111:21–112:4. Trial is scheduled to begin on Tuesday, November 8. Defense counsel should not be permitted to make similar arguments regarding Laffitte's unindicted coconspirator during the trial.

## II.    Potential nullification evidence is immaterial, irrelevant, and unduly prejudicial.

Defense counsel's argument that the charged crimes were committed by Murdaugh, not by Laffitte, indicates a strategy by the defense to argue that Laffitte should be acquitted because Murdaugh is more culpable than he is. Such an argument would be irrelevant and unfairly prejudicial. It should be excluded because it would steer the jury toward nullification. *See United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) (explaining trial court should prevent defense counsel from presenting nullification arguments to the jury); *United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (affirming trial court's grant of government's motion in limine to exclude jury nullification arguments); *see also United States v. Young*, 470 U.S. 1, 7–10 (1985) (holding that court has duty to prevent counsel from making improper arguments to the jury, including those that are designed to divert the jury from its duty to decide the case on the facts and the law).[1]

---

[1] *See also United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("[N]either the court nor counsel should encourage jurors to exercise [nullification] power. A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.") (citations omitted); *United States v. Avery*, 717 F.2d 1020, 1027 (6th Cir. 1983) (affirming district court's

A jury is entitled to acquit a defendant on any ground, but "a defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence." *Muse*, 83 F.3d at 677. So although "a jury has the power of nullification . . . defense counsel is not entitled to urge the jury to exercise this power." *Id.* Nullification evidence is immaterial to the charged offenses and would serve only to inappropriately distract the jury from following the Court's instructions. *See United States v. Summers*, 630 F. App'x 189, 192 (4th Cir. 2015) (unpublished) ("An unreasonable jury verdict is lawless, and the defendant has no right to invite the jury to act lawlessly." (internal alterations omitted)). Such evidence is irrelevant and unduly prejudicial, and Laffitte should be prohibited from attempting to confuse the jury with appeals based on emotion, sympathy, or other similar consideration.

It is well established that the prohibition on jury nullification applies to claims of selective prosecution. Evidence bearing on the Government's decision to prosecute is "extraneous and collateral" and, thus, properly excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *see also United States v. Bryant*, 5 F.3d 474, 475–76 (10th Cir. 1993) (affirming prohibition on cross-examination concerning how a particular defendant came to be federally charged); *United States v. Schmidt*, 935 F.2d 1440, 1449–50 (4th Cir. 1991), *abrogated on other grounds by United States v. Delfino*, 510 F.3d 468 (4th Cir. 2007) (upholding refusal to give a requested instruction on selective prosecution); *United States v. Berrigan*, 482 F.2d 171, 174–76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution");

---

refusal to encourage jury to consider anything other than the facts and law); *United States v. Burkhart*, 501 F.2d 993, 996–97 (6th Cir. 1974) (holding court should instruct the jury to ignore everything but the facts and the law); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) (holding a district court has a duty to try to ensure the jury reaches a verdict based upon the evidence and the law).

*United States v. Finley*, 708 F. Supp. 906, 913–14 (N.D. Ill. 1989) (granting motion in limine to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation"); *United States v. Katz*, No. 92-cr-94, 1992 WL 137174, at *5 (N.D. Ill. June 15, 1992) ("[T]he government is right in attempting to preclude any argument by [defendant] before the jury that the government's conduct in investigating and prosecuting this case is outrageous."); *see also United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit that has considered the issue has held that the issue is not a jury question).

When a defendant complains that the Government decided to prosecute him and not others, but the Government has acted in a lawful and indiscriminatory way, the argument that he was selectively prosecuted should be soundly rejected. *United States v. Passaro*, 577 F.3d 207, 219 (4th Cir. 2009) (recognizing that defendants "commonly complain that other persons are more worthy of criminal prosecution," but the decision to prosecute is left to the discretion of the Government). The Court should therefore prohibit any argument or evidence from Laffitte suggesting that he was singled out for prosecution.

### III.    Conclusion

The Government respectfully requests the Court prohibit Laffitte from offering evidence or argument suggesting that he should be acquitted because others are more worthy of criminal prosecution. Evidence bearing on the Government's decision to prosecute is "extraneous and collateral" and therefore properly excluded from trial.

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: s/ *Emily Evans Limehouse*
     Kathleen Michelle Stoughton (Federal ID #12161)
     Emily Evans Limehouse (Federal ID #12300)
     Winston D. Holliday, Jr. (Federal ID #7597)
     Assistant United States Attorney
     151 Meeting Street, Suite 200
     Charleston, South Carolina, 29402
     (843) 266-1663
     Emily.Limehouse@usdoj.gov

October 21, 2022