IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | CRIMINAL NO. 9:22-658-RMG |
| ) | |
| **vs.** ) | |
| ) | |
| ) | |
| **RUSSELL LUCIUS LAFFITTE** ) | |
| ) | |

### GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IMPROPER "GOOD CHARACTER" EVIDENCE

The United States of America, by and through the undersigned counsel, respectfully moves this Court for a pretrial ruling prohibiting the Defendant, Russell Lucius Laffitte, from offering, soliciting, or referring to irrelevant, immaterial, and unfairly prejudicial "good character" evidence. The United States anticipates Laffitte may seek to admit improper "good character" evidence to suggest he should be excused from criminal liability. Specifically, Laffitte may seek to admit evidence that he is or has been a good banker, conservator, or personal representative or a respected member of the community; evidence that he did not commit acts of fraud or misapply bank funds on other particular occasions; and/or evidence of his lack of criminal history. The United States seeks a pretrial ruling excluding this evidence because reference to it during *voir dire*, opening, trial, or closing could result in prejudice that cannot be rectified, even if the Court were to sustain the Government's timely objection.

I.  **Background**

Laffitte is a former bank executive. He is charged with conspiring with a bank customer, Alex Murdaugh, to defraud Murdaugh's personal injury clients of nearly two million dollars and with misapplying bank funds by both extending "sham" loans to Murdaugh and paying

Murdaugh's law firm without advance notice or approval. On September 20, 2022, the grand jury returned a Second Superseding Indictment charging Laffitte with Conspiracy to Commit Wire Fraud and Bank Fraud, Bank Fraud, Wire Fraud, and three counts of Misapplication of Bank Funds. The charges and elements are:

- Conspiracy to Commit Wire Fraud and Bank Fraud (18 U.S.C. § 1349): (1) two or more persons agreed to commit wire fraud and bank fraud; and (2) at some time during the conspiracy, the defendant had knowledge of the criminal objective of the agreement and willfully joined the conspiracy with the intent to further its unlawful purpose.

- Bank Fraud and Aiding and Abetting Bank Fraud (18 U.S.C. §§ 1344(2) & 2): (1) the defendant knowingly executed a scheme or artifice to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody of, a financial institution by false or fraudulent pretenses, representations, or promises; (2) the defendant did so with intent to defraud; and (3) the financial institution was then federally insured.

- Wire Fraud and Aiding and Abetting Bank Fraud (18 U.S.C. §§ 1343 & 2): (1) the defendant devised or intended to devise a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations, or promises that were material; and (2) for the purpose of executing the scheme, the defendant transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce any writings, signs, signals, pictures, or sounds.

- Misapplication of Bank Funds and Aiding and Abetting Misapplication of Bank Funds (18 U.S.C. §§ 656 & 2): (1) the defendant was an officer, agent, or employee of or connected in any capacity with the bank at the time alleged in the indictment; (2) the accounts of the bank were federally insured at the time alleged in the indictment; (3) the defendant embezzled, abstracted, purloined, or misapplied more than $1,000 in funds belonging to, or entrusted to the care of, the bank; (4) the defendant did so willfully; and (5) the defendant did so with the intent to inflict financial injury to the bank or to defraud the bank.

**II.     Evidence of "good character" is inadmissible and should be excluded.**

Laffitte should be prohibited, at any time during the trial, from introducing evidence of specific acts of good character, including, but not limited to, evidence that he is or has been a good

banker, conservator, or personal representative or a respected member of the community; evidence that he did not commit similar acts of fraud or misapply bank funds on other particular occasions; and evidence of his lack of criminal history. Such evidence is inadmissible under Federal Rules of Evidence 403, 404, and 405.

> **A. Evidence of the Defendant's prior good acts and lack of criminal history is inadmissible under Rule 403 because any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.**

Federal Rule of Evidence 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The term "unfair prejudice" usually refers to evidence that invites the jury to render a verdict on an improper emotional basis. *See* Fed. R. Evid. 403 advisory committee notes ("'Unfair Prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

"[P]roof of an assertion by a negative is inadmissible" under Rule 403. *See United States v. Beverly*, 913 F.2d 337, 353 (7th Cir. 1990). In other words, "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions." *United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990); *accord United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994) (holding defendant's failure to steal "test letters" was not admissible to prove she did not steal letters as charged under Rule 404(b)); *Beverly*, 913 F.2d at 353 (testimony that witness never saw defendant sell cocaine was inadmissible in drug prosecution). Evidence that Laffitte acted lawfully or laudably on other occasions is therefore not relevant to his attempt to prove he acted lawfully on the occasions alleged in the Second Superseding Indictment. *See*

3

*United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990); *United States v. Burke*, 781 F.2d 1234, 1243 (7th Cir. 1985).

