IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Case No. 9:22-cr-00658-RMG |
| v. | |
| Russell Lucius Laffitte, | |
| Defendant. | |

**Defendant's Response to Government's Motion to Compel Evidence
in Support of Advice-of-Counsel Defense**

When acting as a conservator and personal representative, Mr. Laffitte relied on advice from his attorney, Alex Murdaugh, when determining what checks to negotiate, for how much, and for what authorized purposes. Mr. Laffitte will assert an advice-of-counsel defense in this prosecution. That said, Mr. Laffitte's plan to assert that defense does not impose on him an obligation to give the Government notice of the defense or to produce evidence supporting that defense. Mindful of his general discovery obligations, however, Mr. Laffitte has produced—as recently as today—and does intend to produce relevant material to the Government at the appropriate time, but no later than ten days before trial. He asks that the Court, if any order should be entered, only require production by such a deadline.

**Argument**

The Government asks the Court to require Mr. Laffite to do two things: (1) "inform the government as to whether he plans to assert an advice-of-counsel defense," and (2) "to produce any documents and materials in support of that defense by October 28, 2022." Although he disagrees that the Government is entitled to the relief he seeks, he provides notice that he will assert the defense and will produce evidence in his possession that supports the defense.

1

The Federal Rules of Criminal Procedure do not require a defendant to provide notice of an advice-of-counsel defense before trial like other defenses. *See* Fed. R. Crim. P. 12.1 (alibi); 12.2 (insanity); 12.3 (public authority). Court rules, like statutes, are interpreted using the canon of *expressio unius est exclusion alterius*, which means that "expressing one item of [an] associated group or series excludes another left unmentioned." *Nat'l Lab. Rels. Bd. v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017) (alteration in original) (quoting *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80 (2002)). Thus, the Government cannot rely the Federal Rules of Criminal Procedure to require Mr. Laffitte to produce notice and evidence before trial on his advice-of-counsel defense. *See United States v. Mubayyid*, No. CRIM 05-40026-FDS, 2007 WL 1826067, at *3 (D. Mass. June 22, 2007) (declining to make similar a ruling as premature).

On this basis, some courts have refused similar requests made by the Government here. *See United States v. Wilkerson*, 388 F. Supp. 3d 969, 975 (E.D. Tenn. 2019) (finding no good cause to compel defendants to disclose whether they intend to rely on an advice-of-counsel defense pretrial); *United States v. Meredith*, No. 3:12CR-143, 2014 WL 897373 (E.D. Ky. Mar. 6, 2014) (declining to impose pretrial notice and discovery of advice-of-counsel defense because it "would require the defendant to reveal his trial strategy pretrial"). As correctly noted by the Government, courts have also reached the opposite conclusion and required notice and production of materials in support of the defense.

Without waiving his argument that the Government is not entitled to the relief it seeks, Mr. Laffitte has so informed the Government of his plan to assert the defense, rending the first request moot. As for the second request, Mr. Laffitte does not dispute that a court may place on a defendant the burden of producing *some* evidence to establish an advice-of-counsel defense. But that defense is not an affirmative one, so the burden of production in no way means that the Government is

relieved of its ultimate burden of proof beyond a reasonable doubt. The burden to negate the advice of counsel defense remains—exclusively—with the Government. *United States v. Dallmann*, 433 F. Supp. 3d 804, 810 (E.D. Va. 2020) (citing *United States v. Gonzales*, 58 F.3d 506, 512 (10th Cir. 1995)). "Put simply, 'the government must *prove* the element of willfulness, [but] the court may require the defendant to *produce* evidence supporting the advice-of-counsel defense.'" *Id.* (quoting *United States v. Westbrooks*, 780 F.3d 593, 596 (4th Cir. 2015)). Likewise, Mr. Laffitte does not concede that the Government is entitled to such a production well in advance of trial as it has requested.

When courts require a defendant to provide notice or discovery, courts only require such notice or discovery production within a reasonable time-period before trial. For example, in *United States v. Dallmann*, 433 F. Supp. 3d 804, 810 (E.D. Va. 2020), the court only required such production ten days before trial. There is ample evidence in the materials provided to the Government during discovery to establish the existence of the attorney-client relationship between Mr. Laffitte and Murdaugh. This includes the numerous references to Mr. Laffitte as Mr. Murdaugh's client throughout the pleadings filed in state court. *See, e.g.*, *Laffitte v. Bridgestone Corp.*, 381 S.C. 460, 464, 674 S.E.2d 154, 156 (2009) (referring to "Respondent Russell Laffitte."). Given that Mr. Laffitte was provided less than 24 hours to file this brief, however, he cannot catalogue all of the examples in which those involved evidenced the existence of the attorney-client relationship. He has provided sufficient evidence to the Government to date—including with today's production—to have met the low threshold of producing "some evidence" necessary

to meet his burden of production at this early stage. *Dallmann*, 433 F. Supp. 3d at 810 (citing *Powell*, 680 F.3d at 356).[1]

As Mr. Laffitte's counsel has consistently explained, Mr. Laffitte is not seeking trial by ambush. He is aware of his discovery obligations and intends to comply with them. He will produce any evidence in his possession in support of the defense by October 28, 2022.

                    NELSON MULLINS RILEY & SCARBOROUGH LLP

                    By: */s/ E. Bart Daniel*
                        E. Bart Daniel, Federal Bar No. 403
                        E-Mail: bart.daniel@nelsonmullins.com
                        Matt Austin, Federal Bar No. 11435
                        E-Mail: matt.austin@nelsonmullins.com
                        151 Meeting Street / Sixth Floor
                        Post Office Box 1806 (29402-1806)
                        Charleston, SC  29401-2239
                        (843) 853-5200

                        Christian J. Myers, Federal Bar No. 13096
                        E-mail:  josh.myers@nelsonmullins.com
                        Phone: (202) 689-2800
                        101 Constitution Avenue NW, Suite 9000
                        Washington, DC 20001

                    *Attorneys for Russell Lucius Laffitte*

Charleston, South Carolina
October 24, 2022

---

[1] The Government must also understand that not all of Mr. Laffitte's evidence on this issue will be documentary. Testimonial evidence will also weigh on the issue, including potential testimony from attorneys at Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., or even Murdaugh himself. That potential evidence cannot be catalogued or placed into a document production, however.