IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | CRIMINAL. NO. 9:22-cr-00658 |
| | ) | |
| | ) | |
| | ) | |
| **RUSSELL LUCIUS LAFFITTE** | ) | |

## GOVERNMENT'S PROPOSED JURY CHARGES

The United States of America, by and through the undersigned counsel, submits the attached proposed jury instructions for the Court's consideration. The United States respectfully requests the opportunity to propose additional instructions as may be required by evidence introduced at trial.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: s/ *Emily Evans Limehouse*
Kathleen Michelle Stoughton (Federal ID #12161)
Emily Evans Limehouse (Federal ID #12300)
Winston D. Holliday, Jr. (Federal ID #7597)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina, 29402
(843) 266-1663
Emily.Limehouse@usdoj.gov

October 31, 2022

# **Table of Contents**

Preliminary Matters

1. Duties of Jury to Find Facts & Follow Law
2. Publicity During Trial
3. Presumption of Innocence
4. Burden of Proof (Reasonable Doubt)
5. Evidence
6. What Is Not Evidence
7. Direct and Circumstantial Evidence
8. Credibility of Witnesses
9. Impeachment – Inconsistent Statements or Conduct (If Needed)
10. Credibility of Law Enforcement Witnesses
11. Opinion Evidence, Expert Witness
12. Charts and Summaries Received in Evidence
13. Tapes and Transcripts (If Needed)
14. Voluntariness of Statements (If Needed)
15. Other Acts of Defendant (If Needed)
16. Defendant's Testimony
17. False Exculpatory Statements (If Needed)
18. Admissions or Statements by Defendant (If Needed)
19. Multiple Counts
20. Proof May Be Disjunctive
21. On or About
22. Possible Punishment

Charged Criminal Statutes and Definitions

23. Count One – Conspiracy to Commit Wire Fraud and Bank Fraud
24. Count Two – Bank Fraud
25. Count Three – Wire Fraud
26. Counts Four, Five, and Six – Misapplication of Bank Funds
27. Aiding and Abetting
28. Definitions – Intentionally, Knowingly, and Willfully
29. Motive
30. Proof of Knowledge or Intent
31. Willful Blindness (If Needed)

Defenses

32. Good Character (If Needed)

33. Good Faith

Final Instructions

34. Duty to Deliberate

35. Note Taking

36. Consideration of Evidence

37. Return of Verdict

38. Communicating With the Court

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1**

**Duties of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law that applies to this case. When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

These instructions will be in three parts. The first part will detail the instructions on general rules that define and control the jury's duties. The second part will explain the instructions that state the rules of law you must apply, i.e., what the Government must prove to make the case. And the third part will provide some rules for your deliberations. You will have a written copy of these instructions on the law with you in your jury room during your deliberations. You will also have all of the exhibits that were received into evidence with you.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You are bound to accept the rules of law as I give them to you whether you agree with them or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I have said or done. I make no suggestion as to what verdict you should return – that is a matter entirely for you to decide.

Authority: *United States v. Kenyada Jaqu*, No. 3:19-cr-00302-JMC, Doc. No. 233 at 1 (D.S.C. Oct. 21, 2020).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

### Publicity During Trial

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report that you have read in the press or online, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity to contradict their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

Authority: L. Sand, *et al.*, Modern Federal Jury Instructions: Criminal, Instruction 2-17 (2022).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

### Presumption of Innocence

The law presumes a defendant to be innocent, and the presumption of innocence alone is sufficient to acquit a defendant, unless the jury is satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of the evidence introduced at trial.

A defendant has no obligation to establish his innocence. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt, and this burden never shifts to the defendant. If the jury, after careful and impartial consideration of all the evidence, has a reasonable doubt that a defendant was guilty of the charge under consideration, you must find that defendant not guilty of that charge.

If, on the other hand, the jury finds that the evidence is sufficient to overcome the presumption of innocence and to convince you beyond a reasonable doubt of the guilt of the defendant of the charge under consideration, it must find the defendant guilty of that charge.

Authority: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina*, § II.G (2020 Online Edition).

<u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 4**</u>

<u>**Burden of Proof (Reasonable Doubt)**</u>

The Government must prove each element of each of the crimes charged to each and every one of you beyond a reasonable doubt. If the Government fails to prove an element beyond a reasonable doubt, then you must find that that element has not been proven and find the defendant not guilty of that charge. While the Government's burden of proof is a strict and heavy burden, it is not necessary that it be proved beyond all possible doubt. It is only required that the Government's proof exclude any reasonable doubt concerning that element. The defendant never has the burden of disproving the existence of anything that the Government must prove beyond a reasonable doubt. The burden is wholly upon the Government. The law does not require the defendant to produce any evidence.

<u>Authority</u>: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina* § II.B (2020 Online Edition).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

### Evidence

The evidence from which you are to decide what the facts are consists of: (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which all the lawyers have agreed to stipulate.

Authority: United States District Court for the District of South Carolina, "Jury Instructions – Preliminary and Boilerplate, Judge Richard Mark Gergel," available at https://www.scd.uscourts.gov/Forms/Special_Instructions/Richard_Gergel_Special_Instructions. pdf.

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 6</u>

### <u>What Is Not Evidence</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5) The Indictment is not evidence. It is given to you solely as an aid in following the Court's instructions and the arguments of counsel.

Adapted From: United States District Court for the District of South Carolina, "Jury Instructions – Preliminary and Boilerplate, Judge Richard Mark Gergel," available at https://www.scd.uscourts.gov/Forms/Special_Instructions/Richard_Gergel_Special_Instructions. pdf; Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina*, § II.E (2020 Online Edition).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 7**

**Direct and Circumstantial Evidence**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

Authority: United States District Court for the District of South Carolina, "Jury Instructions – Preliminary and Boilerplate, Judge Richard Mark Gergel," available at https://www.scd.uscourts.gov/Forms/Special_Instructions/Richard_Gergel_Special_Instructions.pdf.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

### Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

1) Was the witness able to see, or hear, or know the things about which that witness testified?

