IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Case No. 9:22-cr-00658-RMG |
| v. | |
| Russell Lucius Laffitte, | |
| Defendant. | |

**Defendant's Proposed Jury Instructions**

Defendant Russell Laffitte is charged with

(A)   conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349 (Count 1);

(B)   bank fraud in violation of 18 U.S.C. § 1344(2) (Count 2);

(C)   wire fraud in violation of 18 U.S.C. § 1343 (Count 3); and

(D)   two counts of misapplication of bank funds in violation of 18 U.S.C. § 656 (Counts 4 and 5).

(E)   misapplication of bank funds in violation of 18 U.S.C. § 656 (Count 6).

Mr. Laffitte submits the following proposed substantive jury instructions in compliance with the Court's Scheduling Order (ECF No. 68) and its Special Instructions. The submitted instructions are modified from Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* (2020 Online Edition). These instructions have been modified as called for by the facts of this case. In some instances, where no Pattern Instruction is available, the source or case from which a proposed instruction was derived is cited at the end of the instruction. Mr. Laffitte reserves the right, subject to permission of the Court, to supplement, discard, or modify its proposed instructions based upon the evidence presented at trial.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ E. Bart Daniel*

E. Bart Daniel, Federal Bar No. 403
E-Mail: bart.daniel@nelsonmullins.com
Matt Austin, Federal Bar No. 11435
E-Mail: matt.austin@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

Christian J. Myers, Federal Bar No. 13096
E-mail:  josh.myers@nelsonmullins.com
Phone: (202) 689-2800
101 Constitution Avenue NW, Suite 9000
Washington, DC 20001

*Attorneys for Russell Lucius Laffitte*

Charleston, South Carolina
October 31, 2022

# Table of Proposed Jury Instructions

Count 1: Conspiracy to Commit Wire/Bank Fraud ........................................................ 4

    1.    Elements of Conspiracy to Commit Bank/Wire Fraud Under 18 U.S.C. § 1349 ........... 4

    2.    Conspiracy Generally ........................................................................................... 5

Count 2: Bank Fraud ................................................................................................... 7

    4.    Elements of Bank Fraud Under 18 U.S.C. § 1344(2) ...................................... 7

Count 3: Wire Fraud ................................................................................................... 9

    5.    Elements of Wire Fraud Under 18 U.S.C. § 1343 ........................................ 9

    6.    Requirement for Actual Harm or Injury to be Contemplated for Wire Fraud .............. 11

    7.    Affecting a Financial Institution ...................................................................... 12

    8.    Deception Alone Insufficient for Wire Fraud .................................................. 13

    9.    Materiality ......................................................................................................... 14

Count 4–6: Misapplication of Bank Funds ................................................................. 15

    10.    Elements of Misapplication of Bank Funds ..................................................... 15

Miscellaneous ............................................................................................................ 17

    11.    Good Faith ........................................................................................................ 17

    12.    Advice of Counsel ............................................................................................ 18

    13.    Existence of an Attorney-Client Relationship ................................................. 19

    14.    Credibility of the Witnesses ............................................................................. 20

    15.    Defendant's Good Character ............................................................................. 21

    16.    Witnesses' Inconsistent Testimony .................................................................. 22

    17.    Missing Witness ............................................................................................... 23

    18.    Burden of Proof ................................................................................................ 24

    19.    Separate Consideration of Multiple Counts ..................................................... 25

**Count 1: Conspiracy to Commit Wire/Bank Fraud**

1.      **Elements of Conspiracy to Commit Bank/Wire Fraud Under 18 U.S.C. § 1349**

First, I will discuss the elements of Count 1 with you, which alleges that beginning approximately in or about July 2011 and continuing until at least October 2021, Defendant Russell Laffitte conspired with others to commit wire fraud or bank fraud. Title 18, United States Code, Section 1349 makes it a crime to conspire with someone else to commit wire fraud or bank fraud.

Before we discuss bank fraud and wire fraud, I am going to tell you about the law of conspiracy generally.  Then, I will discuss conspiracy as it applies to the charges in the Second Superseding Indictment.

*United States v. Stephens*, No. 4:21-cr-00651-SAL, ECF No. 148 at 19 (D.S.C. April 7, 2022) (citations omitted).

