ELECTRONICALLY FILED - 2022 Aug 04 3:13 PM - ALLENDALE - COMMON PLEAS - CASE#2022CP0300080

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF ALLENDALE | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT |
| ARTHUR BADGER, individually and<br>as Second Successor Personal Representative<br>of the ESTATE OF DONNA BADGER,<br><br>                      *Plaintiff,*<br><br>      v.<br><br>RUSSELL LUCIUS LAFFITTE,<br>PALMETTO STATE BANK, and<br>RICHARD ALEXANDER MURDAUGH,<br><br>                      *Defendants.* | CASE NO. 2022-CP-03-00080<br><br><br><br>**ANSWER<br>OF<br>PALMETTO STATE BANK** |

NOW COMES THE DEFENDANT, PALMETTO STATE BANK ("PSB" or "Defendant"), appearing in the above-captioned matter and answering the Complaint ("Complaint") filed in this matter on June 2, 2022, as follows:

### FOR A FIRST DEFENSE

1. Defendant denies each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained that could be construed as allegations against Defendant, and strict proof thereof is demanded.

2. Defendant admits, upon belief and information known to Defendant at this time, the allegations of Paragraphs 1 and 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits, upon belief and information known to Defendant at this time, the allegations of Paragraphs 4 of the Complaint.

5. The allegations of Paragraph 5 express a conclusion of law that Defendant is required neither to admit nor deny.

6. Defendant denies the allegations of Paragraph 6 of the Complaint, and demands strict proof thereof. Defendant further states Russell Laffitte's actions, as alleged in the Complaint, including but not limited to his service as Personal Representative of the Estate of Donna Badger, were done by him individually and not on behalf of PSB. PSB was not the named personal representative, nor did it receive any fee or compensation related to Russell Laffitte's service as the Personal Representative of the Estate of Donna Badger.

7. Defendant admits, upon belief and information known to Defendant at this time, the allegations of Paragraphs 7, 8, 9, and 10 of the Complaint.

8. The allegations of Paragraphs 11 and 12 of the Complaint express conclusions of law Defendant is required neither to admit nor deny.

9. Defendant admits, upon belief and information known to Defendant at this time, the allegations of Paragraphs 13, 14, and 15 of the Complaint.

10. Defendant denies the allegations of Paragraphs 16, 17, 18, and 19 of the Complaint as they pertain to Defendant and lacks sufficient information and knowledge to respond to those allegations as they pertain to the other Defendants, and demands strict proof thereof.

11. Defendant admits, upon belief and information known to Defendant at this time, the allegations of Paragraph 20 that by order of the Allendale County Probate Court dated September 14, 2012, Defendant Laffitte was appointed personal representative of the Estate of Donna Badger. Defendant denies all remaining allegations of Paragraph 20 of the Complaint, and demands strict proof thereof.

12. Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 21.

13. Defendant denies the allegations of Paragraph 22 as they pertain to this Defendant and lacks sufficient information and knowledge to admit or deny the remaining allegations of this Paragraph, and demands strict proof thereof.

14. The allegations of the first sentence of Paragraph 23 of the Complaint express conclusions of law Defendant is required neither to admit nor deny. Defendant denies the remaining allegations of said Paragraph, upon information and belief.

15. The allegations of Paragraph 24 of the Complaint regarding the necessity of court approval express conclusions of law Defendant is required neither to admit nor deny. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 24, and demands strict proof thereof.

16. Defendant denies the allegations of Paragraph 25 to the extent they allege the Defendant participated in plans to carry out a theft and lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 25.

17. Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 26, and demands strict proof thereof.

18. Defendant denies the allegations of Paragraph 27 to the extent they allege the Defendant participated in plans to carry out a theft of any money or wrongful death recovery and lacks sufficient information and knowledge to admit or deny the remaining factual allegations of Paragraph 27, and demands strict proof thereof. To the extent the allegations of Paragraph 27 express conclusions of law, the Defendant is not required to admit or deny them.

