IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Case No. 9:22-cr-00658-RMG |
| v. | |
| Russell Lucius Laffitte, | |
| Defendant. | |

**Defendant's Motion to Seal**

By and through undersigned counsel, the Defendant moves to file the documents set forth below under seal. *See* Fed. R. Civ. P. 5.2(e)(1), Local Crim. R. 49.01 (D.S.C.), and the Standing Order Regarding Sealing Documents in Criminal Matters, ECF No. 1, No. 3:14-mc-00333-TLW (Oct. 28, 2014).

The grounds for this motion are:

1. On July 19, 2022, a federal grand jury returned a five-count Indictment against Mr. Laffitte, charging him with (1) conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349 (Count 1); (2) bank fraud, in violation of 18 U.S.C. § 1344(2) (Count 2); wire fraud, in violation of 18 U.S.C. § 1343 (Count 3); and two counts of misapplication of bank funds, in violation of 18 U.S.C. § 656 (Counts 4 and 5). The grand jury then returned a six-count Superseding Indictment against Mr. Laffitte that added another count for the misapplication of bank funds in violation of 18 U.S.C. § 656 (Count 6).

2. Defendant addresses the factors governing sealing of documents reflected in *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *In re Knight Publishing Co.*, 743 F.2d 231, 235–36 (4th Cir. 1984)) as follows:

a. Public notice of this request to seal and to allow interested parties a reasonable opportunity to object will be provided by the Clerk of Court under the requirements set forth in Local Crim. R. 49.01 (D.S.C.).

b. There is no less drastic alternative to sealing this information for *in camera* review because any applicable privilege or protection could be lost or waived by disclosure prior to the Court's determination that the materials should be produced under a protective order.

c. Granting the request to seal is appropriate because it would permit *in camera* review of the allegedly protected material. The Motion and its exhibits may be unsealed at the appropriate time after the Court's review.

3. As required by Local Crim. Rule 49.01(B)(2), this motion is accompanied by

a. **Exhibit 1**: the non-confidential descriptive index, which identifies the documents proposed to be filed under seal as exhibits A through M;

b. **Exhibit 2**: counsel's certification of compliance with Local Crim. R. 49.01 (D.S.C.); and

c. The unredacted documents Defendant requests that the Court review *in camera*. The written materials are provided only to the Court through its ECF email address, with hard copies hand-delivered to the Court in a sealed envelope. Given the potential privilege applicable to the evidence, Defendant does not provide these filings and evidence to the Government or counsel for the Bank unless and until the Court so directs.

**Conclusion**

Therefore, having complied with the requirements of Local Crim. R. 49.01(B)(2)(a) (D.S.C.) and the Standing Order Regarding Sealing Documents in Criminal Matters, ECF No. 1,

No. 3:14-mc-00333-TLW (Oct. 28, 2014), Defendant respectfully requests that the Court grant its motion to seal.

        NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ E. Bart Daniel*
    E. Bart Daniel, Federal Bar No. 403
    E-Mail: bart.daniel@nelsonmullins.com
    Matt Austin, Federal Bar No. 11435
    E-Mail: matt.austin@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

    Christian J. Myers, Federal Bar No. 13096
    E-mail:  josh.myers@nelsonmullins.com
    Phone: (202) 689-2800
    101 Constitution Avenue NW, Suite 9000
    Washington, DC 20001

*Attorneys for Russell Lucius Laffitte*

Charleston, South Carolina
November 1, 2022