IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Case No. 9:22-cr-00658-RMG |
| v. | |
| Russell Lucius Laffitte, | |
| Defendant. | |

**Defendant's Response in Opposition to the Government's Motion in Limine to Exclude Improper Nullification Evidence**

Without moving under any specific rule under the Federal Rules of Evidence, the Government's Motion in Limine first seeks to bar Mr. Russell Laffitte from proffering any arguments or evidence implicating the unlawful acts of his alleged co-conspirator, Mr. Alex Murdaugh.  (Government's Mot. in Limine 2, ECF No. 106.)  It then requests that the Court prohibit Mr. Laffitte from presenting "any argument or evidence from . . . suggesting that he was singled out for prosecution." (*Id.* at 4.)  The Government's Motion is premature and misconstrues the nature of jury nullification.  Most importantly, it seeks to set a dangerous precedent for future criminal defendants.  Accordingly, the Court should deny the Government's Motion in Limine to Exclude Improper Nullification Evidence.

**Factual and Procedural Background**

In July, a federal grand jury returned a five-count Indictment against Mr. Laffitte, charging him with (1) conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349 (Count 1); (2) bank fraud, in violation of 18 U.S.C. § 1344(2) (Count 2); wire fraud, in violation of 18 U.S.C. § 1343 (Count 3); and two counts of misapplication of bank funds, in violation of 18 U.S.C. § 656 (Counts 4 and 5).  The next month, the grand jury returned a six-count Superseding

Indictment supplementing conduct to the scheme and artifice of the conspiracy to commit wire fraud and bank fraud charge (Count 1) and adding another count for misapplication of bank funds in violation of 18 U.S.C. § 656 (Count 6). After the Government conceded that there were inaccuracies within the Superseding Indictment, the Government decided to fix its errors by filing a Second Superseding Indictment. (Mr. Laffitte's Mot. to Dismiss Second Superseding Indictment 2–3, ECF No. 73 at 2–3.) Eventually, in its third attempt, the Government presented the Second Superseding Indictment to the grand jury in late September.

The Government filed its Motion requesting that the Court prohibit Mr. Laffitte from presenting any potential arguments and evidence concerning: (1) Alex Murdaugh's unlawful actions, and (2) the Government's decision to selectively prosecute him as opposed to Alex Murdaugh. (Government's Mot. in Limine, ECF No. 106.) Mr. Laffitte timely opposes the Government's Motion.

### Legal Standard

Generally, the "purpose of a motion in limine is to obtain a preliminary ruling on the admissibility of a particular evidentiary matter." *United States v. Macon*, No. 2:16-cr-00121-DCN, 2018 WL 1036212, at *2 (D.S.C. Feb. 23, 2018) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Although courts have "broad discretion" in deciding motions in limine, *McLaughlin v. CSX Trans., Inc.*, C/A No. 4:15-CV-00245RBH, 2017 WL 2403578, at *1 (D.S.C. June 2, 2017), such a motion "should be granted only when the evidence is clearly inadmissible on all potential grounds." *United States v. Underwood*, Case No. 0:19-cr-420-JMC, 2021 WL 1207455, at *2 (D.S.C. Mar. 31, 2021) (quoting *United States v. Verges*, No.1:1:13-cr-222-JCC, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014)); *see also Macon*, 2018 WL 1036212, at *2 (stating that a motion in limine is proper "only if the evidence is 'clearly inadmissible for any purposes'").

## Argument

**I.    The Government's attempt to categorically bar arguments and evidence involving Alex Murdaugh's unlawful actions is premature and at odds with the law.**

The Government begins by arguing that Mr. Laffitte's counsel should not have the opportunity to argue that the "charged crimes were committed by Murdaugh, not by Laffitte," because it would "steer the jury toward nullification." (Government's Mot. in Limine 2.) The Government's argument misapprehends the law, is premature, and asks this Court to issue a dangerous precedent for future criminal proceedings.

Jury nullification is best understood as: "A jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result is contrary to the jury's sense of justice, morality, or fairness." *Jury Nullification*, Black's Law Dictionary (11th ed. 2019). The Fourth Circuit has recognized that although "a jury is entitled to acquit on any ground, a defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence, *i.e.* a jury has the power of nullification but defense counsel is not entitled to urge the jury to exercise this power." *United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) (citations omitted). Mr. Laffitte is not advocating for a jury to reject the law or evidence. To the contrary—his motions and briefs to date have mostly centered on trying to seek the production and admission of evidence relevant to the allegations in the indictment. Nor does Mr. Laffitte suggest that a jury instruction should include anything about a "social issue that is larger than the case itself" or employ anything about "justice, morality, or fairness." *Jury Nullification*, Black's Law Dictionary (11th ed. 2019).

