IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL NO. 9:22-658-RMG |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **RUSSELL LUCIUS LAFFITTE** | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

On October 27, 2022, the Defendant Russell Lucius Laffitte filed a motion in limine to exclude witness opinion testimony regarding his guilt or innocence. ECF No. 124. In his motion, the Defendant argues that "[t]he ultimate issue of Mr. Laffitte's guilt or innocence is one reserved for the jury, and the jury is capable of making the determination on its own." Def.'s Mot. in Limine at 1. The Government does not intend to elicit testimony opining on the Defendant's guilt or innocence. *See Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 368 (4th Cir. 1986) (expert testimony that states a legal conclusion or concerns dispositive legal issues is generally inadmissible), *abrogated on other grounds by Pinter v. Dahl*, 486 U.S. 622 (1988). However, the Defendant further argues, in the abstract, that the Court should preemptively exclude "testimony that Mr. Laffitte's conduct was stealing, that he is a thief, or any similar testimony that inappropriately draws a legal conclusion." Def.'s Mot. in Limine at 1. To the extent the Defendant asks the Court to prematurely evaluate or improperly limit testimony that is permissible under the Federal Rules of Evidence and Fourth Circuit case law, the Government opposes the motion.

The Defendant cites Federal Rules of Evidence 701, 702, and 403 in support of his motion. More applicable to Defendant's argument, however, is Federal Rule of Evidence 704, which provides that opinion and lay witness testimony on the "ultimate issue" is permissible. Fed. R.

1

Evid. 704(a). Rule 704 expressly states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact," except that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." *Id.* at 704(a), (b). Fourth Circuit precedent makes clear that Rule 704 permits expert testimony that "embraces an ultimate issue to be decided by the trier of fact." *United States v. Campbell*, 963 F.3d 309, 313 (4th Cir. 2020).

Rule 704 officially abolished the so-called "ultimate issue" rule, *see* Fed. R. Evid. 704, subject to any applicable limitations set forth in Rules 701, 702, 401, and 403. *United States v. Campbell*, 963 F.3d 309, 313 (4th Cir. 2020) ("To begin with, we note that expert testimony addressing an ultimate issue is no longer categorically inadmissible. Although the common law barred such testimony, 'Rule 704(a) was designed specifically to abolish the 'ultimate issue' rule.'" (internal quotations and citations omitted.). "These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day." *United States v. Barile*, 286 F.3d 749, 759–60 (4th Cir. 2002) (quoting Fed. R. Evid. 704 advisory committee's notes). "The touchstone of admissibility of testimony that goes to the ultimate issue, then, is helpfulness to the jury." *United States v. Perkins*, 470 F.3d 150, 157–58 (4th Cir. 2006) (stating that while "[a]n opinion is not objectionable simply because it embraces an ultimate issue to be decided by the trier of fact, . . . such an opinion may be excluded if it is not helpful to the trier of fact" (citing *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir.1993))). Thus, the Court's task "is to distinguish [helpful] opinion testimony that embraces an ultimate fact from [unhelpful] opinion testimony that states a legal conclusion." *Barile*, 286 F.3d at 760. The Fourth Circuit has stated that "[t]he best way to

2

determine whether opinion testimony [is unhelpful because it merely states] legal conclusions, 'is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular.'" *Id.* (quoting *Torres v. Cnty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985)). If and when any such issues arise, "the district court should consider first whether the question tracks the language of the legal principle at issue or of the applicable statute." *Id.* Then, the Court should consider "whether any terms employed have specialized legal meaning" different from vernacular usage. *Id.*

The Government does not take issue with the Defendant's motion to the extent it seeks to exclude witness testimony opining on his guilt or innocence of the crimes charged. However, the Government opposes the Defendant's request for the Court to preemptively evaluate and limit witness testimony that the Defendant was "stealing," or similar testimony. The Government anticipates that some of the witnesses may testify that the Defendant stole funds from the victims in the case. Similarly, the Government anticipates that witnesses will testify that the Defendant made misrepresentations and lied about pertinent facts in this case. Such testimony is not improper under Rule 704. To the contrary, words such as lie, misrepresent, and steal are not words that have a legal meaning distinct from their usage in everyday vernacular. *See, e.g.*, *United States v. Sheffey*, 57 F.3d 1419, 1426 (6th Cir. 1995) (testimony that the defendant had driven "recklessly, in extreme disregard for human life," did not state a legal conclusion because the terms "recklessly" and "extreme disregard for human life" do not have a legal meaning distinct from everyday usage). Therefore, such testimony is not improper under Rule 704.

Moreover, here, the underlying conduct involves complex factual and legal issues related to financial transactions, banking policies and practices, and probate and estate law. The Government intends to present lay and expert testimony to aid the jury in navigating these complex

3

factual and legal issues. *See United State v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("Expert witnesses are often uniquely qualified in guiding the trier of fact through a complicated morass of obscure terms and concepts. Because of their specialized knowledge, their testimony can be extremely valuable and probative."). Such testimony is permissible under Rule 704.

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: s/ *Emily Limehouse*
　　Emily Evans Limehouse (Federal ID #12300)
　　Winston D. Holliday, Jr. (Federal ID #7597)
　　Kathleen Michelle Stoughton (Federal ID #12161)
　　Assistant United States Attorney
　　151 Meeting Street, Suite 200
　　Charleston, South Carolina, 29402
　　(843) 266-1663
　　Emily.Limehouse@usdoj.gov

November 2, 2022