IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Case No. 9:22-cr-00658-RMG |
| v. | |
| Russell Lucius Laffitte, | **DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVT'S MOTION IN LIMINE TO EXCLUDE GOOD CHARACTER EVIDENCE** |
| Defendant. | |

Defendant Russell Lucius Laffitte, by and through his undersigned counsel, submits this response to the Government's motion to exclude evidence of Mr. Laffitte's good character under Rules 403, 404, 405. (ECF No. 109). Specifically, the Government seeks a pretrial ruling that Mr. Laffitte cannot introduce evidence "that he is or has been a good banker, conservator, or personal representative or respected member of the community; evidence that he did not commit acts of fraud or misapply bank funds on other particular occasions; and/or evidence of his lack of criminal history." (*Id.* at 1.) It is unthinkable that the Government—who placed Mr. Laffitte's character at issue when it charged him of being in a conspiracy to steal and defraud—would now attempt to tie Mr. Laffitte's hands in his own defense and prevent the jury from hearing evidence of his good character.

As an initial matter, the Government cites *United States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988)—"[u]nless evidence of character is an essential element of a charge, claim or defense, proof of character is limited to general good character (reputation as a good person and law abiding citizen)"—yet seeks to prohibit Mr. Laffitte from eliciting testimony that he is a good person or law abiding citizen. (ECF No. 108 at 1, 4.) *At minimum*, Mr. Laffitte should be allowed to provide evidence of his reputation as a good person "well respected in the community" and a

1

law-abiding citizen as proof of his general good character. *See United States v. Neely*, No. 1:21CR00030-009, 2021 WL 5769983, at *2 (W.D. Va. Dec. 6, 2021) ("Character is not an essential element of the charges here, and thus any character evidence concerning the defendant will be limited at trial to reputation or opinion evidence by witnesses as to her general good character for law-abidingness."). Evidence of Mr. Laffitte's general good character may "be proved testimony by a witness of the defendant's reputation or in the form of an opinion by the character witness." *Id.*; Fed. R. Evid. 405(a).

Turning to the Government's substantive argument, they assert Mr. Laffitte's "good character" is "not pertinent to the charges against [him]" and thus inadmissible under Rules 404 and 405. (ECF No. 109 at 4; *see* Rule 404(a)(2)(A) (permitting a criminal defendant to offer evidence of a "pertinent trait")). "'Pertinent' is synonymous with 'relevant.'" *United States v. Tangen*, No. 2:15-CR-0073-SMJ, 2016 WL 3676451, at *2 (E.D. Wash. July 7, 2016) (citing U.S. v. Hewitt, 634 F.2d 277, 279 (5th Cir. 1981)). In this case, Mr. Laffitte's good character is relevant because Government has charged him with crimes of dishonesty and deceit. (*See* 2d Superseding Indictment (Count 1, Conspiracy to Commit Bank Fraud and Wire Fraud; Count 2, Bank Fraud; Count 3, Wire fraud; Counts 4-6, Misapplication of Bank Funds)). To find Mr. Laffitte guilty, the jury will have to find he took actions as PR, conservator, and in his role at the Bank with an intent to defraud; that he knowingly executed a scheme to defraud; willfully misapplied bank funds, and that he acted with an intent to further the unlawful purposes of the conspiracy. (*See id.*) Therefore, Mr. Laffitte should be allowed to elicit testimony as to his character traits of truthfulness, honesty, and reliability as directly relevant to the charges against him and his defense that he acted without criminal intent or knowledge. *See United States v. Hough*, 803 F.3d 1181, 1190–91 (11th Cir. 2015) ("Evidence of a criminal defendant's 'pertinent' character trait—such as honesty and

truthfulness in a fraud case—is admissible" (citing Fed. R. Evid. 404(a)(2)(A)); *United States v. Sutton*, No. CR 21-0598, 2022 WL 13940371, at *17 (D.D.C. Oct. 23, 2022) ("Evidence of both defendants' reputations for truthfulness and reliability are also directly relevant to the obstruction of justice charge – namely, whether defendants knowingly 'engage[d] in misleading conduct' with the purpose 'to prevent an internal investigation of the incident and referral of the matter to federal authorities for a criminal civil rights investigation.'" (quoting indictment)). The Government will have an opportunity to cross-examine any witness who testifies to Mr. Laffitte's good character and offer rebuttal evidence. *See* Fed. R. Evid. 404(a)(2)(a).

