UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 9:22-cr-00658-RMG |
| | ) | |
| Russell Lucius Laffitte, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant's motion to dismiss the Second Superseding Indictment. (Dkt. No. 137). For the reasons set forth below, the Court denies Defendant's motion.

**Factual Background**

On July 19, 2022, a federal grand jury returned a five-count Indictment charging Defendant with Conspiracy to Commit Wire Fraud and Bank Fraud, in violation of 18 U.S.C. § 1349 (Count 1); Bank Fraud, in violation of 18 U.S.C. § 1344(2) (Count 2); Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 3); and two counts of Misapplication of Bank Funds, in violation of 18 U.S.C. § 656 (Counts 4 and 5). Defendant was arraigned on the Indictment on July 27, 2022. On August 16, 2022, the same federal grand jury returned a six-count Superseding Indictment against Defendant. The Superseding Indictment supplemented conduct to the scheme and artifice of the Conspiracy to Commit Wire Fraud and Bank Fraud charge (Count 1) and added an additional count for Misapplication of Bank Funds, in violation of 18 U.S.C. § 656 (Count 6). Defendant was arraigned on the Superseding Indictment on August 24, 2022.

1

On September 20, 2022, the Government presented the Second Superseding Indictment to the same federal grand jury. Defendant was arranged on the Second Superseding Indictment on September 23, 2022.

On October 12, 2022, the Court denied Defendant's prior motion to dismiss the Second Superseding Indictment. (Dkt. No. 94).

On November 1, 2022, Defendant again moved to dismiss the Second Superseding Indictment. (Dkt. No. 137). The Government opposes. (Dkt. No. 151).

Defendant's motion is fully briefed and ripe for disposition.

## Legal Standard/Analysis

Defendant presents numerous arguments for dismissing the Second Superseding Indictment with prejudice—none of which are legally sound.

**First,** Defendant argues Count Four should be dismissed with prejudice because the Government's assertion that Defendant distributed $680,000.00 "without consultation . . . approval from, or notice to [Palmetto State Bank (the "Bank")'s] Board of Directors" is false. (Dkt. No. 137 at 6). The Second Superseding Indictment alleges that around October 28, 2021, Defendant "distributed $680,000.00 of [the Bank's] funds to the Law Firm, *without notice to or consent from the [Bank's] Board of Directors [.]*" (Dkt. No. 61 at ¶ 18) (emphasis added); *see also* (*id.* ¶ 8(k)). In his motion, Defendant, relying on evidence he might presumably put forth at trial, makes factual arguments disputing the Second Superseding Indictment's allegations. *See, e.g.*, (Dkt. No. 137 at 3, 7) (arguing that, before cutting a $680,000.00 check to Peters, Murdaugh ("the Law Firm"), Defendant "consulted individuals constituting 75% of the voting members of the Bank's Executive Committed and received approval to make the payment").

A court can exercise its supervisory authority to dismiss an indictment for errors in grand jury proceedings only where an irregularity prejudicing the defendant has been shown. *United States v. Brewer*, 1 F.3d 1430, 1433 (4th Cir. 1993). Where, as here, "a grand jury irregularity isn't of constitutional dimension, prejudice justifying dismissal of an indictment exists only where (1) the irregularity substantially influences the decision to indict or (2) "there is grave doubt that the decision to indict was free from the substantial influence of such [irregularities]." *Id.* "On a motion to dismiss an indictment, [however,] the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citing *United States. Sampson*, 371 U.S. 75, 78-79 (1962)).

The Court denies Defendant's motion on the above point. Defendant's motion "conflates pleading with proof." *See U.S. v. Ring*, 628 F. Supp. 2d 196, 223 (D.D.C. 2009). The pertinent question is whether the allegations in the indictment are sufficient and generally "does not involve any examination of the evidence." *Todd*, 446 F.3d at 1008 (noting a court might examine evidence in "limited circumstances" such as where "the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case"—a situation absent here). In essence, Defendant asks the Court to either appropriate the jury's factfinding role or to rule, prospectively, that the evidence needed to sustain a conviction on this count are deficient under Fed. R. Crim. P. 29. *See United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004) ("Despite [the defendant's] claim that he is appealing the denial of his motion to dismiss the indictment, his argument to us concerns not the sufficiency of the indictment allegations, but rather, the sufficiency of *the record* to support a

finding that [the defendant] was guilty"). Defendant's request is improper—and his motion is denied on this point.

**Second,** Defendant argues the Court should dismiss the Second Superseding Indictment in whole because "all remaining Counts are infected by Count Four's inaccuracies and those presented to the Grand Jury." (Dkt. No. 137 at 9).[1] Specifically, Defendant disputes the truth of and how certain facts were presented to the Grand Jury. Defendant argues that (a) the case agent inaccurately testified to the Grand Jury that 5% was the maximum fee a personal representative could charge in South Carolina and inaccurately stated 5% was "a very high fee"; (b) the prosecutor inaccurately asserted Defendant was responsible for distributing $1.325 million to the estate of Mrs. Badger when Defendant was only responsible for $500 under South Carolina law; (c) the Government mislead grand jurors by asserting Defendant, his sister, and father informally approved loans "outside the norms of the Executive Committee"; and (d) the Government misled jurors on whether Defendant was responsible for apparent misrepresentations made to the probate court. *See* (*id.* at 9-13) (arguing, for example, the Government provided an "incomplete picture to the jury as to how probate filings work" and that certain evidence will show that "this majority-Committee approval was a normal practice").

