IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | CRIMINAL NO. 9:22-658-RMG |
| ) | |
| **vs.** ) | |
| ) | |
| ) | |
| **RUSSELL LUCIUS LAFFITTE** ) | |
| ) | |

**GOVERNMENT'S BRIEF REGARDING WITNESS INVOCATION OF FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION**

The Defendant, Russell Lucius Laffitte, has indicated he intends to call as a witness Alex Murdaugh—an unindicted coconspirator—despite knowing that the witness will invoke his Fifth Amendment privilege against self-incrimination. The Defendant's proffered reason for doing so is to allow the jury to draw an adverse inference from the witness' invocation of his privilege. There is no support for such a tactic in the law.

The Sixth Amendment to the Constitution grants a defendant the right to compel testimony by witnesses in his defense. U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor."). But under the Fifth Amendment, "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. "When a defendant's right to compel testimony conflicts with a witness' privilege against self-incrimination, . . . a court must 'make a proper and particularized inquiry into the legitimacy and scope of the witness' assertion of the privilege.'" *United States v. Sayles*, 296 F.3d 219, 223 (4th Cir. 2002) (quoting *Gaskins v. McKellar*, 916 F.2d 941, 950 (4th Cir. 1990)). "A court can excuse a witness from testifying only if the court finds that the witness could legitimately refuse to answer any and all relevant questions." *Id.* (quotation

marks and alteration omitted). "The legitimacy and scope of the privilege may be determined by evaluating whether it is 'evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.'" *United States v. McLean*, 145 F.3d 1327, 1998 WL 225133, at *3 (4th Cir. 1998) (Table) (quoting *Hoffman v. United States*, 341 U.S. 479, 486–87 (1951) (alteration omitted)).

The determination of whether to permit a defendant to call a witness who will invoke his Fifth Amendment privilege against self-incrimination is committed to the sound discretion of the district court. *United States v. Branch*, 537 F.3d 328, 342 (4th Cir. 2008). And "[a] district court does not abuse its discretion when it refuses to require a witness to testify before the jury solely to invoke [his] Fifth Amendment privilege." *United States v. Appiah*, 690 F. App'x 807, 810 (4th Cir. 2017) (unpublished). Courts routinely prohibit defendants from calling a witness solely for the purpose of having the witness invoke their Fifth Amendment privilege.

For example, in *United States v. Branch*, the Fourth Circuit held the district court did not abuse its discretion by denying the defendant's request to call a witness where the court found "placing [the witness] on the stand solely to invoke his Fifth Amendment privilege would lead to 'unfair prejudice' in the form of both unwarranted speculation by the jury and the government's inability to cross-examine the witness." 537 F.3d at 342. In *United States v. Appiah*, the Fourth Circuit reiterated those concerns and held the district court did not err by concluding, after voir dire outside the presence of the jury, that the questions defense counsel sought to pose and the scope of the privilege sought by the witnesses counseled against allowing those witnesses to take the stand. *See* 690 F. App'x at 809–10. In *United States v. Harris*, 542 F.3d 1283, 1297–98 (7th

2

Cir. 1976), the Seventh Circuit affirmed the district court's decision not to allow the defendant's unindicted coconspirators to claim their Fifth Amendment privilege in front of the jury.

In this case, the witness' counsel has indicated to both the Government and defense counsel that the witness intends to invoke his Fifth Amendment privilege.  To the extent the Defendant wishes to ask the witness about any matter related to the charges in the Second Superseding Indictment, with respect to which the witness is an unindicted coconspirator, it is evident that such questions would be a valid basis for the witness' invocation.[1]  To the extent the Defendant wishes to ask the witness about matters outside the scope of the indictment, those matters should be excluded regardless of whether the witness asserts his privilege.  They are irrelevant, likely to confuse the jury, and would waste the Court's time.  And such questions are designed only to support the argument that the Defendant should be acquitted because someone else is more culpable than he is.  The Defendant should not be permitted to call the witness solely for the purpose of having him invoke his Fifth Amendment right.

Alternatively, in conducting the "proper and particularized inquiry into the legitimacy and scope of the witness' assertion of the privilege," the Court may consider a proffer by the witness' attorney of the scope of the witness' intent to invoke. In *United States v. Sayles*, for example, the attorney for a co-defendant who had entered into a guilty plea (but whose plea had not been accepted) told the Court that the witness had a "good faith basis" for asserting his privilege because it was possible that the witness could be prosecuted for activities about which he might be asked. 296 F.3d at 222.  The Fourth Circuit affirmed. *Id.* at 223.  Should the Court wish to gain a more thorough understanding of the purposes for which the Defendant wishes to call the witness, and

---

[1] In addition, as the Court is aware, the witness is currently under indictment in state court for a series of alleged financial crimes, including those at issue in this case.

the scope of the witness' intent to invoke his privilege, the Government submits that a voir dire with the witness' counsel, outside the presence of the jury, would be appropriate.

Finally, the Defendant has requested that the Government agree to stipulate that the witness has invoked his Fifth Amendment rights to allow the jury to draw an adverse inference. But the Fourth Circuit has held that "[w]hen a witness invokes his Fifth Amendment privilege not to testify and incriminate himself, a jury *may not draw any inferences* from that decision." *United States v. McLean*, 145 F.3d 1327, 1998 WL 225133, at *3 (4th Cir. 1998) (Table) (emphasis added); *see also United States v. Sircovich*, 555 F.2d 1301, 1302 (5th Cir. 1977) ("Of course, a jury is not allowed to draw any inferences, for or against either the prosecution or the defense, from the decision of a witness to invoke the Fifth Amendment privilege."); *United States v. Harris*, 542 F.2d 1283, 1298 (4th Cir. 1976) ("The defendants have no right to have the jury draw inferences from [a] witness['] exercise of" his Fifth Amendment right.).[2] The Government does not agree that any inference—positive or negative—can be drawn from the witness' decision to invoke his Fifth Amendment right against self-incrimination.

**[SIGNATURE BLOCK FOLLOWS]**

---

[2] The Fourth Circuit has noted that "in the context of the Fifth Amendment's privilege against self-incrimination, . . . a court may draw adverse inferences against parties to *civil actions* when they refuse to testify in response to probative evidence offered against them." *Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572, 590 (4th Cir. 2015) (quoting in parenthetical *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (emphasis added)). As the case law above makes clear, that inference is not drawn—and no such jury charge is given—in criminal cases.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: s/ *Kathleen Stoughton*
    Kathleen Michelle Stoughton (Federal ID #12161)
    Emily Evans Limehouse (Federal ID #12300)
    Winston D. Holliday, Jr. (Federal ID #7597)
    Assistant United States Attorney
    151 Meeting Street, Suite 200
    Charleston, South Carolina, 29402
    (843) 266-1663
    Kathleen.Stoughton@usdoj.gov

November 7, 2022

5