IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL NO. 9:22-658-RMG |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **RUSSELL LUCIUS LAFFITTE** | ) | |
| | ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE IMPROPER
"GOOD CHARACTER" EVIDENCE**

The United States of America, by and through the undersigned counsel, submits this reply memorandum in support of its Motion in Limine to Exclude Improper "Good Character" Evidence. ECF No. 109. As explained below, the Government agrees with the Defendant that the Defendant's good character for law-abidingness, truthfulness, and honesty are "pertinent" to the charges against him, and opinion or reputation testimony regarding that trait is admissible. *See* Fed. R. Evid. 404(a)(2)(A); Fed. R. Evid. 405(a); *Govt's Mot. in Limine*, ECF No. 109 at 5 n.1. However, the Defendant's character is not an essential element of any of the charges against him, and specific instances of good conduct should be excluded from evidence.[1] *See* Fed. R. Evid. 405(b).

The parties agree on the relevant legal framework: Under Federal Rule of Evidence 404(a)(2)(A), a defendant may offer evidence of his "pertinent trait." Under Rule 405(a), evidence of that trait "may be proved by testimony about the person's reputation or by testimony in the form

---

[1] In its Motion in Limine, the Government also requested the Court exclude evidence of the Defendant's lack of criminal history. *See Govt's Mot. in Limine*, ECF No. 109 at 1, 5, 6. The Defendant did not oppose that request in his response. *See Def.'s Response to Mot. in Limine*, ECF No. 157.

of an opinion." As a general matter, proof of specific instances of good conduct is not permitted under the rules. *See United States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988). There is an exception, however, "[w]hen a person's character trait is an *essential element* of a charge, claim, or defense." Fed. R. Evid. 405(b) (emphasis added). In such a case, "the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b).

"Character" is not an essential element of any of the claims against the Defendant, and specific acts of good conduct are inadmissible. Numerous courts have held character evidence is not an essential element of fraud or conspiracy to commit fraud crimes. *See, e.g.*, *United States v. Kahn*, 768 F. App'x 266, 270 (5th Cir. 2019) (unpublished) (holding character is not an essential element of conspiracy to commit health-care fraud and conspiracy to pay and receive healthcare kickbacks); *United States v. White*, 737 F.3d 1121, 1137 (7th Cir. 2013) (holding defendant's law-abidingness, or lack thereof, is not an essential element of or a defense to wire fraud charge); *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (holding character is "simply not an essential element of the charges" of insurance fraud and theft of government property); *United States v. Pantone*, 609 F.2d 675, 680 (3d Cir. 1979) (holding character is not an essential element of RICO charge); *cf. United States v. Hough*, 803 F.3d 1181, 1191 (11th Cir. 2015) (noting "honesty and truthfulness" are "pertinent" traits in a fraud case).

The Tenth Circuit explained the importance of the distinction between essential and nonessential elements in *Perrin v. Anderson*, 784 F.2d 1040, 1045 (10th Cir. 1986): "Testimony concerning specific instances of conduct is the most convincing, of course, but it also 'possesses the greatest capacity to arouse prejudice, to confuse, to surprise and to consume time.'" *Id.* (quoting Fed. R. Evid. 405 advisory committee note). Rule 405 therefore allows such evidence to be used "only when character is in issue 'in the strict sense.'" *Id.* (quoting Fed. R. Evid. 405

2

advisory committee note). "Character is directly in issue in the strict sense when it is a material fact that under the substantive law determines rights and liabilities of the parties." *Id.* (quotation marks omitted). Put differently, specific acts evidence is allowed where "the existence or nonexistence of the character trait itself" determines liability; not where it is "being offered to prove that the defendant acted in conformity with the character trait." *See id.* (quotation marks omitted).

For example, in a defamation case, "the plaintiff's reputation for honesty is directly at issue when the defendant has called the plaintiff dishonest." *Id.* The same could be said in a perjury case. But "good character is neither [an] essential element of, nor a defense to," charges of conspiracy to commit wire fraud and bank fraud, bank fraud, wire fraud, or misapplication of bank funds. *See United States v. Boutte*, No. 1:17-cr-3338, 2019 WL 4261745, at *4 (D.N.M. Sept. 9, 2019).

