UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Case No. 9:22-cr-00658-RMG |
| ) | |
| Russell Lucius Laffitte, ) | **ORDER** |
| ) | **(Under Seal)** |
| ) | |
| Defendant. ) | |
| ) | |

During the pretrial conference in this matter held on November 7, 2022, Defendant informed the Court that he intends to call Alex Murdaugh, an unindicted, alleged coconspirator to testify while presenting his defense. Defendant acknowledged that Murdaugh would invoke the Fifth Amendment privilege against self-incrimination if called to the stand. Defendant argued, nevertheless, that he was entitled to call Murdaugh to testify so that the jury could draw an adverse inference from the witness' invocation of his privilege. Alternatively, Defendant requested that the Government stipulate that Murdaugh invoked his Fifth Amendment rights to allow the jury to draw an adverse inference. The Government opposes Defendant's request and argues Murdaugh should not be permitted to testify at trial merely to invoke his Fifth Amendment rights before the jury. (Dkt. No. 169 at 1-4). The Government further argues that no inference—positive or negative—can be drawn from a witness' decision to invoke his Fifth Amendment right against self-incrimination and declines to stipulate as Defendant requests. (*Id.* at 4).

Courts across the country have held that it is improper for either the prosecution or a criminal defendant to call a witness to the stand knowing she will invoke the Fifth Amendment. *See, e.g.*, *United States v. Reyes*, 362 F.3d 536, 542 (8th Cir. 2004) (noting that a "defendant does not have the right to call a witness to the stand simply to force invocation of the right against self-

1

incrimination in the presence of the jury" and that a "third party's privilege invocation is not often relevant. And even if the party seeking to argue the inference concocts a reason that the silence may be relevant, the danger of unfair prejudice usually outweighs the probative value because there is no way the opponent can test the meaning attributed to the invocation"); *United States v. Beechum*, 582 F.2d 898, 908-09 (5th Cir. 1978) ("It is impermissibly prejudicial for the Government to attempt to influence the jury by calling a witness it knows will invoke the fifth amendment."); *United States v. Johnson*, 488 F.2d 1206, 1211 (1st Cir. 1973) ("Neither side has the right to benefit from any inference the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him.").

The Fourth Circuit is no different. In *United States v. Branch*, 537 F.3d 328 (4th Cir. 2008), as the result of a traffic stop, the defendant was charged with drug and firearms crimes. *Id.* at 332. At trial, the defendant attempted to call to the stand the passenger with whom he was driving despite knowing the passenger would invoke his Fifth Amendment privilege against self-incrimination. *Id.* at 342. The trial court denied the defendant's request and the Fourth Circuit affirmed, rejecting the defendant's argument that "court should have required [the passenger] to take the stand to invoke that privilege before the jury . . . because the jury could have concluded that [the passenger], not Branch, owned the cocaine base and firearm found in the Mercedes." *Id*. The Fourth Circuit reasoned that placing a witness "on the stand solely to invoke his Fifth Amendment privilege would lead to 'unfair prejudice' in the form of both unwarranted speculation by the jury and the government's inability to cross-examine" the witness. *Id.* ("[A]ny inferences that the jury might have drawn from Johnson's privilege assertion would have been only minimally probative—and likely improper—in any event."); *United States v. Appiah*, 690 Fed. App'x 807, 810 (4th Cir. 2017) (same); *see also United States v. McLean*, 145 F.3d 1327 (4th Cir. 1998)

("When a witness invokes his Fifth Amendment privilege not to testify and incriminate himself, a jury may not draw any inferences from that decision.").

The Court **denies** Defendant's request to call Murdaugh to the stand. There is no dispute Murdaugh would invoke his Fifth Amendment privilege against self-incrimination if called. (Dkt. No 169 at 3) ("In this case, the witness' counsel has indicated to both the Government and defense counsel that the witness intends to invoke his Fifth Amendment privilege."). Therefore, for the reasons articulated in *Branch*, Defendant's request is patently improper and is denied. *Branch*, 537 F.3d at 342.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 8, 2022
Charleston, South Carolina

3