IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Case No. 9:22-cr-00658-RMG |
| v. | |
| Russell Lucius Laffitte, | |
| Defendant. | |

**Defendant's Motion to Seal**

On Sunday, November 13, 2022, the Government filed a sealed notice. Defendant responded in a brief provided to the Court by email. Because the original notice was filed under seal and with the Court's instruction, Defendant moves to file the document set forth below under seal. *See* Fed. R. Civ. P. 5.2(e)(1), Local Crim. R. 49.01 (D.S.C.), and the Standing Order Regarding Sealing Documents in Criminal Matters, ECF No. 1, No. 3:14-mc-00333-TLW (Oct. 28, 2014).

The grounds for this motion are:

1.      On July 19, 2022, a federal grand jury returned a five-count Indictment against Mr. Laffitte, charging him with (1) conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349 (Count 1); (2) bank fraud, in violation of 18 U.S.C. § 1344(2) (Count 2); wire fraud, in violation of 18 U.S.C. § 1343 (Count 3); and two counts of misapplication of bank funds, in violation of 18 U.S.C. § 656 (Counts 4 and 5). The grand jury then returned a six-count Superseding Indictment against Mr. Laffitte that added another count for the misapplication of bank funds in violation of 18 U.S.C. § 656 (Count 6).

2.	Defendant addresses the factors governing sealing of documents reflected in *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *In re Knight Publishing Co.*, 743 F.2d 231, 235–36 (4th Cir. 1984)) as follows:

a.	Public notice of this request to seal and to allow interested parties a reasonable opportunity to object will be provided by the Clerk of Court under the requirements set forth in Local Crim. R. 49.01 (D.S.C.). That said, there would appear to be no public interest in publicly disclosing the contents of the issue raised in the Government's notice.

b.	There is no less drastic alternative to sealing this information for *in camera* review because of the Government's position in relation to the issue raised in its notice. Moreover, this request is narrowly tailored to only affect the Defendant's response, leaving the remaining portion of the record and trial of this matter unsealed.

c.	Granting the request to seal is appropriate because it would permit the Court to resolve the issue raised in the Government's notice.

3.	As required by Local Crim. Rule 49.01(B)(2), this motion is accompanied by

a.	**Exhibit 1**: the non-confidential descriptive index, which identifies the document proposed to be filed under seal as exhibit;

b.	**Exhibit 2**: counsel's certification of compliance with Local Crim. R. 49.01 (D.S.C.); and

c.	The unredacted document Defendant requests that the Court consider in response to the documents notice are provided to the Court through its ECF email address.

### Conclusion

Therefore, having complied with the requirements of Local Crim. R. 49.01(B)(2)(a) (D.S.C.) and the Standing Order Regarding Sealing Documents in Criminal Matters, ECF No. 1,

No. 3:14-mc-00333-TLW (Oct. 28, 2014), Defendant respectfully requests that the Court grant its motion to seal.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ E. Bart Daniel*
    E. Bart Daniel, Federal Bar No. 403
    E-Mail: bart.daniel@nelsonmullins.com
    Matt Austin, Federal Bar No. 11435
    E-Mail: matt.austin@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

    Christian J. Myers, Federal Bar No. 13096
    E-mail:  josh.myers@nelsonmullins.com
    Phone: (202) 689-2800
    101 Constitution Avenue NW, Suite 9000
    Washington, DC 20001

*Attorneys for Russell Lucius Laffitte*

Charleston, South Carolina
November 14, 2022