UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ex parte: The Post and Courier, Inc., )<br> )<br>Movant, )<br> )<br>In re: United States of America )<br> )<br>v. )<br> )<br>Russell Lucius Laffitte, )<br> )<br>Defendant. )<br> ) | Criminal Case No.: 9:22-cr-00658-RMG<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMTED PURPOSE OF OBTAINING ACCESS TO TRIAL EXHIBITS** |

## BACKGROUND

Defendant was indicted and recently tried before a jury on numerous counts of conspiracy, fraud, and embezzlement arising from his position and authority at a federally insured bank and from his actions in concert with Alex Murdaugh. During the course of the trial numerous exhibits were admitted into evidence including, inter alia, detailed ledgers from certain accounts showing how the fraud and conspiracy transpired. The Post and Courier, Inc. ("The Post and Courier") is a publisher of news and information in a variety of media and seeks to intervene in the within-captioned prosecution for the limited purpose of seeking access to exhibits entered into evidence in this prosecution. The Post and Courier is informed and believes that having access to these exhibits will enable it to provide a comprehensive account of the conduct underlying the prosecution which would in turn enhance public understanding of the prosecution, its process and the conduct giving rise to the criminal charges.

It is The Post and Courier's understanding that the prosecuting party, the United States of America, does not oppose this motion.

# ARGUMENT

Members of the public and press have a long-recognized right to inspect and copy public records, including judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978); U.S. v. Moussaoui, 65 Fed. Appx. 881 (4th Cir. 2003). This right of access arises at common law and has application regardless of the medium in which the record is filed with a court. Application of National Broadcasting Co, Inc., 635 F.2d 945 (2nd Cir. 1980).

The National Broadcasting case concerned the application by broadcasters for access to videotapes entered into evidence in a trial of a member of Congress growing out of the "Abscam" operation. In upholding a right of access to evidentiary materials, the Court of Appeals for the Second Circuit adopted the reasoning of the District of Columbia Circuit as it explained the presumption of a right of access and its importance in a democracy:

> ... [W]e find ourselves in agreement with the District of Columbia Circuit when it observed in United States v. Mitchell, [551 F.2d 1252 (D.C. Cir. 1976), rev'd on other grounds sub nom. Nixon v. Warner Communications, supra] that there is a presumption in favor of public inspection and copying of any item entered into evidence at a public session of a trial. Once the evidence has become known to the members of the public, including representatives of the press, through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction. The presumption is especially strong in a case like this where the evidence shows the actions of public officials . . . .

Application of National Broadcasting Co., Inc., 635 F.2d at 952.

In the National Broadcasting case, opposition to access was advanced by defendants in the case in which the videotapes had been admitted into evidence as well as defendants awaiting trial on charges from the same operation. ln rejecting the argument that release of the evidence would result in prejudice to a defendant's right of a fair trial the court, relying on the endorsement by the

United States Supreme Court of voir dire as a means of securing a fair trial in <u>Nebraska Press Assn. v. Stuart</u>, 427 U.S. 539 (1978), the court stated that satisfaction that voir dire was sufficient to identify jurors whose impartiality has been impaired by viewing the evidence in the initial trial.

In the event defendant Russell Lucius Laffitte is granted a new trial after his convictions, voir dire would be available to neutralize any incremental effect the release of these exhibits would have beyond the effect information from coverage of the trial might have on potential jurors in a new trial if any there may be.

## CONCLUSION

For the reasons stated herein this court should vindicate the right of access to trial exhibits by granting the motion to intervene and to provide The Post and Courier with an opportunity to review and copy the trial exhibits. It is The Post and Courier's understanding that the prosecuting party, the United States of America, does not oppose this motion.

DATED:  December 2, 2022

                                                Respectfully submitted,

                                                FENNO LAW FIRM, LLC

                                                By:      s/Edward T. Fenno
Edward T. Fenno (Fed. ID No. 7498)
Benjamin J. Tripp (Fed ID No. 13165)
1459 Stuart Engals Blvd., Suite 202
Mount Pleasant, SC 29464
Ph: (843) 720-3747
Email:  efenno@fennolaw.com
           btripp@fennolaw.com

COUNSEL FOR THE POST AND COURIER, INC.

Mount Pleasant, South Carolina