# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RUSSELL LUCIUS LAFFITTE,<br><br>Defendant. | Case No.: 9:22-cr-00658-RMG |

## DEFENDANT RUSSELL LUCIUS LAFFITTE'S
## SECOND MOTION FOR A NEW TRIAL

Pursuant to Federal Rule of Criminal Procedure 33, Defendant Russell Lucius Laffitte ("Mr. Laffitte"), by and through undersigned counsel, respectfully moves for a new trial based on newly discovered evidence of Mr. Laffitte's innocence.

## INTRODUCTION

Richard Alexander Murdaugh ("Mr. Murdaugh") recently stood trial in Colleton County, South Carolina for murder and related crimes. *See State of South Carolina v. Richard Alexander Murdaugh*, Indictment Nos. 2022-GS-15-00592, -593, -594, and -595. On February 23, 2023, Mr. Murdaugh testified in his own defense, waiving his Fifth Amendment rights. In his testimony, Mr. Murdaugh admitted to his own role in certain financial crimes for which he has been indicted by the South Carolina State Grand Jury, along with Mr. Laffitte. *See State of South Carolina v. Richard Alexander Murdaugh and Russell Lucius Laffitte*, Case Nos. 2022-GS-47-01, -02, -03.[1]

On February 23, 2023, Mr. Murdaugh explicitly stated, for the first time in sworn testimony,[2] that he did not participate in a conspiracy with Mr. Laffitte because Mr. Laffitte did

---

[1] As of the date of this filing, Mr. Murdaugh has not been charged with any federal crimes.

[2] Mr. Murdaugh asserted his Fifth Amendment rights in Mr. Laffitte's federal case and did not testify. *See* ECF No. 173.

not participate in the financial crimes. Mr. Murdaugh took full responsibility for his own actions and testified that Mr. Laffitte did nothing wrong and did not have any knowledge of Mr. Murdaugh's criminal activity.[3]

Specifically, Mr. Murdaugh testified, "I don't dispute any of this, that I took money that didn't belong to me, that I misled people… that trusted me to do that and that what I did was terrible. I don't dispute that." *See* Video starting at 7:55:15. Mr. Murdaugh further testified, "**Russell Laffitte never conspired with me to do anything**, **whatever was done was done by me**." *See id.* (starting at 7:57:02) (emphasis added). "This is stuff that I did. **I did these things wrong. Russell Laffitte didn't do anything**… You keep talking about stuff I did with Russell Laffitte, but what I want to let you know is that **I did this and I am the one that took people's money** that I shouldn't have taken and that **Russell Laffitte was not involved in helping me do that knowingly… If he did it, he did it without knowing it**." *See id.* (starting at 8:00:05) (emphasis added).

## LEGAL STANDARD

Federal Rule of Criminal Procedure 33, which governs motions for new trials, authorizes the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Whether to grant a motion for a new trial is within the district court's broad discretion. *See United States v. Tucker*, 376 F.3d 236, 238 (4th Cir. 2004); *see also United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995). The district court may grant a new trial based on grounds

---

[3] An official transcript of Mr. Murdaugh's testimony is not yet available. However, a video recording of Mr. Murdaugh's testimony from February 23, 2023 is available at https://www.youtube.com/watch?v=L49TchwK9N0. Counsel has prepared a partial transcript of Mr. Murdaugh's testimony specifically referencing Mr. Laffitte starting at 7:52:54 and that unofficial transcript is attached as an exhibit to this Motion. Once official transcripts are available, Mr. Laffitte can supplement this filing with the official transcript of this testimony should the Court request.

presented in a defendant's Rule 33 motion. *See United States v. Rafiekian*, 991 F.3d 529, 551 (4th Cir. 2021). A new trial may be granted when there is newly discovered evidence. *See* Fed. R. Crim. P. 33(b)(1). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict..." *Id.* To be considered new evidence, the Fourth Circuit requires that:

(1) the evidence must be, in fact, newly discovered, *i.e.*, discovered since the trial;

(2) facts must be alleged from which the Court may infer diligence on the part of the movant;

(3) the evidence relied on must not be merely cumulative or impeaching;

(4) the evidence must be material to the issues involved; and

(5) the evidence must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*See United States v. Christy*, 3 F.3d 765, 768 (4th Cir. 1993); *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989); *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987) (citing *Mills v. United States*, 281 F.2d 736, 738 (4th Cir. 1960)).

