# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal No. 9:22-658-RMG |
| ) | |
| Russell Lucius Laffitte, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |
| _____ ) | |

     This matter comes before the Court on Defendant's second motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (Dkt. No. 274). The Government has filed a memorandum in opposition, (Dkt. No. 280), and Defendant has filed a reply, (Dkt. No. 288). For the reasons set forth below, the motion is denied.

## Factual Background

     Defendant went to trial on November 8, 2022 charged with six counts: conspiracy to commit wire and bank fraud, bank fraud, wire fraud, and three counts of misapplication of bank funds. After nine days of trial, the jury convicted Defendant on all counts. (Dkt. No. 208). Defendant thereafter moved for a new trial and for a judgment of acquittal. The Court denied these motions in a 42-page order dated March 6, 2023. (Dkt. No. 267). Three days later, on March 9, 2023, Defendant filed this second motion for a new trial, contending that he had available newly discovered evidence in the form of trial testimony offered by Richard Alexander Murdaugh ("Murdaugh") during Murdaugh's double first-degree murder trial. Murdaugh testified in his criminal trial that the Defendant never conspired with him in the commission of various financial crimes involving the theft of funds from Murdaugh's clients. (Dkt. No. 274 at 1-2).

1

Prior to Defendant's trial, Defendant gave notice that he intended to call Murdaugh as a witness in his defense even though Murdaugh's counsel had stated that Murdaugh would assert his Fifth Amendment right against self-incrimination if called as a witness. The Government objected to the Defendant calling Murdaugh as a witness when Defendant was on notice that Murdaugh would simply assert his Fifth Amendment right and refuse to testify. The Court, referencing well established case law on the issue, sustained the Government's objection. (Dkt. Nos. 173, 184).

After Defendant's conviction, Murdaugh went to trial charged with the first-degree murder of his wife and son. During the multi-week trial, Murdaugh testified that "Russell Laffitte never conspired with me to do anything" and did not knowingly participate in any of Murdaugh's theft of client funds. YouTube (February 23, 2023).[1] Murdaugh was convicted by a state court jury of the first-degree murder of his wife and son and was sentenced to two terms of life in prison without the possibility of parole. While sentencing Murdaugh, the presiding judge, South Carolina Circuit Judge Clifton Newman, stated that Murdaugh had "engaged in . . . duplicitous conduct here in the courtroom" and that the jury concluded that he had lied "throughout [his] testimony." YouTube (March 3, 2023).[2]

## Legal Standard

Rule 33 provides that a trial judge "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. This includes the granting of a new trial under certain circumstances on the grounds of "newly discovered evidence." Fed. R. Crim. P. 33(b)(1). To be granted a new trial on the basis of newly discovered evidence, a defendant must show (1)

---

[1] https://www.youtube.com/watch?v=L49TchwK9N0, at 7:57:02-8:00:05. The Court is informed that no transcript has yet been prepared in the case of *State of South Carolina v. Murdaugh*, and the Court has cited to a YouTube video of Murdaugh's testimony.

[2] https://www.youtube.com/watch?v=-J3j0mBwwnw, at 10:09-13:56.

the evidence is newly discovered; (2) he has been diligent in uncovering the evidence; (3) the newly discovered evidence is not cumulative or impeaching; (4) the newly discovered evidence is material; and (5) the newly discovered evidence, if offered at a retrial of the case, would probably result in an acquittal. *United States v. Lighty*, 616 F.3d 321, 374 (4th Cir. 2010). A trial court, however, "should exercise its discretion to award a new trial sparingly," and should grant a new trial "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003).

A defendant seeking a new trial based on the post-trial availability of testimony of a witness who previously asserted his Fifth Amendment right against self-incrimination faces significant obstacles under Rule 33.

First, in *United States v. Griffin*, 489 Fed. Appx. 679, 680-81 (4th Cir. 2012), the Fourth Circuit held, like almost all other Circuits having addressed the question, that potential testimony of a witness known to a defendant prior to trial but not available due to the assertion of the witness's Fifth Amendment privilege is not "newly discovered evidence" under Rule 33. *See, e.g.*, *United States v. Owen*, 500 F.3d 83, 89 (2d Cir. 2007); *United States v. Jasin*, 280 F.3d 355, 368-69 (3d Cir. 2002); *United States v. Freeman*, 77 F.3d 812, 817 (5th Cir. 1996); *United States v. Theodosopoulos*, 48 F.3d 1438, 1448 (7th Cir. 1995); *United States v. Glover*, 21 F.3d 133, 138-39 (6th Cir. 1994); *United States v. Muldow*, 19 F.3d 1332,1339 (10th Cir. 1994); *United States v. Reyes-Alvardo*, 963 F.2d 1184, 1188 (9th Cir. 1992); *United States v. DiBernardo*, 880 F.2d 1216, 1224 (11th Cir. 1989).[3]

---

[3] The First Circuit, in *United States v. Montilla-Rivera*, 115 F.3d 1060,1065-66 (1st Cir. 1997), held that post trial affidavits from co-defendants offering testimony withheld at trial due to the assertion of the Fifth Amendment privilege do constitute newly discovered evidence under Rule 33. The Fourth Circuit in *Griffin* noted the First Circuit's outlier position on this issue and specifically rejected it. *United States v. Griffin*, 489 Fed. Appx. 679, 681 (4th Cir. 2012).

