ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HAMPTON | ) | |
| | ) | CASE NO.: 2019-CP-25-00111 |
| Renee S. Beach, as Personal Representative of | ) | |
| the Estate of Mallory Beach, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| | ) | |
| Gregory M. Parker, Inc. a/k/a Parker's | ) | |
| Corporation, Richard Alexander Murdaugh, | ) | |
| Richard Alexander Murdaugh, Jr.; John | ) | |
| Marvin Murdaugh, as Personal Representative | ) | |
| of the Estate of Margaret Kennedy Branstetter | ) | |
| Murdaugh, and Randolph Murdaugh, IV, as | ) | |
| Personal Representative of the Estate of Paul | ) | |
| Terry Murdaugh, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court by Peter M. McCoy, Jr. and John T. Lay, Jr. ("Co-Receivers")

Motion for Consideration and Approval of a Proposed Settlement with Palmetto State Bank dated

August 19, 2022, by.  A hearing was held on September 1, 2022. For the reasons presented in the

Motion and at the hearing, it is hereby ORDERED that the Motion is granted. The Co-Receivers

are permitted to execute the Settlement Agreement with Palmetto State Bank attached hereto is

**Exhibit A**.

1

EXHIBIT 2

ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

*(Judge's Electronic Signature Page to Follow)*

ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111



Hampton Common Pleas

**Case Caption:**    Renee S. Beach , plaintiff, et al VS   Gregory M. Parker, Inc. ,
defendant, et al

**Case Number:**    2019CP2500111

**Type:**    Order/Approval Of Settlement

So Ordered

s/Daniel D. Hall  2753

Electronically signed on 2022-09-19 10:53:58     page 3 of 3

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement ("Agreement") is made this _____ day of _____, 2022 by and between John T. Lay, Jr. and Peter M. McCoy, Jr. as Co-Receivers ("Receivers") and Palmetto State Bank, N.A. ("Bank") in order to resolve all outstanding debt owed by R. Alexander Murdaugh ("Alex Murdaugh") either directly or indirectly[1] to the Bank as well as all claims and defenses of Alex Murdaugh or the Receivers arising out of or related to such debt or any financial transactions involving Alex Murdaugh and the Bank including those in which Russell Laffitte participated in his capacity as an employee or officer of the Bank or in a personal fiduciary capacity (hereinafter collectively the "Settled Debts and Claims"). Except as specifically provided for herein, it is the Receivers' and the Bank's intention that this Agreement shall resolve the Settled Debts and Claims.

The Receivers were appointed by Order of the Honorable Judge Daniel D. Hall dated November 4, 2021 ("Receiver Order")[2] for the purpose of securing and maintaining Alex Murdaugh's assets and as otherwise stated therein. The Receivers, as part of their instructions from the Receivership Court, have undertaken to review and consider Alex Murdaugh's various assets in order to establish and maintain the assets subject to the receivership ("Receivership Estate"). As a part of their appointment, the Receivers reviewed all Palmetto State Bank outstanding debt, as listed in this Agreement, impacting Alex Murdaugh's assets and his financial condition, as well as many of the records relating to his accounts with the Bank. The following

---

[1] This Agreement encompasses debt owed by 0 United Drive, LLC and Redbeard, LLC to the Bank as Alex Murdaugh has an ownership interest in both entities.

[2] The Receivers were appointed in the matter *Renee S. Beach, as Personal Representative of the Estate of Mallory Beach vs. Gregory M. Parker, Inc. a/k/a Parker's Corporation d/b/a Parkers 55, Luther's Rate and Well Done, LLC, Kristy C. Wood, James M. Wood, Richard Alexander Murdaugh, Richard Alexander Murdaugh, Jr., Randolph Murdaugh, III, Individually and as Trustee of the Murdaugh Residence Trust 2, and The Murdaugh Residence Trust 2* Civil Action No. 2019-CP-25-00111 ("the Beach Case").

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

Agreement represents the culmination of the Receiver's assessment and lengthy negotiations with the Bank resulting in a compromise of disputed claims and defenses.

The debt this Agreement applies to include the following loans (collectively "Loans" or delineated as "Secured Loans" and "Unsecured Loans"):

1. **Loan Number 6974140**. Secured by a mortgage filed in Berkeley County against real estate owned by 0 United Drive, LLC (along with Loan 6974141 "Berkeley County Properties").

