**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 9:22-658-RMG |
| | ) | |
| Russell Lucius Laffitte, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's second motion to extend the time for Defendant to report to the Bureau of Prisons to commence his sentence. (Dkt. No. 331). The Court sentenced Defendant on August 2, 2023, to 84 months incarceration and five years of supervised release following his conviction on six felony counts. (Dkt. No. 316). Defendant filed with the Fourth Circuit a notice of intent to appeal on August 8, 2023, and a motion for release pending appeal on August 14, 2023. On August 21, 2023, Defendant and the Government filed a consent order with this Court, seeking an extension of time of one week for Defendant to report to the Bureau of Prisons, until September 21, 2023, because briefing before the Fourth Circuit on the motion for release pending appeal would not be completed for another week or so. (Dkt. No. 324).

The Court granted the consent motion for a one-week extension for Defendant to report to the Bureau of Prisons to afford the Court's colleagues on the Fourth Circuit an adequate opportunity to address the motion for release pending appeal. (Dkt. No. 325). The Government informed the Fourth Circuit on August 21, 2023, that Defendant's report date was now September 21, 2023, one month away. All briefing before the Fourth Circuit on Defendant's motion for

1

release pending appeal was completed by August 29, 2023. The Fourth Circuit has not ruled on Defendant's motion for release pending appeal.

The general rule is that a defendant sentenced to a period of imprisonment who has filed an appeal "shall . . . be detained" unless the court finds that the appeal "raises a substantial question of law or fact likely to result in. . . (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence. . ." 18 U.S.C. § 3143(b)(1)(B). Defendant carries the burden of establishing that he meets the requirements of the statute for release pending appeal. *United States v. Pennington*, Case No. 3:16-cr-61-J-39MCR, 2018 WL 9986674 at *1 (M.D. Fla. Feb. 2, 2018). The standards of § 3143(b) have been applied to motions for an extension of time to report to the Bureau of Prisons. *Id*. at *3; *United States v. Freeman-Payne*, Case No. 10-20235, 2015 WL 5302807 at *2 (E.D. Mich. Sept. 10, 2015). The district court in *Pennington* noted that the statute governing release pending appeal does not contain an exception which "allows a defendant to remain on bond pending appeal of a motion to remain on bond pending appeal." *Pennington*, 2018 WL 9986674, at *3. The district court reasoned that "[i]f that were permitted, the purpose of the Act would be frustrated as the mere filing of a motion to remain on bond pending appeal would entitle a defendant to a stay of the term of imprisonment." *Id.*

Today, September 20, 2023, the Court received an emergency request from defense counsel for a status conference concerning the Defendant's request for a one-week extension of his date to report to the Bureau of Prisons. The Court promptly scheduled a telephone conference with counsel to hear argument on the pending motion. The Court has carefully weighed the mandate of § 3143(b) narrowly limiting the circumstances under which a sentenced defendant may remain free pending an appeal and the need to provide this Court's colleagues on the Fourth Circuit

adequate time to address Defendant's pending motion for release pending appeal. The Court has previously denied Defendant's motion for a new trial and for a directed verdict of acquittal (Dkt. No. 267) and finds that he does not meet the standards of § 3143(b)(1)(B) for the granting of release pending appeal. Therefore, the only issue is whether the Court should grant Defendant's requested one-week extension to report to the Bureau of Prisons to be assured that the Fourth Circuit has had an adequate time to address his motion for release pending appeal. The Court grants Defendant's motion for a one-week extension to report to the Bureau of Prisons, until September 28, 2023. No further extensions will be granted.

      **AND IT IS SO ORDERED**.

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

September 20, 2023
Charleston, South Carolina