To the extent such evidence has any probative value, it is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. If Laffitte is permitted to elicit evidence that he has acted lawfully on occasions not charged in the Second Superseding Indictment, it would distract the jury from the facts and the law of the case before it. Such evidence would suggest that the jury may decide the case on the basis of good or sympathetic feelings toward Laffitte, rather than on the basis of the substantive law governing this case. It should therefore be excluded.

### B. "Good character" evidence is inadmissible under Rules 404 and 405 because it is not pertinent to the charges against Laffitte.

Federal Rule of Evidence 404 generally prohibits the introduction of evidence of a person's character trait to prove that the person acted in conformity with that character trait on a particular occasion. Fed. R. Evid. 404(a). The Rule contains an exception for character evidence relating to criminal defendants. *See* Fed. R. Evid. 404(a)(2)(A). But the exception permits evidence only of a "pertinent" character trait. *Id.* Rule 405(a), in turn, limits evidence of a pertinent character trait to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a); *see United States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988) ("Unless evidence of character is an essential element of a charge, claim or defense, proof of character is limited to general good character (reputation as a good person and law abiding citizen)").

Proof of specific instances of conduct is not permitted under the Rules. *See Gravely*, 840 F.2d at 1164 ("Evidence of specific good acts is not admissible."). And evidence of good conduct is not admissible to negate criminal intent. *See Michelson v. United States*, 335 U.S. 469, 477

4

(1948); *United States v. Russell*, 703 F.2d 1243, 1249 (11th Cir. 1983) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant.").

Evidence offered to prove Laffitte's general good character—such as professionalism, dedication, attention to duty, effectiveness, or service to the community—is not admissible because it is not pertinent to the charges brought against Laffitte. It does not relate to any element of any of the charged offenses, and it does not provide any defense to those charges. Such evidence should therefore be excluded, whether offered through direct or cross-examination.[1] *See, e.g.*, *United States v. Neighbors*, 23 F.3d 306, 310 (10th Cir. 1994) (evidence that defendant was asked to serve on board of substance abuse center excluded in drug trial); *United States v. Santana-Camacho*, 931 F.2d 966, 967–68 (1st Cir. 1991) (evidence of character as good family man and kind person inadmissible because not pertinent to illegal transportation of aliens charge); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (officer's resume and commendations properly excluded as not pertinent to mail fraud charge); *Gravely*, 840 F.2d at 1164 (evidence about defendant's specific activities with March of Dimes inadmissible).

Evidence of Laffitte's lack of criminal history is likewise inadmissible. Testimony regarding the absence of prior bad acts is equivalent to testimony regarding multiple instances of good conduct. Courts have thus broadly held that a defendant may not introduce evidence regarding a lack of criminal history into evidence. *See, e.g.*, *United States v. Candelaria-Silva*, 166 F.3d 19, 35 (1st Cir. 1999) (certificate of a "negative criminal record" not admissible under Rule 405); *United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987) ("[G]eneral evidence of an

---

[1] Alternatively, any character evidence should be limited to reputation or opinion evidence by witnesses as to Laffitte's general good character for law-abidingness; "[p]roof by way of specific past activities or conduct [should] not be permitted." *United States v. Neely*, No. 1:21-cr-30, 2021 WL 5769983, at *2 (W.D. Va. Dec. 6, 2021).

absence of criminal conduct was not probative of appellant's state of mind at the time he committed the crime."); *Gov't of Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985) ("[T]estimony as to an absence of prior arrests does not, standing alone, constitute evidence of good character admissible as such under Rule 405(a)."). Evidence offered to prove Laffitte's general good character—including his lack of criminal history—is inadmissible.

### III.  Conclusion

The Government respectfully requests that this Court prohibit Laffitte from offering, soliciting, or referring to improper "good character" evidence, including, but not limited to, (1) evidence that he is or has been a good banker, conservator, or personal representative or a respected member of the community; (2) evidence that he did not commit acts of fraud or misapply bank funds on other particular occasions; and (3) evidence of his lack of criminal history. Such evidence is inadmissible under Federal Rules of Evidence 403 and 404.

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: s/ *Emily Evans Limehouse*
Kathleen Michelle Stoughton (Federal ID #12161)
Emily Evans Limehouse (Federal ID #12300)
Winston D. Holliday, Jr. (Federal ID #7597)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina, 29402
(843) 266-1663
Emily.Limehouse@usdoj.gov

October 21, 2022