2) How well was the witness able to recall and describe those things?

3) What was the witness's manner while testifying?

4) Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5) How reasonable was the witness's testimony considered in light of all the evidence in the case?

6) Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail. These are some of the factors you may consider in deciding whether to believe testimony.

Adapted From: United States District Court for the District of South Carolina, "Jury Instructions – Preliminary and Boilerplate, Judge Richard Mark Gergel," available at

1 https://www.scd.uscourts.gov/Forms/Special_Instructions/Richard_Gergel_Special_Instructions.
2 pdf.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

## Impeachment – Inconsistent Statements or Conduct (If Needed)

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of you, the jury, to determine the weight, if any, to be given the testimony of a witness who has been impeached.

Authority: 1A O'Malley et al., Federal Jury Practice and Instructions § 15.06 (6th ed.).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

### Credibility of Law Enforcement Witnesses

In considering the testimony of a witness an agent of the Government, you may not give more weight to the testimony of an agent of the Government than you give to the testimony of other witnesses for the mere reason that the witness is an agent of the Government.

Authority: *United States v. Gabriel Ingram*, No. 0:18-cr-557-MGL, Doc. No. 1707 at 8 (D.S.C. Aug. 19, 2022).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

### Opinion Evidence, Expert Witness

You have heard testimony from persons described as experts. Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion. Expert opinion testimony should be judged just as any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: United States District Court for the District of South Carolina, "Jury Instructions – Preliminary and Boilerplate, Judge Richard Mark Gergel," available at https://www.scd.uscourts.gov/Forms/Special_Instructions/Richard_Gergel_Special_Instructions. pdf.

<u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 12**</u>

<u>**Charts and Summaries Received in Evidence**</u>

Certain charts and summaries have been received into evidence to illustrate facts brought out in the testimony of some witnesses. Charts and summaries are only as good as the underlying evidence that supports them. You should therefore give them only such weight you think the underlying evidence deserves.

<u>Authority</u>: United States District Court for the District of South Carolina, "Jury Instructions – Preliminary and Boilerplate, Judge Richard Mark Gergel," available at https://www.scd.uscourts.gov/Forms/Special_Instructions/Richard_Gergel_Special_Instructions. pdf.

## **GOVERNMENT'S PROPOSED INSTRUCTION NO. 13**

### **Tapes and Transcripts (If Needed)**

Tape recordings of certain conversations have been admitted into evidence. A transcript of the conversations has been prepared. The tape and not the transcript is the evidence, and therefore the transcript is not in evidence. The transcript is to be used only as a guide in following the tape. Your understanding of the tape, rather than the transcript, is to govern your deliberations.

The transcript is not evidence but merely aids to follow the voices on the tape and you are bound by your own recollection of what you heard on the tape, and not what you read in the transcript. If you detect any discrepancy between the transcript and the tape, you are to consider as evidence only what you hear on the tape.

You will notice that a complete record of the trial and all of the testimony is being made by the Court Reporter; but you should not expect to have typewritten transcripts of the trial available to you during your deliberations. Should you need to rehear testimony in your deliberations, the Court will make it available by other means.

Authority: *United States v. Gabriel Ingram*, No. 0:18-cr-557-MGL, Doc. No. 1707 at 9–10 (D.S.C. Aug. 19, 2022).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

## Voluntariness of Statements (If Needed)

You have heard that witnesses made statements to law enforcement officials. Whether such a statement was voluntarily given, and, if so, what weight to give it, is entirely up to you based on the totality of the circumstances. In other words, these are questions of fact that are up to a jury to decide.

Authority: *United States v. Kenyada Jaqu*, No. 3:19-cr-00302-JMC, Doc. No. 233, at 6 (D.S.C. Oct. 21, 2020).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

### Other Acts of Defendant (If Needed)

You have heard evidence that the defendant committed certain acts that may be similar to acts charged in the Second Superseding Indictment. You may not consider this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited purposes, such as the following:

- To prove that the defendant had a motive or the opportunity to commit a crime charged in the indictment;

- To prove that the defendant had the state of mind or the intent necessary to commit a crime charged in the indictment;

- To prove that the defendant acted according to a plan or in preparation to commit a crime charged in the indictment;

- To prove that the defendant knew what he was doing when he committed a crime charged in the indictment;

- To prove the defendant's identity;

- To prove that the defendant did not commit a crime charged in the indictment by mistake or accident.

Do not conclude from this evidence that the defendant has bad character in general or that because the defendant may have committed other similar acts that it is more likely that he committed the crime with which he is currently charged.

Authority: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina*, §VII(BB) (2020 Online Edition).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

### Defendant's Testimony

**If the defendant does <u>not</u> testify:**

The defendant has a right not to testify, and the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict. The defendant does not have to prove any evidence whatsoever.

**If the defendant testifies:**

If a defendant elects to take the witness stand and testify in his own defense, as the defendant has done in this case, then he becomes as any other witness, and you the jury must determine his credibility and give his testimony such credence and belief as you may think it deserves. You should judge and determine the defendant's believability as you would any other witness in this case. When an accused voluntarily takes the stand, and fails to explain incriminating circumstances, you may consider that with all the other circumstances in reaching your conclusion as to guilt or innocence. A fabricated explanation naturally and properly gives rise to an inference of guilty knowledge.

<u>Authority</u>: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina*, § Final Instructions, I (2020 Online Edition).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 17**

2 **False Exculpatory Statements (If Needed)**

3     Statements knowingly and voluntarily made by the defendant upon being informed that a

4 crime had been committed or upon being accused of a criminal charge may be considered by the

5 jury.