## 2. Conspiracy Generally

A conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of partnership in crime in which each member becomes the agent of every other member. The Government must prove three elements, each beyond a reasonable doubt, to establish a conspiracy:

- First, that two or more people entered into a conspiracy, agreement, or understanding to commit an unlawful act;

- Second, that at some time during the existence or life of the conspiracy, agreement, or understanding, Defendant knew the unlawful purpose of the agreement; and

- Third, that Defendant joined in the agreement willfully, with the intent to further the unlawful purpose.

The Government must prove that the conspiracy came into existence during or reasonably near the period of time charged in the Second Superseding Indictment and that the Defendant knowingly joined in the conspiracy within or reasonably near the same time period.

You may find that the Defendant was a member of the conspiracy only from the evidence presented that relates to his own conduct, acts, or statements made in connection with the conspiracy.

The essence of the crime of conspiracy is an agreement to commit a criminal act. But there does not have to be evidence that the agreement was specific or explicit. By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement. Therefore, the Government may prove a conspiracy by direct or circumstantial evidence. Circumstantial evidence tending to prove a conspiracy may consist of a Defendant's

relationships with other members of the conspiracy, the length of this association, their attitude and conduct, and the nature of the conspiracy.

A conspirator must intend to further an endeavor which, if completed, would be a federal crime.  It is enough that  he adopts the goal of furthering or facilitating the criminal endeavor through participation.  He may do so in any number of ways without agreeing to undertake all of the acts necessary for the crime's completion.  One can be a conspirator by agreeing to facilitate only some of the acts leading to the criminal objective.

Excerpt from *United States v. Stephens*, No. 4:21-cr-00651-SAL, ECF No. 148 at 19–22 (D.S.C. April 7, 2022) (citations omitted).

## Count 2: Bank Fraud

**4.      Elements of Bank Fraud Under 18 U.S.C. § 1344(2)**

To establish bank fraud, the Government must prove the following three elements beyond a reasonable doubt:

- First, that the Defendant knowingly executed, or attempted to execute, a scheme to defraud a financial institution, or a scheme or artifice to obtain money, funds, or property owned or under the custody or control of a financial institution by means of false or fraudulent pretenses, representations, or promises;

- Second, that the financial institution was then federally insured; and

- Third, that the Defendant did so with intent to defraud.

A "financial institution," as used in the bank fraud charges, means an insured depository institution, to include a bank insured by the Federal Deposit Insurance Corporation or a credit union insured by the National Credit Union Share Insurance Fund.

The Government need not prove that the financial institution was the immediate victim, or that the institution suffered an actual loss, because it is sufficient if the Government shows that the financial institution was exposed to an actual or potential risk of loss.

To prove a "scheme to defraud" the Government must prove that the Defendant acted with the specific intent to deceive or cheat for the purpose of obtaining financial gain for oneself or causing financial loss to another. Thus, the Government must prove that the Defendant intended to deceive the financial institution through the scheme. However, as it relates to a "scheme or artifice to obtain money, funds, or property," this means to pursue any plan or course of action intended to indirectly obtain assets of a financial institution by false or fraudulent pretenses, representations, or promises.

The government must prove that the false or fraudulent pretenses, representations, or promises were material.  However, "if a defendant never intended to provide false information, or if the misrepresentations were immaterial, then the defendant has a valid defense."

Excerpts from *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 258–60 (2020 Online Edition); *United States v. Stephens*, No. 4:21-cr-00651-SAL, ECF No. 148 at 24–25 (D.S.C. April 7, 2022) (citations omitted); *United States v. Hollis*, 971 F.2d 1441, 1452 (10th Cir. 1992).

**Count 3: Wire Fraud**

**5.      Elements of Wire Fraud Under 18 U.S.C. § 1343**

To establish wire fraud, the Government must prove the following two elements beyond a reasonable doubt:

- First, that the Defendant devised or intended to devise a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises that were material; and

- Second, that, for the purpose of executing the scheme, the Defendant transmitted or caused to be transmitted by means of wire, communication in interstate commerce any writings, signs, signals, pictures, or sounds.

- Third, that the scheme affected a financial institution.

A scheme to defraud requires that the Government prove that the Defendant acted with the specific intent to deceive or cheat for the purpose of getting financial gain for oneself or causing financial loss to another. Thus, the Government must prove that the Defendant intended to deceive someone through the scheme.