19. Defendant denies the allegations of Paragraph 28 to the extent they allege Defendant was somehow involved in tricking Plaintiff and Defendant sought to steal any money or recovery,

ELECTRONICALLY FILED - 2022 Aug 04 3:13 PM - ALLENDALE - COMMON PLEAS - CASE#2022CP0300080

ELECTRONICALLY FILED - 2022 Aug 04 3:13 PM - ALLENDALE - COMMON PLEAS - CASE#2022CP0300080

which is entirely false. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 28 and demands strict proof thereof.

20. As to the allegations of Paragraph 29, the legal effect of the Receipt and Release is a question of law for the Court. Defendant denies the remaining allegations of Paragraph 29 of the Complaint, and demands strict proof thereof.

21. Defendant denies the allegations of Paragraph 30 to the extent they allege involvement or misconduct by this Defendant, and lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 30.

22. Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraphs 31 and 32.

23. Defendant denies the allegations of Paragraphs 33.

24. As to the allegations of Paragraph 34, Defendant admits that PMPED had one or more trust accounts with Defendant but denies that Defendant managed or administered the trust accounts of PMPED. Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 34.

25. Defendant specifically denies any allegations of Paragraphs 35, 36, and 37 to the extent they allege Defendant engaged in wrongdoing or sought to embezzle funds or participated in any scheme. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraphs 35, 36, and 37, and demands strict proof thereof

26. Defendant denies the allegations of Paragraphs 38 and 39 of the Complaint, and demands strict proof thereof, further alleging, upon information and belief, that the money was not used to pay any debts owed by Defendant Murdaugh to the Defendant

ELECTRONICALLY FILED - 2022 Aug 04 3:13 PM - ALLENDALE - COMMON PLEAS - CASE#2022CP0300080

27. Responding to Paragraph 40, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

28. Defendant denies the allegations of Paragraphs 41, 42, and 43 of the Complaint, and demands strict proof thereof.

29. Responding to Paragraph 44, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

30. Defendant denies the allegations of Paragraphs 45, 46, and 47 of the Complaint, and demands strict proof thereof.

31. Responding to Paragraph 48, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

32. Defendant denies the allegations of Paragraphs 49 and 50 of the Complaint, and demands strict proof thereof.

33. Responding to Paragraph 51, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

34. The allegations of Paragraphs 52, 53, 54, 55, and 56 are not directed to this defendant; as such, no response is required of this Defendant.

35. Responding to Paragraph 57, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

36. Defendant denies the allegations of Paragraphs 58 and 59 of the Complaint, and demands strict proof thereof.

37. Responding to Paragraph 60, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

38. Defendant denies the allegations of Paragraphs 61, 62, 63 (including subparts a. through i),

and 64 of the Complaint, and demands strict proof thereof.

39. Responding to Paragraph 65, Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein.

40. Defendant denies the allegations of Paragraphs 66, 67, 68 (including subparts a. through n), 69 (including subparts a. through h), and 70, and demands strict proof thereof.

41. Responding to the Paragraph of the Complaint beginning, "WHEREFORE," Defendant incorporates herein the responses enumerated above as if alleged and restated in full herein and further states the Plaintiff is not entitled to any relief as to this Defendant.

### BY WAY OF FURTHER ANSWER AND DEFENSE TO ALL CAUSES OF ACTION -- AFFIRMATIVE DEFENSES

### Actions of Other Defendants and Persons

42. The alleged injuries and damages to Plaintiff were caused solely by the actions of others and not Defendant PSB.

### Conflict of Interest

43. The Plaintiff has a conflict of interest in his capacity as Successor Personal Representative of the Estate of Donna Badger in that he has re-opened the Estate for the purpose of making a claim for 50% of the assets of the Estate even though in his capacity as Personal Representative he has an obligation to protect the assets of the Estate and to enforce agreements entered by the Estate that were approved by a court order.