If anything, Mr. Laffitte may or may not present arguments or evidence that are the opposite of jury nullification. It is hornbook law that "[i]n some cases, the government's selective presentation of entirely truthful evidence can cast a defendant in an inaccurate, unfavorable light,

or make entirely legitimate, normal, or accepted acts appear unusual or suspicious." *United States v. Hurn*, 368 F.3d 1359, 1366–67 (11th Cir. 2004). "In these situations, the defendant has the right to introduce additional evidence to dispel this unjustified taint, even if that evidence does not directly or indirectly bear on a particular element of an offense." *Id.* at 1367. To be clear, the Government's Second Superseding Indictment includes approximately 64 references to "the Bank Customer," Alex Murdaugh. (*See* 2d Superseding Indictment, ECF No. 61; *see also* Government's Mot. in Limine 1 (describing "the Bank Customer" as Alex Murdaugh).) The Government decided—own its own accord—that Alex Murdaugh is a central figure to this case by referencing him so many times within the Second Superseding Indictment. So if there are any arguments or evidence referencing Alex Murdaugh's unlawful actions from Mr. Laffitte, then the jury will have a complete view of the evidence because they will understand why or why not Mr. Laffitte undertook certain actions. *See Hurn*, 368 F.3d at 1367 (noting that "evidence introduced to 'complete' a potentially misleading story offered by the government is pertinent only when it might color a jury's assessment of the material facts of the case").

The Government's Motion is also premature because there is nothing before the Court indicating whether, how, or to what extent Alex Murdaugh will be mentioned at trial. Federal courts routinely deny similar motions in limine from the Government as premature at this stage. *See United States v. Babichenko*, No. 1:18-cr-00258-BLW, 2021 WL 2371565, at *1 (D. Idaho June 9, 2021) (denying a motion in limine to exclude arguments or evidence related to jury nullification as "premature" and deciding that the court "will instead exclude any irrelevant evidence or argument designed to achieve jury nullification as such may arise at trial"); *Campbell v. Garcia*, No. 3:13–cv–0627–LRH–WGC, 2016 WL 4769728, at *3 (D. Nev. Sept. 13, 2016) ("the court finds that any necessary rulings related to improper argument constituting jury

nullification can be made during the course of trial"); *United States v. Calderon-Rodriguez*, 811 F. Supp. 2d 562, 564 (D.P.R. 2011) (denying a motion in limine related to jury nullification and deciding that the court will address the issue "on a case-by-case basis"); *United States v. Ramirez*, No. 6:09–cr–45–ORL–35KRS,  2009 WL 10675380, at *2 (M.D. Fla. Nov. 5, 2009) (denying a motion in limine to exclude arguments or evidence involving jury nullification and stating that "[i]f, at trial, [the defendant] attempts to present such evidence or argument, the Government may object and reassert its motion on this point at that time").

Lastly, the Government's Motion seeks to impose a dangerous precedent for future criminal proceedings.  Apparently, in the Government's view, whenever an unindicted co-conspirator engages in unlawful activity, any arguments or references to that individual's unlawful conduct is per se excluded because of concerns over jury nullification.  (*See* Government's Mot. in Limine 2–3.)  But the Government cites to no legal authority for its extraordinary position.  It likely does not do so for good reason:  Federal courts often allow the introduction of evidence concerning the unlawful actions of co-conspirators.  *See United States v. Ferguson*, 29 F.4th 998, 1002 (8th Cir. 2022) (noting that evidence of controlled buys from co-conspirators may be admissible even when the buys did not involve a particular co-defendant); *United States v. Spears*, 60 F. App'x 671, 673 (9th Cir. 2003) (holding that a district court did not abuse its discretion by admitting evidence of a homicide that was committed by a co-conspirator); *United States v. Tate*, No. 17-CR-0099-001-CVE, 2018 WL 1229755, at *4 (N.D. Okla. Mar. 9, 2018) (declining to exclude "an entire category of evidence" about the crimes of unindicted co-conspirators "based only on [a] defendant's vague description"); *United States v. Griffin*, No. 2:10-CR-0160-SA-JMV, 2012 WL 12878573, at *3–4 (N.D. Miss. July 19, 2012) (denying a motion in limine that sought to preclude out-of-court statements made by unindicted co-conspirators).    Adopting the

Government's position would create a new evidentiary rule that would be incredibly expansive, and it would also dramatically undermine a defendant's right to present a robust defense as a result. *United States v. Abbas*, 74 F.3d 506, 510 (4th Cir. 1996) ("The Sixth Amendment provides that a criminal defendant has a right to present his best defense." (citation omitted)). This Court should emphatically reject the Government's invitation.