Furthermore, because fraud is an essential element of the charges against Mr. Laffitte, "specific instances" of his truthful or honest conduct are admissible under Rule 405. When character is an essential element of a charge, claim or defense, as it is in this case, Rule 405 permits the character or trait to "be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b); *see Sutton*, 2022 WL 13940371, at *18 (noting Rule 405(b) applies "to cases in which the parties have made character an ultimate issue . . . when character or a character trait is an operative fact which under the substantive law determines the legal rights of the parties" (quoting Wright & Miller § 5263)). Again, Mr. Laffitte's character is indisputably at issue in this case:

- Count One alleges that Mr. Laffitte "knowingly devise[d] a scheme and artifice to defraud and obtain money by means of false and fraudulent pretenses," and "knowingly execute[d] and attempt[ed] to execute a scheme and artifice to obtain properly held by PSB . . . by means of materially false and fraudulent pretenses, representations and promises and failing to disclose material information and

- fraudulently concealing material information." (2d Superseding Indictment ¶¶ 10(a)-(b).)
- Counts Two and Three contain allegations that Mr. Laffitte executed a scheme to defraud "by means of false and fraudulent pretenses". (*See id.* ¶14, 15.)
- Counts Four through Six, allege Mr. Laffitte "*willfully* misapplied, abstracted, and purloined" vPSB funds. (*See* Count 4 (distributing Bank funds "without notice or consent to the PSB Board of Directors" (*id.* ¶ 18)); Count 5 (causing PSB to fund a loan "with preferential lending terms, including insufficient collateral, knowing that the loan was essentially unsecured" (*id.*¶ 20)); Count 5 (causing PSB to fund a line of credit to a customer for "farming" and then issuing a cashier's check knowing it would not be used for that stated purpose (*id.* ¶ 22)).

Therefore, Mr. Laffitte's character has been placed "in issue" and evidence of his truthful and honest conduct are admissible negate Mr. Laffitte's specific intent *See United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995)) (In determining whether character is an essential element, "[t]he relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense?"); *Tangen*, 2016 WL 3676451, at *2 ("Further, because bank fraud requires knowingly executing a scheme or artifice '(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises,' 18 U.S.C. § 1344, specific instances of truthful or honest conduct by Defendant are admissible under Rule 405(b) as fraud is an 'essential element" of Defendant's charge." (emphasis added)).

Finally, allowing good character evidence into evidence is critical to ensuring Mr. Laffitte receives a fair trial. The Government believes evidence of Mr. Laffitte's good character risks unfair prejudice and "would suggest that the jury may decide the case on the basis of good or sympathetic feelings toward Laffitte, rather than on the basis of substantive law governing this case." (ECF No. 109 at 4.) However, *only* allowing in the Government's evidence purportedly showing Mr. Laffitte's bad character or propensity for dishonesty or greed risks the jury deciding the case based on their *negative* feelings toward Mr. Laffitte. Moreover, any risk that the jury issues a verdict based on their feelings about Mr. Laffitte, rather than the substantive law, can be cured by an instruction to the jurors.

In sum, evidence of Mr. Laffitte's good character is not only proper under rules 404 and 405 as pertinent to the charges against him, but also ensures the jury does not hear one-side, negative character evidence that risks unfair prejudice under Rule 403.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ E. Bart Daniel*
E. Bart Daniel, Federal Bar No. 403
E-Mail: bart.daniel@nelsonmullins.com
Matt Austin, Federal Bar No. 11435
E-Mail: matt.austin@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

Christian J. Myers, Federal Bar No. 13096
E-mail:  josh.myers@nelsonmullins.com
Phone: (202) 689-2800
101 Constitution Avenue NW, Suite 9000
Washington, DC 20001

*Attorneys for Russell Lucius Laffitte*

Charleston, South Carolina
November 4, 2022