The Court denies Defendant's motion on this point. Defendant's disagreement with certain facts put to the Grand Jury or how they were presented are not a proper basis to dismiss the Second Superseding Indictment. *United States v. Williams*, 504 U.S. 36, 54 (1992) (noting "'[i]t would run counter to the whole history of the grand jury institution' to permit an indictment to be challenged 'on the ground that there was inadequate or incompetent evidence before the grand jury'"

---

[1] Because the Court rejects the contention the Second Superseding Indictment contains "inaccuracies" as to Count Four, the Court only addresses the other "inaccuracies" the Government allegedly presented to the Grand Jury.

4

and "reaffirm[ing] th[e] principle . . .that 'the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment,' and that 'a challenge to the reliability or competence of the evidence presented to the grand jury' will not be heard"); *United States v. Vanderhorst*, 2 F. Supp. 3d 792, 796 (D.S.C. 2014) ("A district court may dismiss an indictment under Rule 12 'where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial.'"). Further, Defendant puts forth no evidence of "misconduct" warranting dismissal on the Government's part. *See Williams*, 504 U.S. at 46 & n.6. Nor has Defendant come forth with any nonconclusory evidence that "grave doubt" exists the Grand Jury's decision to indict him was "free from the substantial influence" of the alleged false statements. Accordingly, Defendant's motion is denied on this point.

**Last,** Defendant argues that all counts of the Second Superseding Indictment should be dismissed because each fails to allege "every element of the offense intended to be charged." (Dkt. No. 137 at 14-20) (arguing, for example, that Count One fails to allege Defendant "knew about" the unlawful activity pursued by the Bank Customer and that Count Two fails because it does not identify any "false representation that [Defendant] made to the Bank or its employees to induce the Bank to provide him a $101,369.49 check").

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to be "a plain, concise, and definite written statement of the essential facts constituting the offenses charged." "A valid indictment must: (1) allege the essential facts constituting the offense; (2) allege each element of the offense, so that fair notice is provided; and (3) be sufficiently distinctive that a verdict will bar a second prosecution for the same offense." *United States v. Bolden*, 325 F.3d 471, 490 (4th Cir.

2003). As a basic proposition, an indictment is sufficient "'if it alleges an offense in the words of the statute.'" *Id.* (citing *United States v. Brandon,* 298 F.3d 307, 310 (4th Cir.2002)).

The Court denies Defendant's motion on this last point.

As to Count One, and contrary to Defendant's contention otherwise, the Second Superseding Indictment alleges the essential elements and facts of Conspiracy to Commit Bank Fraud and Wire Fraud, including that Defendant "knew about" the unlawful activity pursued by the Bank Customer. *See* (Dkt. No. 61 ¶ 12(c)).

As to Count Two, the Second Superseding Indictment clearly alleges the "relational component" Defendant claims is missing from the Bank Fraud claim. *U.S. v. Adepoju*, 756 F.3d 250, 255 (4th Cir. 2014) (to establish Bank Fraud under 18 U.S.C. § 1344(2), the Government must prove the defendant (1) knowingly executed a scheme to obtain property held by a financial institution through false or fraudulent pretenses; (2) the institution was a federally insured or chartered bank; and (3) he did so with the intent to defraud); *Loughrin v. U.S.*, 573 U.S. 351, 362-63 (2014) (noting "by means of" means a falsity must be the "mechanism naturally inducing a bank (or custodian of bank property) to part with money in its control"); (Dkt. No. 151 at 15-16) (arguing that the Second Superseding Indictment "alleged . . . the Defendant made misrepresentations in taking the PR fee despite not managing any money; misrepresentations in directing the firm—as the PR—to re-cut the Badger settlement checks; and misrepresentations made in negotiating and distributing the checks—again, as the PR—to individuals and entities totally unrelated to the Badgers") (citing Second Superseding Indictment, (Dkt. No. 61 at 6-7)).

As to Count Three—Wire Fraud—the Court finds that it alleges conduct that affected a financial institution. Violations of the wire fraud statute which "affect[] a financial institution" are subject to a ten-year statute of limitations while violations which do not have a five-year statute of

limitations. 18 U.S.C. § 3293(2). Defendant argues the Second Superseding does not allege conduct affecting a "financial institution," is thus subject to the five-year statute of limitations and must be dismissed as untimely. (Dkt. No. 137 at 18). Defendant's assertion is false however, as the Second Superseding Indictment explicitly alleges Defendant's conduct "affect[ed] a financial institution." (Dkt. No. 61 ¶ 16). As written the count "apprises the accused of the charge against him so he can prepare his defense" and "enables the accused to plead the Double Jeopardy bar to reprosecution if he is later charged with the same offense." *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1046 (4th Cir. 1987). Nothing more is required. Accordingly, Defendant's motion is denied on this point.

As to the remaining counts, the Court rejects Defendant's contention that they must be dismissed because "they focus on Alex Murdaugh's [intent]" and not Defendant's. (Dkt. No. 137 at 19). The Second Superseding Indictment alleges Defendant's intent, (Dkt. No. 61 at 14-16), with respect to Counts Four through Six. At bottom, and as Defendant himself admits, Defendant's contentions boil down to the idea that "[t]here is no *evidence* that Mr. Laffitte intended to defraud or injure the Bank." (Dkt. No. 137 at 20) (emphasis added). Such arguments are inappropriate for a motion to dismiss an indictment. *Todd*, 446 F.3d at 1068 (noting the question is "whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense"). Accordingly, Defendant's motion is denied on this point.

## Conclusion

For the reasons stated above, Defendant's motion to dismiss the Second Superseding Indictment is **DENIED** (Dkt. No. 137).

**AND IT IS SO ORDERED**.

7

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

November 5, 2022
Charleston, South Carolina