The Defendant relies on *United States v. Tangen*, No. 2:15-cr-73, 2016 WL 3676451, at *1 (E.D. Wash. July 7, 2016), which did hold that "specific instances of truthful or honest conduct by Defendant are admissible under Rule 405(b) as fraud is an 'essential element'" of a bank fraud charge. *Tangen* is not persuasive authority. It has been cited only once since it was issued in 2016, and that was by a case that explained its error. In *United States v. Boutte*, the district court explained, "*Tangen* appears not only incorrectly decided, but also contrary to Ninth Circuit precedent on the issue." *Boutte*, 2019 WL 4261745, at *4. The Ninth Circuit held in *United States v. Keiser* that the determinative question under Rule 405(b) is whether proof of the character trait *by itself* actually satisfies an element of the charge. 57 F.3d 847, 857 (9th Cir. 1995) ("The relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense?").

3

In addition to running afoul of binding circuit precedent, *Boutte* noted that *Tangen* "did not cite to *any* case law to support its position on Rule 405." 2019 WL 4261745, at *4 (emphasis in original). *Tangen* relied only on an Eleventh Circuit decision that held, consistent with Rule 404(a)(2)(A) and Rule 405(a), that reputation and opinion evidence of honesty and truthfulness are admissible in a fraud case. *See id.* (citing *Hough*, 803 F.3d at 1190). *Boutte* determined that "[n]othing in [the Eleventh Circuit opinion] allows defense counsel to probe for specific instances of good conduct." *Id.* *Tangen* is in conflict with published cases from the Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits. *See Hough*, 803 F.3d at 1191; *White*, 737 F.3d at 1137; *Perrin*, 784 F.2d at 1045; *Marrero*, 904 F.2d at 260; *Pantone*, 609 F.2d at 680; *Keiser*, 57 F.3d at 857. The Defendant has cited no other authority for his proposition that his good character is an essential element of the charges against him.

It is not the Defendant's *character* that is an essential element of the crimes; it is his *mental state* at the time those crimes were committed. If the Court were to admit specific instances of good character, and the jury were to find that evidence established the Defendant had good character, it would not resolve any element of any charge in the case. Instead, the jury would do precisely what Rule 404 was designed to prevent: It would find "that the defendant acted in conformity with the character trait" on the occasions charged in the indictment. *See Perrin*, 784 F.2d at 1045. Admitting specific instances of the Defendant's truthfulness, honesty, and reliability "possesses the . . . capacity to arouse prejudice, to confuse, to surprise, and to consume time." Fed. R. Evid. 405 advisory committee note. Because those traits are not an essential element of the crimes charged, the Rules of Evidence exclude such evidence.

Far from "t[ying] Mr. Laffitte's hands in his own defense," *Def.'s Response to Mot. in Limine*, ECF No. 157 at 1, the Government simply asks the Court to require the Defendant to

comply with the Rules of Evidence and well-established case law and limit his good character

evidence to opinion and reputation testimony regarding his law-abidingness, truthfulness, and

honesty.[2]

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: s/ *Kathleen Stoughton*
Kathleen Michelle Stoughton (Federal ID #12161)
Emily Evans Limehouse (Federal ID #12300)
Winston D. Holliday, Jr. (Federal ID #7597)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina, 29402
(843) 266-1663
Kathleen.Stoughton@usdoj.gov

November 5, 2022

---

[2] The Defendant argues that "*only* allowing in the Government's evidence purportedly showing Mr. Laffitte's bad character or propensity for dishonesty or greed risks the jury deciding the case based on their *negative* feelings toward Mr. Laffitte." *Def.'s Response to Mot. in Limine*, ECF No. 157 at 5 (emphasis in original). The Government, like the Defendant, is bound by Rule 404(b). It does not intend to introduce any "bad character" evidence. The Government's evidence either relates directly to the charged crimes, is intrinsic to the charged crimes, or will establish motive, knowledge, intent, opportunity, and absence of mistake.