## ARGUMENT

Mr. Murdaugh's testimony regarding Mr. Laffitte, as detailed above, is newly discovered evidence as it has been discovered since the end of Mr. Laffitte's trial. The evidence is not merely cumulative and it is material to the elements of the charges against Mr. Laffitte. Indeed, such evidence, if introduced at a new trial, would likely produce an acquittal because it goes directly to the elements of the offenses of which Mr. Laffitte was charged.

In Count One of the Second Superseding Indictment, Mr. Laffitte is charged with Conspiracy to Commit Wire and Bank Fraud in violation of 18 U.S.C. § 1349. *See* ECF No. 61 at 10-11. In this Count, Mr. Laffitte is charged with "knowingly and intentionally" conspiring with others to commit wire and bank fraud. *Id.* at 10.

It is well settled in the Fourth Circuit that "[c]onspiracy to commit wire fraud under 18 U.S.C. § 1349 requires a jury to find that (1) two or more persons agreed to commit wire fraud and (2) the defendant willfully joined the conspiracy with the intent to further its unlawful purpose." *United States v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018). Both elements are undermined by Mr. Murdaugh's testimony. First, Mr. Murdaugh testified that he, and he alone, committed the financial crimes and explicitly admitted under oath that he did not conspire with Mr. Laffitte saying "**Russell Laffitte never conspired with me to do anything**." Second, Mr. Murdaugh testified that, even if Mr. Laffitte had participated in these criminal acts, that he was **not** a knowing and willful participant in a criminal conspiracy. "To sustain its burden, the Government must show that a conspiracy existed, that [the defendant] knew it existed, and that they knowingly entered into it." *United States v. Burton,* 11 F. App'x 328, 329–30 (4th Cir. 2001). The government cannot sustain this burden given the new evidence of Mr. Murdaugh's testimony.

In Count 2 of the Second Superseding Indictment, Mr. Laffitte was charged with Bank Fraud in violation of 18 U.S.C. § 1344(2). *See* ECF No. 61 at 12. In this Count, Mr. Laffitte is charged with "knowingly" executing or attempting to execute a scheme and artifice to obtain money under the custody and control of Palmetto State Bank with Mr. Murdaugh and "aided and abetted" Mr. Murdaugh in that effort. *Id.* at 12.

"The requirements for a § 1344(2) conviction" are (1) "the defendant knowingly execute[d] a scheme to obtain property held by a financial institution through false or fraudulent pretenses," "(2) he did so with intent to defraud, and (3) the institution was a federally insured or chartered bank." *United States v. Adepoju*, 756 F.3d 250, 255 (4th Cir. 2014). Mr. Murdaugh's new testimony clearly undercuts the government's burden on the first two elements. As Mr. Murdaugh testified, Mr. Laffitte did **not** knowingly execute a scheme and did **not** have the

4

intent to defraud Palmetto State Bank. Further, Mr. Laffitte did **not** knowingly aid and abet Mr. Murdaugh in any scheme to defraud Palmetto State Bank.

Similarly, in Count 3 of the Second Superseding Indictment, Mr. Laffitte was charged with Wire Fraud in violation of 18 U.S.C. § 1343. *See* ECF No. 61 at 13. In this Count, Mr. Laffitte is charged with "having devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire in interstate commerce, writings, signs, and signals, for the purpose of executing such a scheme and artifice," with Mr. Murdaugh. *Id.* at 13.