The overwhelming majority view that post trial evidence of a witness who refused to testify at the defendant's trial is not 'newly discovered' is based on the specific language of Rule 33 (requiring the evidence to be "newly discovered," not newly accessible) and the practical impact of allowing previously known but withheld testimony to be the basis for the granting of a new trial.[4] In an early case raising the issue, Judge Henry Friendly warned that trial courts "must exercise great caution in considering evidence to be 'newly discovered' when it existed all along and was unavailable only because a co-defendant, since convicted, had availed himself of his privilege not to testify." *United States v. Jacobs*, 475 F.2d 270, 286 n. 33 (2d Cir. 1973). In *United States v. Jasin*, the Third Circuit adopted the "bright-line rule" that post trial evidence from witnesses who asserted the Fifth Amendment at the time of the defendant's trial was not newly discovered under Rule 33, noting the Government's concern that a rule to the contrary would render verdicts in multi-defendant cases meaningless since various defendants after conviction would "jockey to offer testimony for each other" in post-trial motions for a new trial. 280 F.3d at 368.

A second major obstacle to a defendant seeking a new trial under Rule 33 on the basis of newly discovered evidence is the requirement that the defendant show that this new evidence "would probably produce an acquittal." *Lighty*, 616 F. 3d at 374. In making that finding, the trial court must determine that the newly offered evidence is credible and that "a jury probably would reach a different result upon hearing the new evidence." *Id*. This requires the trial court to review the entire record presented at a defendant's trial and weigh it against the newly produced post trial evidence. The *Lighty* court observed that "if the district court does not find a witness credible, it

---

[4] Defendant argues in reply that the Court should disregard the Fourth Circuit's unpublished decision in *Griffin* since it is not binding authority. The Court finds the reasoning of *Griffin* and the decisions following that holding in eight other circuits highly persuasive.

follows that the district court would not find the witness sufficiently persuasive to enable the district court to conclude that the witness's testimony would probably produce an acquittal at a new trial." *Id*.

## Discussion

A review of Murdaugh's testimony from his double murder trial seeking to exculpate the Defendant for his involvement in various transactions leading to the theft of Murdaugh client funds and the full record offered over Defendant's nine day trial makes it clear that the Defendant is not entitled to a new trial under Rule 33 based on the Murdaugh testimony. First, the Murdaugh testimony was known to the Defendant before his trial[5] and was not offered because of Murdaugh's assertion of his Fifth Amendment privilege. Thus, Murdaugh's presently offered testimony is newly available but not newly discovered. Second, the Court finds that Murdaugh is manifestly not a credible witness. Evidence offered during the Defendant's trial established without question that Murdaugh is a serial liar and fraudster who stole from his clients and law partners. He now stands convicted of the double homicide of his wife and son. It is difficult to imagine a less credible witness under these circumstances.

The Court addressed in detail in its order denying Defendant's first motion for a new trial and acquittal the evidence which supported the jury's guilty verdict on each of the six counts. (Dkt. No. 267 at 31-42). The Court incorporates by reference that portion of the order denying Defendant's first motion for a new trial into this order. Weighing the newly offered trial testimony

---

[5] Defendant's new defense counsel argues in reply that "Mr. Laffitte did not know exactly how Mr. Murdaugh was going to testify." (Dkt. No. 288 at 2). The Court finds this assertion does not accurately reflect the record before the Court. Defendant's trial counsel listed Mr. Murdaugh as a defense trial witness and were informed by Murdaugh's counsel that "Murdaugh would provide exculpatory testimony regarding Mr. Laffitte's participation in any alleged fraudulent scheme involving Murdaugh if he were called to testify pursuant to a proffer agreement." (Dkt. No. 183 at 1).

5

of Murdaugh against the voluminous evidence offered at Defendant's trial, the Court finds that Defendant cannot carry his burden of establishing that he would probably be acquitted in a new trial on any of the six counts of conviction if Murdaugh testified on his behalf at a new trial.

## Conclusion

Based on the foregoing, Defendant's second motion for a new trial (Dkt. No. 274) is **DENIED**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

April 10, 2023  
Charleston, South Carolina