2. **Loan Number 6974141**. Secured by a mortgage filed in Berkeley County against real estate owned by Redbeard, LLC.

3. **Loan Number 6979180**. Secured by property at 3606 Big Bay Drive Edisto, SC in Colleton County.

4. **Loan Number 6978806**. Secured by a portion of the property known as Moselle totaling approximately 914 acres.

5. **Loan Number 6987336**. Secured by the total property known as Moselle in both Hampton and Colleton County totaling approximately 1,770 acres.

6. **Loan Number 6970489**. Secured by a mortgage on various islands referred to as the Williams Islands as documented in Beaufort County.

7. **Loan Number 6991524**. Unsecured debt with Randolph Murdaugh III as co-borrower.

8. **Loan Number 6996048**. Unsecured debt.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in consideration of the mutual undertakings and promises contained herein, the Receivers and the Bank (collectively "the Parties"), hereby agree as follows:

1.    The Receivers (in their capacity as court-appointed receivers) and on behalf of Alex

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

Murdaugh hereby release and forever discharge the Bank, its holding company (Palmetto Bankshares), its subsidiary corporations and companies, its past, current, and future directors, officers, employees, representatives, successors, and assigns from any and all causes of action, claims, losses, and defenses involving the Settled Debts and Claims, whether known or unknown, arising now or in the future, at law or in equity except as otherwise documented in this Agreement and so long as the Bank does not initiate an action against Alex Murdaugh outside of the Receivership Court, or an action within the Receivership Court for seeking damages other than those directly and specifically related to the Loans described below. In the event the Bank initiates an action outside of the Receivership Court or an action seeking damages other than those directly and specifically related to the Loans, Alex Murdaugh and the Receivers on his behalf will be entitled to raise any and all defenses available to him as well as bring any claims against the Bank related to the particular action. This release excludes all rights of the Receivers and obligations of the Bank established by the terms of this Agreement.

2. Pursuant to the Order for Temporary Injunction entered on November 4, 2021 in the Beach Case, Alex Murdaugh is barred from encumbering his assets. Although the Bank has no intention of doing so, the Bank agrees it will not extend any additional funds to Alex Murdaugh in a manner that will encumber any of Alex Murdaugh's assets without first seeking the approval of the Receivership Court so long as the Receivership remains in place. The Bank's obligation not to encumber any of Alex Murdaugh's assets as described in this Paragraph shall not be understood to exclude its right to seek payment of the amounts still outstanding on any Unsecured Loans and any Secured Loans (after receipt of the payments to be applied against the principal amount of the respective

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

Secured Loans to release the Bank's mortgage liens from the sale of the real properties) from the Receivership Estate or the Receivership Court for the satisfaction of the unpaid indebtedness of Alex Murdaugh as further described herein, which claims shall not be considered an action outside of the Receivership Court or an action seeking damages other than those directly and specifically related to the Loans

3. The Bank will dismiss **with prejudice,** within three (3) business days after the Court approval of this Settlement Agreement, the action entitled *Palmetto State Bank – Hampton a/k/a Palmetto State Bank vs. E. David Grubbs, Jr., Thomas M. Boulware, and Joshua M. Hulen* Civil Action No. 2022-CP-10-02415 filed on May 26, 2022 in an attempt to collect against guaranties of the debt owed by 0 United Drive, LLC and Redbeard, LLC. The dismissal is attached hereto as **Exhibit A.**

4. The Bank further agrees to release David Grubbs, Thomas Boulware and Josh Hulen from any and all claims it might have against those individuals for payment of or contribution towards any debt owed by Alex Murdaugh, 0 United Drive, LLC and Redbeard, LLC to the Bank or any deficiency judgment(s) the Bank obtains in the future related to debt owed by Alex Murdaugh, 0 United Drive, LLC, and Redbeard, LLC. The Mutual General Release between the Bank, Hulen, Grubbs and Boulware is attached hereto as **Exhibit B** ("Release"). The Bank, Grubbs, Hulen and Boulware will execute the Release withing three (3) business days after the Court approval of this Settlement Agreement. The Release shall include a provision specifying that any and all guaranty documents executed by David Grubbs, Thomas Boulware, and Josh Hulen securing any debt owed by Alex Murdaugh, 0 United Drive, LLC or Redbeard, LLC are deemed to be void.