6     When a defendant voluntarily and intentionally offers an explanation or voluntarily makes

7 some statement tending to show his innocence and it is later shown that the defendant knew that

8 this statement or explanation was false, the jury may consider this as showing a consciousness of

9 guilt on the part of a defendant.  It is ordinarily reasonable to infer that an innocent person does

10 not usually find it necessary to invent or fabricate an explanation or statement tending to establish

11 his innocence.

12     Whether or not evidence as to a defendant's explanation or statement points to a

13 consciousness of guilt on his part and the significance, if any, to be attached to any such evidence,

14 are matters exclusively within the province of the jury since you are the sole judges of the facts of

15 this case.

16     In your evaluation of evidence of an exculpatory statement shown to be false, you may

17 consider that there may be reasons—fully consistent with innocence—that could cause a person to

18 give a false statement showing that he did not commit a crime. Fear of law enforcement, reluctance

19 to become involved, and simple mistake may cause a person who has committed no crime to give

20 such a statement or explanation.

21
22 Adapted From: *United States v. Cogdell*, 844 F.2d 179, 181 (4th Cir. 1988), *abrogated on other*
23 *grounds by Brogan v. United States*, 522 U.S. 398 (1998) (quoting 1 E. Devitt, C. Blackmar & M.
24 Wolff, *Federal Jury Practice and Instructions* § 15.12 (3d ed. 1987)).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 18

### Admissions or Statements by Defendant (If Needed)

A defendant's earlier statement or other conduct admitting some fact against his interest may be considered as evidence if the statement or conduct was knowingly made or done. Any such statement or conduct may also be considered for purposes of judging the credibility of the defendant as a witness.

"Knowingly" means a statement or act was made or done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

If you find that the defendant made a statement pertinent to the matter under inquiry, and that the statement was contrary to the proven facts, and that the defendant did so willingly and with knowledge of the falsity, you are at liberty to consider that circumstance as evidence of the defendant's guilty conscience regarding the matter under inquiry.

What is pertinent and whether it was contrary to proven facts or done willingly and with knowledge, or whether you consider it or not, is for you as triers of the facts to determine from all the evidence before you.

Adapted From: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina*, § VII(A) (2020 Online Edition).

## **<ins>GOVERNMENT'S PROPOSED INSTRUCTION NO. 19</ins>**

### **<ins>Multiple Counts</ins>**

A separate crime or offense is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately.

You must consider each count and the evidence relating to it separate and apart from every other count. You must return a separate verdict as to each count. Your verdict on any count should not control your verdict on any other count.

<ins>Authority</ins>: *United States v. Gabriel Ingram*, No. 0:18-cr-557-MGL, Doc. No. 1707 at 12 (D.S.C. Aug. 19, 2022).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 20

### Proof May Be Disjunctive

You might notice when I review the Second Superseding Indictment that it uses the word "and" in describing the charges, but in my instructions, I tell you that the Government need only prove one thing "or" the other thing. Do not be confused by this—just go by the instructions that I give you. When the indictment uses the word "and," I instruct you to read it as if it said "and/or."

Authority: *United States v. Gabriel Ingram*, No. 0:18-cr-557-MGL, Doc. No. 1707 at 12 (D.S.C. Aug. 19, 2022).

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 21</u>

## <u>On or About</u>

The Second Superseding Indictment alleges that certain illegal activity happened on or about a certain date, dates, or time frame. The Government need not prove with certainty the exact date of the alleged offenses. It is sufficient if the illegal activity happened during a period of time reasonably near the date alleged in the indictment.

<u>Authority</u>: *United States v. Gabriel Ingram*, No. 0:18-cr-557-MGL, Doc. No. 1707 at 13 (D.S.C. Aug. 19, 2022).

## **GOVERNMENT'S PROPOSED INSTRUCTION NO. 22**

### **Possible Punishment**

The question of possible punishment should not concern you. If the defendant is found guilty, it then becomes my responsibility, as the judge, to impose an appropriate sentence. Your function is to weigh the evidence and determine if the Government has proved that the defendant is guilty beyond a reasonable doubt. You cannot allow a consideration of possible punishment to influence your verdict in any way.

Authority: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina*, § VII(W) (2020 Online Edition).

2      **Count One – Conspiracy to Commit Wire Fraud and Bank Fraud**

3      I will now discuss the elements of Count One with you, which alleges that from a time

4      beginning no later than July 2011, and continuing until at least October 2021, in the District of

5      South Carolina, the defendant, RUSSELL LUCIUS LAFFITTE, and others, knowingly and

6      intentionally combined, conspired, and agreed to:

7          a.  knowingly devise a scheme and artifice to defraud and to obtain money and property

8             by means of false and fraudulent pretenses, representations, and promises, and transmit

9             and cause to be transmitted by means of wire, radio, or television communication in

10            interstate commerce, writings, signals, pictures or sounds for the purpose of executing

11            the scheme and artifice, in violation of Title 18, United States Code, Section 1343; and

12         b.  knowingly execute and attempt to execute a scheme and artifice to obtain property held

13            by Palmetto State Bank, a financial institution insured by the FDIC, and obtain the

14            moneys, funds, credits, assets, securities, and other property owned by and under the

15            custody and control of PSB, by means of materially false and fraudulent pretenses,

16            representations and promises and failing to disclose material information and

17            fraudulently concealing material information, in violation of Title 18, United States

18            Code, Section 1344(2).

19     Count One charges that the object of the conspiracy was for the defendant, RUSSELL

20     LUCIUS LAFFITTE, and the Bank Customer to obtain money and property by means of false and

21     fraudulent pretenses, representations, and promises, and to defraud the Bank Customer's personal

22     injury clients.