Fraud includes acts taken to conceal, create a false impression, mislead, or otherwise deceive in order to prevent another person from acquiring material information. Thus, a scheme to defraud can be shown by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or avert further inquiry into a material matter.

The government must prove that the defendant acted with the specific intent to defraud. To act with an "intent to defraud" means to act with a specific intent to deceive or cheat, ordinarily, for the purpose of either causing some financial loss to another or bringing about some financial

gain to one's self.  It is not necessary, however, to prove that anyone was, in fact, defrauded, as long as it is established that the defendant acted with the intent to defraud or mislead.

To sustain its burden of proof, however, the government is not required to prove all of the components of the scheme to defraud that are alleged in the indictment.  If the government proves beyond a reasonable doubt a scheme to defraud that contains some or all of the components in the indictment, but is simply more narrow than the scheme to defraud as defined in the indictment, then the government has carried its burden of proof.  You must unanimously agree, however, on the components of the scheme to defraud.

Excerpts from *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 252–54 (2020 Online Edition); *United States v. Stephens*, No. 4:21-cr-00651-SAL, ECF No. 148 at 23–24 (D.S.C. April 7, 2022) (citations omitted); *United States v. Smith*, 44 F.3d 1259, 1270 (4th Cir. 1995); *United States v. Ubakanma*, 215 F.3d 421, 426 (4th Cir. 2000); 2 Modern Federal Jury Instructions-Criminal § 44.01 (2022).

.

**6.      Requirement for Actual Harm or Injury to be Contemplated for Wire Fraud**

The scheme to defraud need not have been successful or complete.  Therefore, the victims of the scheme need not have been injured.   However, the government must show that some actual harm or injury was contemplated by the schemer.  Because the defendant must intend to harm the fraud's victims, misrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution.

*United States v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir. 1994).

7. **Affecting a Financial Institution**

The scheme to defraud must have affected a financial institution, meaning the financial institution itself was victimized by the fraud, as opposed to the scheme's mere utilization of the financial institution in the transfer of funds. To be affected by a scheme to defraud means that the (e.g., bank) either suffered an actual loss or was exposed to a new or increased risk of loss as a result of the scheme to defraud.

*Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 252 (2020 Online Edition) (citing *United States v. Ubakanma*, 215 F.3d 421, 426 (4th Cir. 2000)); 2 Modern Federal Jury Instructions-Criminal § 44.01 (2022).

**8.      Deception Alone Insufficient for Wire Fraud**

In order to find the defendant guilty of wire fraud or conspiracy to commit, you must find beyond a reasonable doubt that the defendant intended to obtain through deceptive means, something to which the defendant was not entitled.  The mere fact that a defendant engaged in deception is insufficient to convict the defendant of wire or mail fraud or a conspiracy thereto.

*United States v. Takhalov*, 827 F.3d 1307, 1312–13 (11th Cir.), *opinion modified*, 838 F.3d 1168 (11th Cir. 2016).

9.    **Materiality**

To convict for wire fraud, the false pretenses, representations or promises must be  about a material fact.  A fact is material if it has a natural tendency to influence or is capable of influencing the intended victim.

Excerpts from *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 94–95 (2020 Online Edition); *United States v. Pasquantino*, 336 F.3d 321, 333 (4th Cir. 2003), *aff'd*, 544 U.S. 349 (2005).

**Count 4–6: Misapplication of Bank Funds**

### 10. Elements of Misapplication of Bank Funds

In Count Four, the Government alleges that Defendant, while an officer of Palmetto State Bank, willfully misapplied bank funds by distributed $680,000 of bank funds to the law firm of Peters Murdaugh without notice to or consent from the Bank's Board of Directors, and that he did so with an intent to injure the Bank in violation of 18 U.S.C. § 656. That federal law, titled "Misapplication of Bank Funds," makes it a crime for any officer, director, or employee of a federally insured bank to embezzle or willfully misapply the funds or credits of such a bank. For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

- First, that the defendant was an officer, agent, or employee of or connected in any capacity with the bank at the time alleged in the indictment;

- Second, that the accounts of the bank were federally insured at the time alleged in the indictment;

- Third, that the defendant embezzled, abstracted, purloined, or misapplied more than $1,000.00 in funds belonging to, or entrusted to the care of, the bank;

- Fourth, that the defendant did so willfully; and

- Fifth, that the defendant did so with the intent to inflict financial injury to the bank or to defraud the bank.