### Collateral Estoppel and Res Judicata

44. Upon information and belief the wrongful death and survival settlements for the death of Donna Badger as well as the payments thereunder were approved by a court of competent jurisdiction and such order was not appealed or objected to. Plaintiff in his individual capacity and as Successor Personal Representative of the Estate of Donna Badger is barred

ELECTRONICALLY FILED - 2022 Aug 04 3:13 PM - ALLENDALE - COMMON PLEAS - CASE#2022CP0300080

from collaterally attacking that order which controls whether the settlement payments made were properly applied as well as the proper allocation of the settlement between the wrongful death and survival claims.

### Failure to Join Indispensable Parties

45. Upon information and belief, the 50% of the Estate assets and the 50% of the wrongful death settlement that Plaintiff now claims he is entitled to were paid for the benefit of the six children of Plaintiff and his deceased spouse, as approved by a court order. Those children are necessary or indispensable parties in that Plaintiff is asserting a claim for half of the structured settlements that were purchased on their behalf. Further, to the extent Plaintiff seeks to disgorge the attorneys' fees paid, such fees were paid, upon information and belief, to PMPED, making PMPED a necessary or indispensable party as well.

### Monies Sought Passed Outside Estate

46. Upon information and belief, the amounts in settlement of the wrongful death claim of Donna Badger were paid by the defendants in that litigation or their insurers to purchase six identical, or similar, structured settlement annuities for each of the six children. The money paid by the Defendants or their insurers for these annuities was never paid to the Estate of Donna Badger, nor was it ever an asset of the Estate of Donna Badger.

### Ratification and Consent

47. Upon information and belief, Plaintiff was fully aware the proceeds for the settlement of the claim for the death of his wife were directed to purchasing structured settlement annuities for his six children. Plaintiff approved or, at a minimum, did not object to the use of the full amount of those proceeds to purchase the annuities for his children. Over the next ten years he never claimed or asserted entitlement to 50% of the money paid by the defendants or their

ELECTRONICALLY FILED - 2022 Aug 04 3:13 PM - ALLENDALE - COMMON PLEAS - CASE#2022CP0300080

insurers for the wrongful death of his wife should have been paid to him.

## Release

48. Upon information and belief, Plaintiff signed a release of any claims against the personal representative of the Estate of Donna Badger.

## Accord and Satisfaction

49. The claims of Plaintiff are barred, in whole or in part, by the defense of accord and satisfaction.

## Compromise and Settlement

50. The claims of Plaintiff are barred, in whole or in part, by Plaintiff's compromise and settlement with other persons or parties.

## Setoff and Credit

51. Defendant is entitled to a setoff and credit for all amounts collected by Plaintiff from other parties or persons that were paid to Plaintiff, to the Estate of Donna Badger, or to any persons making claims as heirs of Donna Badger or as heirs of the Estate of Donna Badger.

## Actual Cause

52. Defendant's conduct was not the actual cause of any losses, damages, or injuries allegedly suffered by Plaintiff. Any losses, damages, or injuries allegedly suffered by Plaintiff were caused by the willful misconduct, negligence and gross negligence of other parties and persons as alleged herein.

## Proximate Cause

53. Defendant's conduct was not the immediate and direct proximate cause of any losses, damages, or injuries allegedly suffered by Plaintiff.

ELECTRONICALLY FILED - 2022 Aug 04 3:13 PM - ALLENDALE - COMMON PLEAS - CASE#2022CP0300080

ELECTRONICALLY FILED - 2022 Aug 04 3:13 PM - ALLENDALE - COMMON PLEAS - CASE#2022CP0300080

### Injured by Others

54. Any damages sustained by Plaintiff were caused wholly or jointly by some person or persons for whom Defendant is not legally responsible.

### Intervening of Superseding Cause

55. Any damages to Plaintiff were proximately caused by unforeseeable, independent, intervening, and/or superseding acts of third persons or parties beyond the control and unrelated to any actions or conduct of Defendant, which therefore bars any recovery from Defendant.