The Government fails to invoke any evidentiary rules to support its motion. The Government makes a passing reference that the evidence is "immaterial, irrelevant, and unduly prejudicial." (Government's Mot. 2.) At best, this is an improper invocation of Rules 401 through 403 of the Federal Rules of Evidence. If the motion is not premature or too abstract for resolution before trial, then Court should be guided by the only evidentiary rules when rejecting the Government's Motion. Under those rules, Mr. Laffitte need only meet a low bar for admission of relevant evidence, which is evidence that "has *any* tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." *See* Fed. R. Evid. 401. He intends to do so at trial by showing how Alex Murdaugh was involved in the transactions and improperly advised Mr. Laffitte about their validity and legality. Such evidence is relevant to establish the lack of intent necessary for the crimes charged and to establish Mr. Laffitte's recognized (and authorized) defenses. Then the evidentiary burden shifts to the Government, who must establish that this alleged nullification danger—what Mr. Laffitte assumes is the undue prejudice asserted by the Government—*substantially* outweighs the probative value of the evidence. Fed. R. Evid. 403. When conducting such a balancing test, the Government cannot meet this high burden for excluding the evidence it references.

For these reasons, the Court should deny the Government's Motion to the extent it seeks to bar any arguments or evidence implicating the unlawful actions of Alex Murdaugh.

II.    **The Court should reject the Government's request that it exclude arguments and evidence concerning a selective prosecution.**

Next, the Government requests that the Court "prohibit any argument or evidence from Laffitte suggesting that he was singled out for prosecution." (Government's Mot. in Limine 4.) Similar to the Government's first argument, the Government continues to seek premature relief from the Court.

Federal courts have stated that the "selective prosecution of a criminal defendant is not an issue for the jury to decide. Rather, the district court should consider the matter before trial." *United States v. Clay*, 618 F.3d 946, 956 (8th Cir. 2010). This is the case because the "question of discriminatory prosecution relates not to the guilt or innocence of [defendants], but rather addresses itself to a constitutional defect in the institution of the prosecution." *United States v. Berrigan*, 482 F.1d 171, 175 (3d Cir. 1973).

Although the Government has curiously singled Mr. Laffitte out for prosecution, he has no intention of presenting a selective-prosecution theory to the jury. The Government's Motion is simply premature at this juncture. *See United States v. Sims*, No. 2:21-cr-00026-ART-BNW, 2022 WL 2080088, at *2 (D. Nev. June 8, 2022) (denying a motion in limine from the Government when there was an "underdeveloped factual record" and a defendant advised that it would comply with the Federal Rules of Evidence); *United States v. Miah*, No. 21-110, 2021 WL 5605088, at *5–6 (W.D. Pa. Nov. 29, 2021) (denying the Government's motion in limine as partially premature when it was premised upon direct testimony being elicited during trial); *United States v. Rounds*, No. 10-CR-239S(1)(2)(3)(4)(5)(8), 2015 WL 5918372, at *1 (W.D.N.Y. Oct. 9, 2015) (denying the Government's premature motion in limine and stating that the Government could raise the issue "at an appropriate time during trial").

Accordingly, the Court should deny the Government's Motion as it relates to arguments or evidence suggesting a selective prosecution.

## Conclusion

For the reasons set forth above, the Court should deny the Government's Motion in Limine to Exclude Improper Nullification Evidence.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ E. Bart Daniel*
     E. Bart Daniel, Federal Bar No. 403
     E-Mail: bart.daniel@nelsonmullins.com
     Matt Austin, Federal Bar No. 11435
     E-Mail: matt.austin@nelsonmullins.com
     151 Meeting Street / Sixth Floor
     Post Office Box 1806 (29402-1806)
     Charleston, SC  29401-2239
     (843) 853-5200

     Christian J. Myers, Federal Bar No. 13096
     E-mail:  josh.myers@nelsonmullins.com
     Phone: (202) 689-2800
     101 Constitution Avenue NW, Suite 9000
     Washington, DC 20001

     *Attorneys for Russell Lucius Laffitte*

Charleston, South Carolina
November 2, 2022