The two substantive elements of wire fraud are "(1) the defendant devised, or intended to devise, a scheme or artifice to defraud; and (2) the defendant used a wire to transmit any signal to execute the scheme or artifice." *United States v. Elbaz*, 52 F.4th 593, 603 (4th Cir. 2022) (citing *United States v. Taylor*, 942 F.3d 205, 213–14 (4th Cir. 2019)). The devisal of a scheme relates "to establishing the *mens rea* element of the wire fraud offense." *Id.* at 604. "It suffices for the defendant to 'intend' to devise a scheme." *Id.* (citing 18 U.S.C. § 1343). Therefore, the "scheme to defraud (or at least the intention to devise a scheme) remains a necessary element" of Section 1343. *Id.* Here, Mr. Laffitte neither devised a scheme nor had the intention to devise a scheme as evidenced by Mr. Murdaugh's testimony. Mr. Murdaugh testified under oath that he alone stole funds and that Mr. Laffitte had **no** knowledge of Mr. Murdaugh's scheme. Therefore, the government cannot sustain its burden on this "necessary element" of a wire fraud conviction.

In Counts 4, 5, and 6 of the Second Superseding Indictment, Mr. Laffitte was charged with Misapplication of Bank Funds in violation of 18 U.S.C. § 656. *See* ECF No. 61 at 14-16. In these Counts, Mr. Laffitte is charged with having "willfully misapplied, abstracted, and purloined

5

moneys, funds, and credits entrusted to the custody and care" of Palmetto State Bank, "with the intent to injure and defraud" Palmetto State Bank. *Id.*

Again, the Fourth Circuit recognizes that "intent is an element" of the Counts under Section 656. *United States v. Scheper*, 520 F.2d 1355, 1357 (4th Cir. 1975). "Were it not necessary to prove such an intent, a bank employee could be convicted of embezzlement when he inadvertently made errors to the bank's disadvantage." *Id.* "The purpose of the rule that the government must prove intent to injure or defraud is … to assure that only those who consciously do wrong are convicted of the crime." *Id.* Mr. Laffitte had no such intent, as evidenced by the testimony of Mr. Murdaugh.

As discussed above, the charges Mr. Laffitte faces all require an element of knowledge, intent, and willful participation. The Supreme Court of the United States has made clear that these elements are required for conviction of such criminal offenses, stating:

> The unanimity with which [courts] have adhered to the central thought that wrongdoing must be conscious to be criminal is emphasized by the variety, disparity and confusion of their definitions of the requisite but elusive mental element. However, courts of various jurisdictions, and for the purposes of different offenses, have devised working formulae, if not scientific ones, for the instruction of juries around such terms as 'felonious intent,' 'criminal intent,' 'malice aforethought,' 'guilty knowledge,' 'fraudulent intent,' '[willfulness],' 'scienter,' to denote guilty knowledge, or '*mens rea*,' to signify an evil purpose or mental culpability. By use or combination of these various tokens, they have sought to protect those who were not blameworthy in mind from conviction of infamous common-law crimes.

*Morissette v. United States*, 342 U.S. 246, 252 (1952). Because Mr. Murdaugh's undisputed testimony, given under oath, provides new evidence that Mr. Laffitte did **not** enter into a criminal conspiracy and had **no** such knowledge or *mens rea* to commit any of the Counts with which he is charged, Mr. Laffitte is entitled to a new trial.

6

**CONCLUSION**

In light of Mr. Murdaugh's undisputed sworn testimony that Mr. Laffitte did not participate in a conspiracy and was not knowingly involved in any criminal activity, Mr. Laffitte respectfully requests a new trial. Mr. Laffitte also respectfully requests a hearing on this Motion for a New Trial and further requests leave to supplement this Motion with new information/evidence in support of same as soon as it becomes available.

Respectfully submitted,

s/Mark C. Moore
Mark C. Moore (Fed. ID No. 4956)
Michael A. Parente (Fed. ID No. 13358)
Nexsen Pruet, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
Phone: 803.771.8900
Fax: 803.727.1458
MMoore@nexsenpruet.com
MParente@nexsenpruet.com

*Attorneys for Defendant Russell Lucius Laffitte*

March 9, 2023
Columbia, South Carolina