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

5.  The Bank will dismiss without prejudice the foreclosure action initiated against 0 United Drive, LLC and Redbeard, LLC in Berkeley County. The dismissal is attached hereto as **Exhibit C**.

6.  The Bank agrees not to seek any separate debt collection from Alex Murdaugh or entities in which Alex Murdaugh has an interest except by and through the Receivership Court with the exception that the Bank may initiate a foreclosure action against the Berkeley County Properties pursuant to the following terms and conditions:

    a.  The Bank shall not initiate any such foreclosure action prior to July 1, 2024 or the termination of the Receivership, whichever is later;

    b.  To the extent the foreclosure action is initiated while the Receivership is still in place, such foreclosure action shall be limited to the amounts detailed in Paragraph 7 below; and

    c.  To the extent the Bank brings a foreclosure action in regard to the Berkeley County Properties and the underlying Secured Loans at such time as permitted by this Section 6, Alex Murdaugh and the Co-Receivers retain and may assert any and all defenses, counterclaims, and arguments that it has against the Bank in such action as if this Agreement did not exist.

7.  The Bank agrees to release its mortgage liens securing the various Secured Loans and execute recordable releases of such mortgage lien upon the Bank's receipt of the following amounts (all specified amounts shall be paid by wire transfer directly to the Bank at the time of closing on the sale of the applicable property):

    - **Loan Number 6974140**. The mortgage(s) securing any property owned by 0 United Drive, LLC will be released upon the Bank's receipt of: $257,761.82.

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

- **Loan Number 6974141.** The mortgage(s) securing any property owned by Redbeard, LLC will be released upon the Bank's receipt of $312,896.71.

- **Loan Number 6979180.** The mortgage(s) securing the property located at 3606 Big Bay Drive Edisto, SC was released upon the Bank's receipt of: $153,329.71 plus receipt of the amounts paid for taxes and insurance by the Bank for this property.

- **Loan Numbers 6978806 and 6987336.** The Bank hereby grants to the Receivers the right to receive $150,000 of the principal amount of these two loans as well all the accrued interest and late fees at the time of the sale of the properties secured by these two mortgages. The mortgages filed on the property known as Moselle totaling approximately 1,770 acres ("Moselle Mortgages") and securing both loans numbers 6978806 and 6987336 ('Moselle Loans') shall be released upon: 1) the payment to the Bank from closing of $1,690,856.22 of principal plus the amount of property taxes paid by the Bank and the amount of the premiums paid by the Bank for force-placed property insurance) **and** 2) the payment to the Receivership Estate from closing of $150,000 plus any and all late fees and interest due and owing on the Moselle Loans as of the date of the sale. The Bank will not release the Moselle Mortgages until such amounts have been received by the Bank and Receivership Estate. In the event the Moselle Property is sold in separate parcels such that the loans are repaid at different times, the Bank shall receive the principal amount of that the first applicable Moselle Loan less $150,000 plus the amount of any property taxes and force-placed insurance on that property and the Receivership Estate shall receive $150,000 plus all late fees

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

and interest due on that Moselle Loan as of the date of sale. On the sale of the second Moselle property, the Bank shall receive 100% of the outstanding principal of that Moselle Loan plus the amount of any property taxes and the amount of the premiums paid by the Bank for force-placed insurance on that property, and the Receivership Estate shall receive the interest and late fees due on that Mosselle Loan at the time of closing. If there are separate sales, the Bank shall not release the respective Moselle Mortgages until the respective payments are made to both the Bank and the Receivership Estate.   In no event shall the Bank receive more than a total of $1,690,856.22 in principal plus repayment of property taxes and force-placed insurance at the time of the sales of Moselle Properties.   The Bank and the Receivers shall provide notice of any sale or proposed sale of Moselle to the other within two (2) days of either receiving notice of such sale.  Prior to sending a pay-off amount to any closing attorney, current owner of Moselle, or potential buyer, the Bank shall provide the Receivers with written notice of the pay-off amount, which shall include the itemized amounts owed to both the Bank and the Receivers pursuant to this Agreement. This notice of the pay-off amount prior to providing the same to a third party allows the Receivers the ability to understand the calculation of late fees and interest due upon the date of the sale as well as insure the correct amount will be transmitted to the Receivership Estate from the closing. The Bank shall instruct the closing attorney to disburse the payoff amount to the Bank and the Receivership Estate at closing per the terms of this section and shall provide a copy of such instructions to the attorney for the Receivers when transmitted.