23     Count One alleges that in furtherance of the conspiracy, the defendant, RUSSELL LUCIUS

LAFFITTE, committed the following overt acts in furtherance of the conspiracy:

    a.  On or about December 21, 2011, RUSSELL LUCIUS LAFFITTE negotiated and distributed, and caused to be negotiated and distributed, checks for $309,581.46 and $325,000.00, funds belonging to H.P.Y. and N.T., as directed by the Bank Customer;

    b.  On or about August 20, 2012, and continuing through September 4, 2012, RUSSELL LUCIUS LAFFITTE negotiated and distributed, and caused to be negotiated and distributed, a check for $25,245.06, funds belonging to N.T., as directed by the Bank Customer;

    c.  On or about February 8, 2013, RUSSELL LUCIUS LAFFITTE negotiated and distributed, and caused to be negotiated and distributed, $151,726.05 to H.P., at the Bank Customer's direction, knowing that the money belonged to the Estate of D.B. and/or the Estate's beneficiaries.

Title 18, United States Code, Section 1349 makes it a crime to conspire with someone else to commit wire fraud or bank fraud.

Before we discuss bank fraud and wire fraud, I am going to tell you about the law of conspiracy generally.

*Conspiracy Generally*

A conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of partnership in crime in which each member becomes the agent of every other member. The Government must prove three elements, each beyond a reasonable doubt, to establish a conspiracy:

<u>First</u>, that two or more people entered into a conspiracy, agreement, or understanding to commit an unlawful act;

1     <u>Second</u>, that at some time during the existence or life of the conspiracy, agreement, or

2 understanding, the defendant knew the unlawful purpose of the agreement; and

3     <u>Third</u>, that the defendant joined in the agreement willfully, with the intent to further the

4 unlawful purpose.

5     The Government must prove that the conspiracy came into existence during or reasonably

6 near the period of time charged in the Second Superseding Indictment and that the defendant

7 knowingly joined in the conspiracy within or reasonably near the same time period.

8     A conspiracy may exist even if a conspirator does not agree to commit or facilitate each

9 and every part of the substantive offense. The partners in a criminal plan must agree to pursue the

10 same criminal objective and may divide up the work, yet each is responsible for the acts of each

11 other.

12     You may find that the defendant was a member of the conspiracy only from the evidence

13 presented that relates to his own conduct, acts, or statements made in connection with the

14 conspiracy.

15     The essence of the crime of conspiracy is an agreement to commit a criminal act. But there

16 does not have to be evidence that the agreement was specific or explicit. By its very nature, a

17 conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such

18 an agreement. Therefore, the Government may prove a conspiracy by direct or circumstantial

19 evidence. Circumstantial evidence tending to prove a conspiracy may consist of a defendant's

20 relationships with other members of the conspiracy, the length of this association, their attitude

21 and conduct, and the nature of the conspiracy.

Because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

One may be a member of a conspiracy without knowing the full scope of the conspiracy, or all of its members, and without taking part in the full range of its activities or over the whole period of its existence. The conspiracy does not need a discrete, identifiable organizational structure. The fact that a conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy. The Government need not prove that a defendant knew the particulars of the conspiracy or all of the coconspirators. It is sufficient if he played only a minor part in the conspiracy. Thus, a variety of conduct can constitute participation in a conspiracy. Moreover, a member may change his role in the conspiracy.

Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between a defendant and the conspiracy. The Government must produce evidence to prove his connection to the conspiracy beyond a reasonable doubt, but the connection itself may be slight, because he does not need to know all of his coconspirators, understand the reach of the conspiracy, participate in all the enterprises of the conspiracy, or have been a member of the conspiracy from its beginning.

A conspirator must intend to further an endeavor that, if completed, would be a federal crime. It is enough that he adopts the goal of furthering or facilitating the criminal endeavor through participation. He may do so in any number of ways without agreeing to undertake all of the acts necessary for the crime's completion. One can be a conspirator by agreeing to facilitate only some of the acts leading to the criminal objective.

Along with other evidence, the statements and actions of an alleged coconspirator may be considered in determining the existence of the conspiracy. Evidence has been received in this case that a person (or persons) alleged in Count One to be a coconspirator of the defendant has done or said things during the existence or life of the alleged conspiracy in order to further or advance their goals. Such acts and statements of these other individuals may be considered by you in determining whether or not the Government has proven the charges in Count One against the defendant on trial here.

Since these acts may have been performed and these statements may have been made outside the presence of the defendant and even done or said without the defendant's knowledge, you should examine these acts or statements with particular care before considering them against a defendant who did not do the particular act or make the particular statement.

The Government need not prove that the alleged conspirators entered into any formal agreement, or that they directly stated between or among themselves all the details of the agreement. The Government need not prove that all of the details of the agreement alleged in the Second Superseding Indictment were actually agreed upon or carried out. The Government need only prove that the defendant and at least one other person were members of the conspiracy. Finally, the Government need not prove that the alleged conspirators actually accomplished the unlawful objective of their agreement.

As I stated previously, Count One charges the defendant with conspiring to commit wire fraud or bank fraud. Under the law, participating in a conspiracy to commit a crime is an entirely separate and distinct charge from the actual violation of the substantive charge that may be the object of the conspiracy. Therefore, all of the underlying elements of substantive participation in

an act of wire fraud or bank fraud need not be met in order for you to find that there was a conspiracy to commit wire fraud or bank fraud as charged in the Second Superseding Indictment.

In a moment, I will instruct you on the elements of wire fraud and bank fraud. You should consider these elements in determining whether the defendant knowingly and intentionally conspired to commit wire and bank fraud. As I have explained to you, however, the Government need not prove each of these underlying elements to prove that the defendant conspired to commit wire and bank fraud as charged in Count One.

Additionally, the Government need not prove a conspiracy to commit both wire fraud and bank fraud. If the elements for either are proven as the object of a conspiracy, it is sufficient to sustain a conviction on Count One.

### *Pinkerton Liability for Substantive Offenses Committed By Others*

Finally, I instruct you that a defendant is responsible for offenses committed by his or her fellow conspirators if he was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

To hold a coconspirator criminally liable for acts of other members of the conspiracy, the act must be done in furtherance of the conspiracy and be reasonably foreseeable as a necessary or natural consequence of the conspiracy. To be reasonably foreseeable to another member of the criminal organization, and thus to hold a coconspirator criminally liable, acts of a coconspirator must fall within the scope of the agreement between the specific individual and the coconspirator.