To "misapply" a bank's money or property means the willful conversion or taking by a bank employee of such money or property for his own use or benefit, or the use and benefit of another, whether or not such money or property has been intrusted to his care, and with intent to defraud the bank.

"To act with intent to injure or defraud means to act with intent to deceive or cheat, for the purpose of causing a financial loss to the bank, although it is not necessary that the bank has suffered an actual loss, or to bring financial gain or benefit to one's self. The term "injure" includes only pecuniary loss to the bank; damage to the bank's reputation is too indirect and speculative to support a conviction.

Excerpts from *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 94–95 (2020 Online Edition) (citing *United States v. Blackwood*, 735 F.2d 142, 144 (4th Cir. 1984); *United States v. Arthur*, 544 F.2d 730, 736 (4th Cir. 1976)).

**Miscellaneous**

## 11.    Good Faith

Good faith on the part of the defendant is not consistent with an intent to defraud.  "If the [defendant's] acts were done inadvertently, mistakenly, or in good faith without an intention to defraud, then the government has not sustained its burden of proof, and the defendant[] must be acquitted."

Good faith is a complete defense to the charges before you because good faith on the part of the defendant is inconsistent with intent to defraud or willfulness that is an essential element of the charge in the indictment.

While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. A person who acts on a belief or on an opinion honestly held is not punishable under the law merely because that honest belief turns out to be incorrect or wrong.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.  The burden is on the government to prove the requisite intent and the lack of good faith beyond a reasonable doubt.

Excerpts from *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 255, 640 (2020 Online Edition) (citing *United States v. Frost*, 125 F.3d 346, 372 (6th Cir. 1997)); *United States v. Sheiner*, 273 F. Supp. 977, 982–83 (S.D.N.Y. 1967) (citations omitted), *aff'd*, 410 F.2d 337 (2d Cir. 1969); *United States v. Hirschfeld*, 964 F.2d 318, 322 (4th Cir. 1992); *United States v. Snyder*, 766 F.2d 167, 169-70 (4th Cir. 1985).

12.     **Advice of Counsel**

To establish his good faith in part, Mr. Laffitte claims that he was relying on the advice of any attorney when he committed the acts giving rise to the Government's prosecution. The advice of counsel may be a defense for you to consider when

A defendant relying on the advice-of-counsel defense need only produce some evidence showing "(i) full disclosure of all pertinent facts to an attorney, and (ii) good faith reliance on the attorney's advice." In short, you should consider whether, in seeking and obtaining advice from an attorney, the defendant intended that his acts would be lawful. If he did so, the defendant cannot be convicted of a crime which involves willful and unlawful intent, even if the attorney's advice was inaccurate. On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of an expert.

If "even the slightest amount of relevant evidence" is produced at trial, or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" that the defendant was relying on the advice of an attorney, then you may consider the advice of counsel defense when considering guilt. The burden of producing evidence about the existence of an attorney-client relationship and good faith reliance on an attorney's advice in no way means that the Government is relieved of its ultimate burden of proof beyond a reasonable doubt. The burden to negate the advice of counsel defense remains—exclusively—with the Government.

*United States v. Dallmann*, 433 F. Supp. 3d 804, 810 (E.D. Va. 2020) (citing *United States v. Powell*, 680 F.3d 350, 356 (4th Cir. 2012); *United States v. Gonzales*, 58 F.3d 506, 512 (10th Cir. 1995); *United States v. Westbrooks*, 780 F.3d 593, 596 (4th Cir. 2015)); *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 255, 644 (2020 Online Edition).

13.    **Existence of an Attorney-Client Relationship**

Under South Carolina law, an attorney-client relationship is formed when "a person seeks

legal advice by communicating in confidence with an attorney for the purpose of obtaining such

advice."  Such a relationship can be formed between an attorney and a minor or an estate, but it

can also be formed between an attorney and the court-appointed conservator, guardian, or personal

presentative who generally stands in the shoes of the represented party for the purpose of the

attorney-client relationship.  Just because an attorney has an attorney-client relationship with a

represented party does not mean that the same attorney cannot have an attorney-client relationship

with the court-appointed conservator, guardian, or personal presentative for that represented party.