### Punitive Damages Unconstitutional

56. Defendant denies that it is liable for any punitive and/or exemplary damages. Defendant avers that any award of punitive damages against it would violate the constitutional safeguards provided under the Constitution of the United States of America, and the Constitution of South Carolina, in that punitive damages violate due process and equal protection guarantees, place an undue burden on interstate commerce, violate the right to assembly and petition the government and violate the proscription against excessive fines.

### Punitive Damages Statutory Cap

57. Defendants assert that any award of punitive damages is subject to and limited by the applicable provisions of S.C. Code Ann. § 15-32-530.

### No Duty Owed

58. Defendant is informed, believes, and thereon alleges, that the Complaint, and each cause of action therein, is barred because Defendant did not owe any duty to Plaintiff.

**Statute of Limitations**

59. Plaintiff's causes of action against this Defendant are barred, having been brought outside the applicable statute of limitations.

**Estoppel**

60. Plaintiff's causes of actions against this Defendant are barred by operation of the doctrine of estoppel.

**Equitable Estoppel**

61. Plaintiff is equitably estopped from asserting the causes of action and requests for relief as to this Defendant, and is therefore barred from pursuing the claims in the Complaint against this Defendant.

**Waiver**

57. Plaintiff's claims are barred under the doctrine of waiver.

**Laches**

62. The claims of Plaintiff are barred by operation of the doctrine of laches.

**Failure to Mitigate Damages**

63. The Plaintiff had a duty to mitigate the damages he claims. Through due diligence the damages and injures complained of in the Complaint could have reasonably been avoided or reduced by actions that should have been taken by the Plaintiff. The Plaintiff failed to take said actions to reasonably avoid or reduce the alleged damages and injuries and is, therefore, not entitled to recover said damages from this Defendant.

**Comparative Negligence and Recklessness**

64. To the extent Plaintiff alleges Defendant was negligent and reckless, which is specifically and expressly denied, Plaintiff was comparatively negligent and reckless, and such negligence

ELECTRONICALLY FILED - 2022 Aug 04 3:13 PM - ALLENDALE - COMMON PLEAS - CASE#2022CP0300080

ELECTRONICALLY FILED - 2022 Aug 04 3:13 PM - ALLENDALE - COMMON PLEAS - CASE#2022CP0300080

and recklessness of Plaintiff combined and concurred with the alleged negligence and recklessness of Defendant, proximately causing Plaintiff's alleged damages, thereby barring Plaintiff's recovery in whole or in part.

### Reservation and Non-Waiver

65.  This Defendant reserves any additional and affirmative defenses as may be revealed or become available to it during the course of their investigation and/or discovery in the case and is consistent with the South Carolina Rules of Civil Procedure.

### PRAYER FOR RELIEF – JURY TRIAL DEMANDED

WHEREFORE, having fully answered the Complaint herein, Defendant Palmetto State Bank prays that all claims against this Defendant be dismissed with prejudice, that all costs of Defendant, including reasonable attorneys' fees, be taxed to a party other than Defendant, for a trial by jury on all triable issues, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Thomas P. Gressette, Jr.*
**Thomas P. Gressette, Jr. (SC Bar Number 14065)**
Direct: (843) 727-2249
Email: Gressette@WGLFIRM.com
**G. Trenholm Walker  (SC Bar Number 5777)**
Direct: (843) 727-2208
Email: Walker@WGLFIRM.com
**James W. Clement (SC Bar Number 102467)**
Direct: (843) 727-2224
Email: Clement@WGLFIRM.com
**WALKER GRESSETTE & LINTON, LLC**
Mail:   P.O. Drawer 22167, Charleston, SC 29413
Office: 66 Hasell Street, Charleston, SC 29401
Phone: (843) 727-2200
**ATTORNEYS FOR DEFENDANT
PALMETTO STATE BANK**

August 4, 2022
Charleston, South Carolina