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

- **Loan Number 6970489.** The mortgage lien on property referred to as the Williams Islands as documented by filings in Beaufort County will be released upon the Bank's receipt of $54,119.80.

As reflected in the above amounts, the Bank will not receive or collect any interest, attorney's fees, and late charges associated with the Loans at the time of a sale as a condition precedent to releasing the associated mortgage lien.

8.  Nothing in this Agreement precludes the Bank from seeking payment by application to the Receivership Court for any amounts of outstanding principal, interest and late fees for the Loans that remain unpaid and unassigned after the release of the above listed mortgage liens.  Except as provided herein, the Receivers agree that they shall not contend in any such proceeding that the underlying obligations or promissory notes of the Bank are void or invalid in any manner, consistent with the release and settlement of the Settled Debts and Claims herein. Nothing in this Agreement shall constitute a release or discharge by the Bank of any claims, causes of action, rights, or remedies it has against Alex Murdaugh related to the Loans or otherwise.

9.  The Receivers agree to withdraw the current outstanding subpoena to the Bank dated March 2, 2022 as well as the current outstanding subpoena to Russell Laffitte dated April 22, 2022, and agree to refrain from issuing future subpoenas on the Bank or causing them to be issued through others except in the course of the Receivers' investigation of Alex Murdaugh's or Buster Murdaugh's assets; any such subpoena shall be narrowly crafted to target the particular records sought. Before issuing such subpoena, the attorney for the Receivers shall communicate with the attorneys for the Bank to provide them advance notice, the reason for the subpoena, and the scope of the subpoena.

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

10. The Receivers agree to close Russell Laffitte's current outstanding deposition initiated on February 24, 2022 that was adjourned with the exception that the Receivers may seek additional information from Russell Laffitte related to his knowledge of Alex Murdaugh's assets and the value of the same.

11. This Agreement is entirely contingent on its approval by the Receivership Court. Upon approval, this Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, assigns and heirs and with regard to the Bank, its officers, employees, current and former board members, representatives, agents, counsel, shareholders, members, assigns, successors, subsidiary or parent entities.

12. This Agreement shall be governed by and interpreted in accordance with the laws of the State of South Carolina.

13. This Agreement may be executed in counterparts, and all counterparts shall be deemed to constitute a single agreement. The execution and delivery of such counterpart by any person shall have the same force and effect as if that person had executed all other counterparts.

14. All Parties agree and understand that time is of the essence as it pertains to sales of the properties in question and that all Parties will work diligently with respect to their respective obligations herein associated with such sales in a timely manner.

15. All prior negotiations, representations, and agreements between the Parties of any kind relating to the disputes settled in this Agreement, whether oral, written, express, implied, collateral or concurrent, are merged into this Agreement, and this Agreement shall constitute the complete and total agreement of the Settling Parties of any such disputes such that if the terms of this Agreement conflict with the terms of a prior agreement between the Parties, this Agreement controls.

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

16. No modification of this Agreement shall be effective unless in writing and signed by all the Parties and approved by the Receivership Court.

17. By executing this Agreement, the undersigned representative of the Bank stipulates, agrees and warrants that he or she has the necessary and appropriate authority and capacity to execute this Agreement and to make this Agreement fully binding upon and enforceable against the Bank.

18. By entering into this Agreement, the Bank stipulates, agrees and warrants as follows:

    a. The terms of this Agreement are reasonable;

    b. The Bank is the sole and lawful owner of all rights and interests in the Loans and their associated contracts, Promissory Notes, Guaranties, and mortgages and the Bank has not assigned, transferred, or conveyed (1) any right to collect the above referenced Loans or (2) any contract, Promissory Note, Guaranty, or Mortgage associated with the Loans or any right to enforce or collect the same except for the right granted to the Receivers in Paragraph 7 herein related to the Moselle Loans. ..

    c. The Bank is aware of no mortgage or lien it possesses against the above referenced properties other than those detailed herein that would prevent the Receivers from conveying clean title. To the extent any such mortgages or liens are discovered, they will be released pursuant to the terms detailed herein.

    d. The Bank is aware of no other Secured Loan owed to the Bank by Alex Murdaugh other than those listed in this Agreement.