Therefore, if you find that the Government has proven the defendant guilty of conspiracy as charged in Count One of the Second Superseding Indictment, and if you find beyond a reasonable doubt that while the defendant was a member of the conspiracy, one or more of the defendant's fellow coconspirators committed the offenses in Count Two and/or Count Three in

furtherance of, and as a foreseeable consequence of, that conspiracy, then you should find the

defendant guilty of Count Two and/or Count Three.

<u>Authority</u>: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, § 18 U.S.C. §371: *Pinkerton Liability* (2020 Online Edition) (citing numerous cases); 2 Fed. Jury Prac. & Instr. § 31.06 (6th ed.); *United States v. Aramony*, 88 F.3d 1369, 1379 (4th Cir. 1996) (approving *Pinkerton* instruction in fraud case).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 24

### Count Two – Bank Fraud

Count Two of the Second Superseding Indictment charges the defendant with Bank Fraud and Aiding and Abetting Bank Fraud.

Count Two alleges that on or about September 13, 2013, in the District of South Carolina, the defendant, RUSSELL LUCIUS LAFFITTE, with the Bank Customer and others known and unknown to the Grand Jury, knowingly executed and attempted to execute a scheme and artifice to obtain money and funds under the custody and control of Palmetto State Bank, an FDIC-insured financial institution, by means of false and fraudulent pretenses, representations and promises, and aided and abetted the Bank Customer, by negotiating and distributing a check totaling $101,369.49 to H.P., knowing that the funds belonged to the Estate of D.B. and/or the Estate's beneficiaries.

Title 18, United States Code, Section 1344(2) makes it a crime to commit bank fraud. To establish bank fraud, the Government must prove the following three elements beyond a reasonable doubt:

First, that the defendant knowingly executed, or attempted to execute, a scheme or artifice to obtain any of the money or funds under the custody or control of a financial institution by false or fraudulent pretenses, representations, or promises;

Second, that the defendant did so with intent to defraud; and

Third, that the financial institution was then federally insured.

The words "scheme or artifice" include any plan or course of action intended to deceive or cheat others.

"To defraud" means wronging one in his property rights by dishonest methods or schemes. It usually signifies the deprivation of something by trick, deceit, chicanery, or overreaching.

A "scheme or artifice to obtain" means to pursue any plan or course of action intended to indirectly obtain assets of a financial institution by false or fraudulent pretenses, representations, or promises. A statement or representation is false or fraudulent if known to be untrue or made with reckless indifference as to the truth or falsity and made or caused to be made with the intent to deceive or defraud. A statement or representation is also false or fraudulent when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud. To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself.

The Government must prove that the false or fraudulent pretenses, representations, or promises were material. A statement is material if it has a natural tendency to influence, or is capable of influencing, the decision-making body to which it was addressed. It is irrelevant whether the false statement actually influenced or affected the decision-making process of the fact-finding body. A false statement's capacity to influence must be measured at the point in time that the statement was made. In other words, it concerns what a reasonable financial institution would want to know in negotiating a particular transaction.

A "financial institution," as used in the bank fraud charges, means an insured depository institution, to include a bank insured by the Federal Deposit Insurance Corporation. The Government need not prove that the financial institution was the immediate victim, or that the institution suffered an actual loss. It is sufficient if the Government shows that the financial institution was exposed to an actual or potential risk of loss.

Authority: *United States v. Quinae Stephens*, No. 4:21-cr-651-SAL, Doc. No. 148 at 19–25 (D.S.C. Apr. 7, 2022); *United States v. Robertson*, 856 F. App'x 432 (4th Cir. 2021) (unpublished) (affirming jury trial that included charges of bank fraud and wire fraud); Eric Wm. Ruschky,

1    *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, § 18 U.S.C.
2    § 1344 (2020 Online Edition); O'Malley, Grenig & Lee, *Fed. Jury Prac. & Instr.* § 47.11 (6th ed.).

<u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 25**</u>

**<u>Count Three – Wire Fraud</u>**

Count Three of the Second Superseding Indictment charges the defendant with Wire Fraud and Aiding and Abetting Wire Fraud.

Count Three alleges that on or about September 13, 2013, in the District of South Carolina, the defendant, RUSSELL LUCIUS LAFFITTE, with the Bank Customer and others known and unknown to the Grand Jury, having devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire in interstate commerce, writings, signs, and signals, for the purpose of executing such a scheme and artifice, in that he obtained funds, as personal representative, belonging to the Estate of D.B. and/or the Estate's beneficiaries, and distributed $33,789.83 to the Bank Customer's personal account, affecting a financial institution.

Title 18, United States Code, Section 1343 makes it a crime to commit wire fraud. To establish wire fraud, the Government must prove the following three elements beyond a reasonable doubt:

<u>First</u>, that the defendant devised or intended to devise a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises that were material;

<u>Second</u>, that, for the purpose of executing the scheme, the defendant transmitted or caused to be transmitted by means of wire communication in interstate commerce, writings, signs, or signals; and

<u>Third</u>, the scheme affected a financial institution.

*Scheme and Artifice to Defraud or Obtain Money or Funds*

The words "scheme and artifice" include any plan or course of action intended to deceive others and to obtain by either false or fraudulent pretenses, representations, or promises, money from persons who are so deceived. A scheme or artifice to defraud may describe a departure from fundamental honesty, moral uprightness, or fair play and candid business dealings in the general life of the community. There must be proof of a misrepresentation, false statement, or omission calculated to deceive a person of ordinary prudence and comprehension.