*In re Broome*, 356 S.C. 302, 316, 589 S.E.2d 188, 195–96 (2003) (citing *Marshall v. Marshall*, 282 S.C. 534, 539, 320 S.E.2d 44, 47 (Ct. App. 1984) (internal citation omitted)); Restatement (Third) of the Law Governing Lawyers § 73 (2000) (discussing ability of trusts and estates to create attorney-client relationships); *Mayorga v. Tate*, 752 N.Y.S.2d 353, 355 (N.Y. App. Div. 2002) (noting that a conservator can "stand[] in the shoes" of a conservatee (citation omitted)); *see also In re Wyatt's Case*, 982 A.2d 396, 409 (N.H. 2009) (considering dual attorney-client relationship between ward and conservator); *Girl Scouts-W. Okla., Inc. v. Barringer-Thomson*, 252 P.3d 844, 847 n.5 (Okla. 2011) (stating that an attorney-client privilege, within a statute, could be "claimed by the client, the client's guardian or conservator, [or] the personal representative of a deceased client").

14.    **Credibility of the Witnesses**

[In Addition to Court's Preliminary and Boilerplate Jury Instructions]

* * *

7)    Did the witness refuse to answer questions based on an assertion of privilege or other protection that hampered your ability to find facts consistent with your duty as jurors.

* * *


*United States v. Burkhart*, 501 F.2d 993, 995 (6th Cir. 1974); *but see United States v. Foster*, 309 F.2d 8, 15 (4th Cir. 1962).

15.    **Defendant's Good Character**

When a defendant has offered evidence of good general reputation [for truth and veracity] [for honesty and integrity] [as a law-abiding citizen], you should consider such evidence along with all the other evidence in the case. Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

You should always bear in mind however, that the law never imposes upon a defendant the burden or duty of calling any witnesses or producing any evidence. Reputation of the defendant's good character, when put in evidence, is a fact which you should consider with the other facts in the case, and further, that reputation for good character is a fact which, when considered in connection with all the other evidence in the case, may, like other facts, generate a reasonable doubt.

*Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 638 (2020 Online Edition).

16.     **Witnesses' Inconsistent Testimony**

In determining whether to believe a witness, you may consider whether a witness said or

did something that is inconsistent with what the witness said while testifying in the courtroom.


*Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 669 (2020
Online Edition) (citing *United States v. Ricketts*, 317 F.3d 540 (6th Cir. 2003)).

17.     **Missing Witness**

Because the Government has within its power to produce a witness whose testimony would shed light on the alleged criminal transaction, the fact that it chose not to do so creates an inference that the testimony, if produced, would be unfavorable to the Government's case.

*Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* at 681 (2020 Online Edition) (citing *United States v. Brooks*, 928 F.2d 1403, 1412 (4th Cir. 1991)); *but see United States v. Chase*, 372 F.2d 453, 467 (4th Cir. 1967).

18.    **Burden of Proof**

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus, the defendant, although accused of the crimes in the indictment, begins the trial with a clean slate, with no evidence of any kind.  The defendant is, of course, not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant.  The presumption of innocent alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to the defendant, for the law never imposes upon the defendant in a criminal trial the burden of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the Government.

It is not required that the Government prove guilt beyond all possible doubt, the test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the Government proves beyond a reasonable doubt that the defendant has committed each and every element of the offenses charged in the indictment, he must find the defendant not guilty of the offenses.  If the jury views the evidence in the case as reasonably permitting either of two conclusions, one of innocence the other of guilt, the jury must, of course, adopt the conclusion of innocence.

*United States v. Roof*, No 2:15-cr-00472-RMG, ECF. No. 690, at 1234:6–1235:14 (May 10, 2017).

19.     **Separate Consideration of Multiple Counts**

The Government has charged the defendant with six separate charges in its indictment. Each charge is referred to as a separate count. The number of counts in the indictment is not evidence of guilt, and this should not influence your decision in any way. It is your duty to consider the evidence as it relates to each count by itself, and to return a verdict for each count. For each count you must decide whether the Government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular count. Your decision on one count, whether it is guilty or not guilty, should not influence your decision on the other counts, unless you are specifically so instructed.

*Roof*, ECF. No. 690, at 1236:21-1237:8.