19. Each of the Parties has participated equally in the drafting of this Agreement and, as such, this Agreement shall be construed equally in favor of all Parties and shall not be construed against any of the Parties due to the identity of the drafter.

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

20. The Parties represent and agree that they have had a full opportunity to read the terms of this Agreement and to have counsel of their choice explain the terms of this Agreement to them. The Parties further represent and agree that they understand the terms of this Agreement, agree to those terms and execute this Agreement voluntarily and without duress of any kind.

21. This Agreement settles and compromises contested claims and defenses to avoid the expense, risk, and other burdens of extended litigation. Neither this Agreement nor any provision herein shall be considered an admission of liability, fault or wrongdoing by the Parties hereto who deny such alleged liability, fault or wrongdoing.

22. No statements or agreements set forth in this Agreement shall in any way inure to the benefit of any third party. This Agreement shall not create or give to any third person or entity any right, claim, benefit, defense or cause of action against any party hereto nor shall it be construed as any admission by any party that any compensation is owed to any third party not specifically identified in this Agreement.

**- SIGNATURE PAGE –**

**SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN**

John T. Lay, Jr., Esquire, Co-Receiver

Date: ___9 / 2-1 / 22___

Peter M. McCoy, Jr., Esquire, Co-Receiver

Date: ___9-22-22___

Palmetto State Bank, N.A.
By and through its _____.

_____
Printed Name

_____
Signature

Date: _____

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

## - SIGNATURE PAGE –

## SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN

John T. Lay, Jr., Esquire, Co-Receiver

_____

Date: _____

Peter M. McCoy, Jr., Esquire, Co-Receiver

_____

Date: _____

Palmetto State Bank
By and through its ___PRESIDENT___.

J. M. MALINOWSKI
Printed Name

_____
Signature

Date: ___September 26, 2022___

# EXHIBIT A

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS FIFTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | |
| Palmetto State Bank—Hampton a/k/a Palmetto State Bank, | Civil Action No.: 2022-CP-10-02415 |
| Plaintiff, | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| vs. | |
| E. David Grubbs, Jr., Thomas M. Boulware, and Joshua M. Hulen, | |
| Defendants. | |

Palmetto State Bank – Hampton a/k/a Palmetto State Bank, E. David Grubbs, Jr., Thomas

M. Boulware, and Joshua M. Hulen (collectively "the Parties"), by and through their attorneys

below, have reached a satisfactory resolution of the issues raised in this matter and wish to end

this action pursuant to Rule 41 of the South Carolina Rules of Civil Procedure. All parties hereto

agree to bear their own costs and expenses associated with this action, and their undersigned

counsel stipulate to dismiss the action with prejudice.

WE SO STIPULATE AND AGREE:

| | |
|---|---|
| _____ | _____ |
| G. Trenholm Walker, SC Bar No. 5777 | D. Jay Davis, Jr., SC Bar No. 12084 |
| Thomas P. Gressette, Jr., SC Bar No. 14065 | Clement Rivers, LLP |
| James W. Clement, SC Bar No. 102467 | 25 Calhoun Street, Suite 400 |
| Walker Gressette & Linton, LLC | Charleston, SC 29401 |
| PO Drawer 22167, Charleston, SC 29413 | jdavis@ycrlaw.com |
| 66 Hassell Street, Charleston, SC 29401 | 843-720-5406 Office |
| Walker@WGLFIRM.com | |
| Gressette@WGLFIRM.com | ***Attorney for Defendants*** |
| Clement@WGLFIRM.com | |
| (843) 727-2200 Office | |
| | |
| ***Attorneys for Plaintiff*** | |

1

# EXHIBIT B

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement ("Agreement") is made this _____ day of

_____, 2022 by and between E. David Grubbs, Jr. and Thomas M. Boulware (together the

"Guarantors") and Palmetto State Bank – Hampton a/k/a Palmetto State Bank a/k/a Palmetto

State Bank, N.A. (the "Bank") in order to resolve any and all outstanding debt owed to the Bank

by Guarantors arising out of, related to or in connection with the following loans: (i) **Loan

Number 6974140, s**ecured by a mortgage filed in Berkeley County against real estate owned by