A statement or representation is false or fraudulent if known to be untrue or made with reckless indifference as to the truth or falsity and made or caused to be made with the intent to deceive or defraud. A statement or representation is also false or fraudulent when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A scheme to defraud requires that the Government prove that the defendant acted with the specific intent to deceive or cheat for the purpose of getting financial gain for oneself or causing financial loss to another. Thus, the Government must prove that the defendant intended to deceive someone through the scheme. A scheme to defraud can be shown by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or avert further inquiry into a material matter, or by active concealment of material information.

A statement is material if it has a natural tendency to influence, or is capable of influencing, the decision-making body to which it was addressed. It is irrelevant whether the false statement actually influenced or affected the decision-making process of the agency or fact-finding body. A false statement's capacity to influence must be measured at the point in time that the statement was made.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the material sent by wire was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the wire was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the wire was closely related to the scheme, in that the defendant either wired something or caused it to be wired for the purpose of executing or carrying out the scheme.

The Government must prove that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

The Government does not have to prove precisely when the intent to defraud first materialized.

<em>Wire Communication in Interstate Commerce</em>

The phrase "transmitted by means of wire communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines, which includes the internet.

It is not necessary for the defendant to be directly or personally involved in the interstate transmission, as long as such transmission was reasonably foreseeable in the execution of the alleged scheme in which the defendant is accused of participating. This does not mean that the defendant must have specifically authorized others to make the transmission. When one does an

act with knowledge that the use of an interstate transmission will follow in the ordinary course of business or where such use can reasonably be foreseen, even though not actually intended, then he causes the interstate transmission to be made.

The interstate transmission need not in and of itself be fraudulent to constitute an offense under this statute. The material that was transmitted may be totally innocent. The use of the interstate transmission does not need to be an essential part of the fraudulent scheme.

*Financial Institution*

A "financial institution" includes an insured deposit institution, to include a bank insured by the Federal Deposit Insurance Corporation. A financial institution is affected only if the institution itself was victimized by the fraud, as opposed to the scheme's mere utilization of the financial institution in the transfer of funds.

Authority: *United States v. Quinae Stephens*, No. 4:21-cr-651-SAL, Doc. No. 148 at 19–25 (D.S.C. Apr. 7, 2022); *United States v. Robertson*, 856 F. App'x 432 (4th Cir. 2021) (unpublished) (affirming jury trial that included charges of bank fraud and wire fraud); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, § 18 U.S.C. § 1343 (2020 Online Edition).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 26**

**Counts Four, Five, and Six – Misapplication of Bank Funds**

3      Counts Four, Five, and Six of the Second Superseding Indictment charge the defendant

4 with Misapplication of Bank Funds and Aiding and Abetting the Misapplication of Bank Funds.

5 Because these three counts charge violations of the same statutes, they are being grouped together

6 to simplify these instructions. You must consider each count and the evidence pertaining to each

7 count separately.

8      Count Four of the Second Superseding Indictment charges that on or about October 28,

9 2021, in the District of South Carolina, the defendant, RUSSELL LUCUIS LAFFITTE, being an

10 officer, director, agent, and employee of PSB, a financial institution insured by the FDIC, with the

11 intent to injure and defraud PSB, willfully misapplied, abstracted, and purloined moneys, funds,

12 and credits entrusted to the custody and care of PSB, in that the defendant, RUSSELL LUCIUS

13 LAFFITTE, distributed $680,000.00 of PSB funds to the Law Firm, without notice to or consent

14 from the PSB Board of Directors, knowing that he had fraudulently transferred the money to the

15 Bank Customer.

16      Count Five of the Second Superseding Indictment charges that on or about July 15, 2021,

17 and continuing until August 18, 2021, in the District of South Carolina, the defendant, RUSSELL

18 LUCUIS LAFFITTE, being an officer, director, agent, and employee of PSB, a financial institution

19 insured by the FDIC, with the intent to injure and defraud PSB, willfully misapplied, abstracted,

20 and purloined moneys, funds, and credits entrusted to the custody and care of PSB, in that the

21 defendant, RUSSELL LUCIUS LAFFITTE, caused PSB to fund a $750,000.00 commercial loan

22 to the Bank Customer for beach house renovations and expenses, with preferential lending terms,

23 including insufficient collateral, knowing that the loan was essentially unsecured and that loan

proceeds would be and were used for other purposes, namely to pay Attorney 1 and to cover hundreds of thousands of dollars in overdraft on the Bank Customer's personal account at PSB.

Count Six of the Second Superseding Indictment charges that on or about February 20, 2015, in the District of South Carolina, the defendant, RUSSELL LUCUIS LAFFITTE, being an officer, director, agent, and employee of PSB, a financial institution insured by the FDIC, with the intent to injure and defraud PSB, willfully misapplied, abstracted, and purloined moneys, funds, and credits entrusted to the custody and care of PSB, in that the defendant, RUSSELL LUCIUS LAFFITTE, caused PSB to fund a $500,000.00 line of credit to the Bank Customer for "farming," and thereafter issued a $284,787.52 cashier's check knowing that the loan proceeds would be and were used for other purposes, namely to pay off loans previously extended from H.P.'s conservatorship account.

Title 18, United States Code, Sections 656 makes it a crime to misapply bank funds. To find the defendant guilty of willful misapplication of bank funds as charged in Counts Four, Five, and Six, the Government must prove the following five essential elements beyond a reasonable doubt:

First, that the defendant was an officer, agent, or employee of or connected in any capacity with Palmetto State Bank at the time alleged in the indictment;

Second, that the accounts of the bank were federally insured at the time alleged in the indictment;

Third, that the defendant misapplied, abstracted, or purloined more than $1,000.00 in moneys, funds, or credits belonging to, or entrusted to the care of, the bank;

Fourth, that the defendant did so willfully; and

<u>Fifth</u>, that the defendant did so with the intent to inflict financial injury to the bank or to defraud the bank.

To "abstract" means to take or withdraw from the possession and control of the bank the moneys and funds alleged to be so abstracted, without the knowledge and consent of the bank, and with the intent to injure or defraud the bank.