0 United Drive, LLC (along with Loan 6974141 "Berkeley County Properties"); and (ii) **Loan

Number 6974141, s**ecured by a mortgage filed in Berkeley County against real estate owned by

Redbeard, LLC (Loan Number 6974140 and Loan Number 6974141 are together referred to as

the :Loans") (hereinafter collectively the "Settled Debts and Claims").  It is the intent of

Guarantors and the Bank that this Agreement shall resolve the Settled Debts and Claims.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of

which are hereby acknowledged, and in consideration of the mutual undertakings and promises

contained herein, the Guarantors and the Bank (collectively "the Parties"), hereby agree as

follows:

1.      The Guarantors hereby release and forever discharge the Bank, its holding company

(Palmetto Bankshares), its subsidiary corporations and companies, its past, current, and future

directors, officers, employees, representatives, successors, and assigns from any and all causes of

action, claims, losses, and defenses involving the Settled Debts and Claims, whether known or

unknown, arising now or in the future, at law or in equity. This release excludes all rights of the

Guarantors and obligations of the Bank established by the terms of this Agreement.

2.      The Bank will dismiss with prejudice, within three (3) business days after the Court

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

approval of this Settlement Agreement, the action entitled Palmetto State Bank – Hampton a/k/a Palmetto State Bank vs. E. David Grubbs, Jr., Thomas M. Boulware, and Joshua M. Hulen Civil Action No. 2022-CP-10-02415 filed on May 26, 2022 in an attempt to collect against guaranties of the debt owed by 0 United Drive, LLC and Redbeard, LLC.  The dismissal is attached hereto as Exhibit __.

3.    The Bank does hereby release and forever discharge Guarantors from any and all claims Bank might have against Guarantors for payment of or contribution towards any debt owed by 0 United Drive, LLC and Redbeard, LLC to the Bank or any deficiency judgment(s) the Bank obtains in the future related to debt owed by 0 United Drive, LLC and Redbeard, LLC.  Any and all guaranty documents executed by Guarantors securing any debt owed by 0 United Drive, LLC or Redbeard, LLC are deemed to be void.

4.    The Bank will dismiss without prejudice the foreclosure actions initiated against 0 United Drive, LLC and Redbeard, LLC in Berkeley County. The parties shall bear their respective attorneys' fees and costs. The dismissals are attached hereto as Exhibit __.

5.    The Bank hereby deems any Guaranties executed by the Guarantors involving the Loans to be void.

6.    This Agreement shall be governed by and interpreted in accordance with the laws of the State of South Carolina.

7.    This Agreement may be executed in counterparts, and all counterparts shall be deemed to constitute a single agreement. The execution and delivery of such counterpart by any person shall have the same force and effect as if that person had executed all other counterparts.

8.    All Parties agree and understand that time is of the essence as it pertains to sales of the properties in question and that all Parties will work diligently with respect to their respective

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

obligations herein associated with such sales in a timely manner.

9.     All prior negotiations, representations, and agreements between the Parties of any kind relating to the disputes settled in this Agreement, whether oral, written, express, implied, collateral or concurrent, are merged into this Agreement, and this Agreement shall constitute the complete and total agreement of the Settling Parties of any such disputes such that if the terms of this Agreement conflict with the terms of a prior agreement between the Parties, this Agreement controls.

10.     No modification of this Agreement shall be effective unless in writing and signed by all the Parties.

11.     By executing this Agreement, the undersigned representative of the Bank stipulates, agrees and warrants that he or she has the necessary and appropriate authority and capacity to execute this Agreement and to make this Agreement fully binding upon and enforceable against the Bank.

12.     By entering into this Agreement, the Bank stipulates, agrees and warrants as follows:

 a.     The terms of this Agreement are reasonable;

 b.     The Bank is the sole and lawful owner of all rights and interests in the Loans and their associated contracts, Promissory Notes, Guaranties, and mortgages, and the Bank has not assigned, transferred, or conveyed (1) any right to collect the above referenced Loans or (2) any contract, Promissory Note, Guaranty, or Mortgage associated with the Loans or any right to enforce or collect the same.

13.     By entering into this Agreement, the Guarantors stipulate, agree and warrant as follows:

 a.     The terms of this Agreement are reasonable;

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

      b.   The Guarantors are the sole and lawful owner of all rights and interests in the claims being released herein and have not assigned, transferred, pledged or otherwise encumbered such claims

14.    Each of the Parties has participated equally in the drafting of this Agreement and, as such, this Agreement shall be construed equally in favor of all Parties and shall not be construed against any of the Parties due to the identity of the drafter.