To "misapply" a bank's money or property means the willful conversion or taking by a bank employee of such money or property for his own use or benefit, or the use and benefit of another, whether or not such money or property has been entrusted to his care, and with intent to defraud the bank. It is not necessary that the defendant be in actual possession of the money or property by virtue of a trust committed to him. It is a misapplication of the bank's funds to approve loans and transactions in violation of state law or the bank's policies.

"Intent to injure or defraud" can be established by proving that the defendant acted in reckless disregard of the bank's interest. To act with intent to injure or defraud means to act with intent to deceive or cheat, for the purpose of causing a financial loss to the bank, although it is not necessary that the bank has suffered an actual loss, or to bring financial gain or benefit to oneself. Subsequent restitution of the funds may be relevant on the issue of intent, but it is not a defense. The crime is complete when the misapplication occurs.

Intent to injure and intent to defraud are not the same. "Intent to injure" is met when the officer engaged in acts, the natural tendency of which would be to injure the bank. The term "injure" includes only pecuniary loss to the bank. Damage to the bank's reputation is too indirect and too speculative to constitute an injury. However, exposing the bank and its officials to potential government sanction for the circumvention of regulatory requirements is a harm. Avoidance of regulations designed to promote the healthy operation of a financial institution poses a harm to it.

The evidence does not have to show that the defendant intended to deprive the bank of its property permanently or that the bank actually lost money as a result of the misapplication of funds. Nor is proof of personal gain necessary. It is sufficient that the defendant at least temporarily deprived the bank of the possession, control, or use of the funds.

"Intent to defraud" means to take financial advantage of a confidential relationship and does not require any intent to injure the bank.

Authority: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina*, § 18 U.S.C. § 656 (2020 Online Edition) (citing numerous cases); *United States v. Parekh*, 926 F.2d 402, 408 (5th Cir. 1991); *United States v. Bruun*, 809 F.2d 397, 408 (7th Cir. 1987); *United States v. Vickers*, 755 F.2d 933, 1985 WL 12841 (6th Cir. 1985) (Table opinion); *United States v. Mohr*, 728 F.2d 1132, 1134 (8th Cir. 1984); *United States v. Duncan*, 598 F.2d 839, 858 (4th Cir. 1979).

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 27

## Aiding and Abetting

Counts Two through Six, for Bank Fraud, Wire Fraud, and Misapplication of Bank Funds, also charge the defendant with violating Title 18, United States Code, Section 2, which makes it a crime to aid and abet another person to commit a crime.

The guilt of an accused in a criminal case may be established without proof that he personally did every act constituting the offense alleged. The law recognizes that ordinarily anything a person can do for himself may also be accomplished by him through direction of another person as his agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

For you to find the defendant guilty of the crimes charged in Counts Two through Six of the Second Superseding Indictment under the theory of aiding and abetting, the Government must prove the following four elements, each beyond a reasonable doubt:

First, that the crime charged was in fact committed by someone other than the defendant;

Second, that the defendant participated in the criminal venture as something that he wished to bring about;

Third, that the defendant associated himself with the criminal venture knowingly and voluntarily; and

Fourth, that the defendant sought by his actions to make the criminal venture succeed.

Simply put, aiding and abetting means to assist the perpetrator of the crime. One who aids, abets, counsels, commands, induces, or procures the commission of an act is as responsible for that act as if he committed it directly.

To prove association, the Government must show that the defendant shared in the criminal intent of the person or persons committing the crime. This requires evidence that the defendant was aware of their criminal intent and the unlawful nature of the criminal acts.

Evidence that a defendant merely brought about the arrangement that made the criminal act possible does not alone support a conclusion that the defendant was aware of the criminal nature of the act.

The Government is not required to prove that the defendant participated in every stage of an illegal venture, but the Government is required to prove beyond a reasonable doubt that the defendant participated at some stage and that the participation was accompanied by knowledge of the result and intent to bring about that result.

There must be evidence to establish that the defendant engaged in some affirmative conduct, that is, that the defendant committed an act designed to aid in the success of the venture, and there must be evidence to establish that the defendant shared in the criminal intent of the person the defendant was aiding and abetting.

It is not necessary that the person who was aided and assisted be tried and convicted of the offense. It is not necessary that the Government prove the actual identity of the perpetrator of the crime. The Government must prove that the underlying crime was committed by some person and that the defendant aided and abetted that person.

If two persons act in concert with a common purpose or design to commit an unlawful act, then the act of one of them in furtherance of the unlawful act is in law considered the act of the other.

The Government must prove that the defendant counseled and advised the commission of the crime, and that the counsel and advice influenced the perpetration of the crime. There is no

1   requirement that fixes a time limit within which the crime must be committed. If the person who

2   was assisted or induced commits the crime he was assisted or induced to commit, then the person

3   who assisted or induced him is guilty of aiding and abetting.

4        The Government must prove that the defendant participated in the crime charged.

5
6   Authority: *United States v. Quinae Stephens*, No. 4:21-cr-651-SAL, Doc. No. 148 at 33–35 (D.S.C.
7   Apr. 7, 2022); *United States v. Lance Hardiman*, No. 4:17-cr-00469-RBH, Doc. No. 277 at 26–29
8   (D.S.C. Nov. 29, 2018); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*,
9   *District of South Carolina*, § 18 U.S.C. § 2 (2020 Online Edition).

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 28

## Definitions

Now I will define several terms that have been used in this charge:

To commit an act "intentionally" is to do so deliberately and not by accident.

To act "knowingly" is to act with knowledge of the facts that constitute the offense but not necessarily with knowledge that the facts amount to illegal conduct. Expressed another way, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that a defendant knew that his acts or omissions were unlawful.

A person acts "willfully" if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. The person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids. A willful act is one undertaken with a bad purpose. In other words, in order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful.