15.    The Parties represent and agree that they have had a full opportunity to read the terms of this Agreement and to have counsel of their choice explain the terms of this Agreement to them. The Parties further represent and agree that they understand the terms of this Agreement, agree to those terms and execute this Agreement voluntarily and without duress of any kind.

16.    This Agreement settles and compromises contested claims and defenses to avoid the expense, risk, and other burdens of extended litigation. Neither this Agreement nor any provision herein shall be considered an admission of liability, fault or wrongdoing by the Parties hereto who deny such alleged liability, fault or wrongdoing.

17.    No statements or agreements set forth in this Agreement shall in any way inure to the benefit of any third party. This Agreement shall not create or give to any third person or entity any right, claim, benefit, defense or cause of action against any party hereto nor shall it be construed as any admission by any party that any compensation is owed to any third party not specifically identified in this Agreement.

*[Signature Page Follows.]*

*[Remainder of this Page Intentionally Left Blank.]*

- SIGNATURE PAGE –

**SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN**

**Guarantors:**

_____
E. David Grubbs, Jr.

Date: _____

_____
Thomas M. Boulware

Date: _____

_____
Joshua M. Hulen

Date: _____

**Bank:**

Palmetto State Bank – Hampton a/k/a Palmetto State
Bank a/k/a Palmetto State Bank, N.A.
By and through its _____.

_____
Printed Name

_____
Signature

Date: _____

Page 5 of 5

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

# EXHIBIT C

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

Palmetto State Bank—Hampton a/k/a Palmetto State Bank,

                  Plaintiff,

    vs.

0 United Drive, LLC,

                Defendant.

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT

Civil Action No.: 2022-CP-08-01239

**NOTICE OF DISMISSAL
WITHOUT PREJUDICE**

Palmetto State Bank – Hampton a/k/a Palmetto State Bank, by and through its attorneys below wishes to end this action pursuant to Rule 41 of the South Carolina Rules of Civil Procedure and therefore files this Notice of Dismissal Without Prejudice.

Respectfully Submitted,

_____
G. Trenholm Walker, SC Bar No. 5777
Thomas P. Gressette, Jr., SC Bar No. 14065
James W. Clement, SC Bar No. 102467
Walker Gressette & Linton, LLC
PO Drawer 22167, Charleston, SC 29413
66 Hassell Street, Charleston, SC 29401
Walker@WGLFIRM.com
Gressette@WGLFIRM.com
Clement@WGLFIRM.com
(843) 727-2200 Office

***Attorneys for Plaintiff Palmetto State Bank—Hampton a/k/a Palmetto State Bank***

_____, 2022

1

# EXHIBIT D

ELECTRONICALLY FILED - 2022 Sep 15 4:04 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111
ELECTRONICALLY FILED - 2022 Sep 19 11:31 AM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

Palmetto State Bank—Hampton a/k/a Palmetto
State Bank,

                  Plaintiff,

    vs.

RedBeard, LLC,

                Defendant.

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT

Civil Action No.: 2022-CP-08-01240

**NOTICE OF DISMISSAL
WITHOUT PREJUDICE**

      Palmetto State Bank – Hampton a/k/a Palmetto State Bank, by and through its attorneys

below wishes to end this action pursuant to Rule 41 of the South Carolina Rules of Civil

Procedure and therefore files this Notice of Dismissal Without Prejudice.

                                  Respectfully Submitted,

                                  _____

                                  G. Trenholm Walker, SC Bar No. 5777
                                  Thomas P. Gressette, Jr., SC Bar No. 14065
                                  James W. Clement, SC Bar No. 102467
                                  Walker Gressette & Linton, LLC
                                  PO Drawer 22167, Charleston, SC 29413
                                  66 Hassell Street, Charleston, SC 29401
                                  Walker@WGLFIRM.com
                                  Gressette@WGLFIRM.com
                                  Clement@WGLFIRM.com
                                  (843) 727-2200 Office

                                  ***Attorneys for Plaintiff Palmetto State
Bank—Hampton a/k/a Palmetto State
Bank***

_____, 2022

1