Authority: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, §§ V.Q, V.T, V.FF (2020 Online Edition).

**<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 29</u>**

**<u>Motive</u>**

Intent and motive are different concepts and should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct. These motives may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of the state of mind or the intent of the defendant.

Adapted From: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, § V.W (2020 Online Edition).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 30

### Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence that may aid in your determination of that person's knowledge or intent.

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. You may draw the inference that the defendant intended all of the consequences that one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the defendant. You are entitled to consider any such inference drawn in determining whether or not the Government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent.

Adapted From: O'Malley, Grenig & Lee, *Fed. Jury Prac. & Instr.* § 17.07 (6th ed.); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, § V.T (2020 Online Edition).

<u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 31**</u>

<u>**Willful Blindness (If Needed)**</u>

The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of a fact. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge. It is entirely up to you as to whether you find any deliberate closing of the eyes and inferences to be drawn from any such evidence.

<u>Authority</u>: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina*, § V.GG (2020 Online Edition).

<u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 32**</u>

<u>**Good Character (If Needed)**</u>

When a defendant has offered evidence of good general reputation [for truth and veracity, for honesty and integrity, as a law-abiding citizen], you should consider such evidence along with all the other evidence in the case. Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

You should always bear in mind however, that the law never imposes upon a defendant the burden or duty of calling any witnesses or producing any evidence. Reputation of the defendant's good character, when put in evidence, is a fact that you should consider with the other facts in the case. That reputation for good character is a fact that, when considered in connection with all the other evidence in the case, may, like other facts, generate a reasonable doubt.

<u>Authority</u>: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § VI.J (2020 Online Edition).

<u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 33**</u>

<u>**Good Faith**</u>

The defendant has raised the defense of good faith. Good faith is a complete defense to the charged offenses, because good faith on the part of the defendant is inconsistent with intent to defraud. The term "good faith" has no precise definition, but it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. A person who acts on a belief or on an opinion honestly held is not punishable under the law merely because that honest belief turns out to be incorrect or wrong. The burden is on the Government to prove fraudulent intent and the lack of good faith beyond a reasonable doubt.

However, no amount of honest belief that an enterprise will eventually succeed can excuse willful misrepresentations. You are instructed that if the defendant participated in a scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendant acted in good faith. If the defendant participated in the scheme for the purpose of causing some financial or property loss to another, then no amount of honest belief on the part of the defendant that the scheme would not cause a loss, would excuse fraudulent actions or false representations by him. A defendant's belief that the victim of the fraud will be paid in the future or will sustain no economic loss is no defense to the crimes charged in the indictment. The intent to repay eventually is not relevant to the question of guilt.

<u>Authority</u>: Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, *§§* 18 U.S.C. § 1343; VI.K (2020 Online Edition).

1

<u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 34**</u>

2

<u>**Duty to Deliberate**</u>

3   When you retire to the jury room, you should first elect one from among you to serve as

4   your foreperson. The foreperson you select will preside over the deliberations and speak for the

5   jury here in court. When you retire to the jury room, you should discuss the case with your fellow

6   jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must

7   decide the case for yourself, but you should do so only after you have considered all the evidence,

8   discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be

9   afraid to change your opinion if the discussion persuades you that you should. But do not come to

10  a decision simply because other jurors think it is right. It is important that you attempt to reach a

11  unanimous verdict but, of course, only if each of you can do so after having made your own

12  conscientious decision. Do not change an honest belief about the weight and effect of the evidence

13  simply to reach a verdict. Remember at all times that you are not partisans. You are judges – judges

14  of the facts. Your sole interest is to seek the truth from the evidence in the case.

15  You are to perform the duty of finding the facts without bias or prejudice as to any party.

16  This case is important to the Government, for the enforcement of criminal laws is a matter of prime

17  concern to the community. Equally, it is important to the defendant, who is charged with the

18  commission of serious crimes.

19  The fact that the prosecution is brought in the name of the United States of America entitles

20  the Government to no greater consideration than that accorded to any party to litigation. By the

21  same token, it is entitled to no less consideration. All parties, whether the Government or

22  individuals, stand as equals at the bar of justice.

23

1 <u>Authority</u>: United States District Court for the District of South Carolina, "Jury Instructions –
2 Preliminary and Boilerplate, Judge Richard Mark Gergel," available at
3 https://www.scd.uscourts.gov/Forms/Special_Instructions/Richard_Gergel_Special_Instructions.
4 pdf; *United States v. Kenyada Jaqu*, No. 3:19-cr-00302-JMC, Doc. No. 233, at 2–3 (D.S.C. Oct.
5 21, 2020).

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 35

## Note Taking

Some of you have taken notes during the trial. Remember that the notes are for your own personal use. They are not to be given or read to anyone else and they are not to be used in place of your memory.

Authority: *United States v. Gabriel Ingram*, No. 0:18-cr-557-MGL, Doc. No. 1707 at 15 (D.S.C. Aug. 19, 2022).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 36

### Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide. The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

Authority: United States District Court for the District of South Carolina, "Jury Instructions – Preliminary and Boilerplate, Judge Richard Mark Gergel," available at https://www.scd.uscourts.gov/Forms/Special_Instructions/Richard_Gergel_Special_Instructions. pdf.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 37

### Return of Verdict

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal (or bailiff) outside your door that you are ready to return to the courtroom.

Authority: United States District Court for the District of South Carolina, "Jury Instructions – Preliminary and Boilerplate, Judge Richard Mark Gergel," available at https://www.scd.uscourts.gov/Forms/Special_Instructions/Richard_Gergel_Special_Instructions.pdf.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 38

### Communicating with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal (or bailiff), signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authority: United States District Court for the District of South Carolina, "Jury Instructions – Preliminary and Boilerplate, Judge Richard Mark Gergel," available at https://www.scd.uscourts.gov/Forms/Special_Instructions/Richard_Gergel_Special_Instructions.pdf.