UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| vs. | ) Criminal No. 2:13-330 |
| | ) |
| Wendy Annette Moore, Christopher Austin Latham, Aaron Russell Wilkinson, Rachel Palmer, | ) **ORDER** |
| | ) |
| Defendants. | ) **UNDER SEAL** |

Following discussions between the Court and counsel at various pre-trial proceedings about the possible impact of pre-trial publicity on the potential jury venire, the Court entered an order dated October 29, 2013, requiring any parties seeking a change in the venue for the selection of the jury panel on the basis of pre-trial publicity to file a motion on or before October 8, 2013. (Dkt. No. 264). No defendant filed a motion to change the venue for the selection of the jury panel but the Government did file such a motion. (Dkt. No. 271).

It is well settled that a change in venue for the selection of a jury in a criminal case is warranted only where the prejudice against the defendant is so great that the defendant cannot obtain a fair and impartial trial. Fed. R. Crim. P. 21(a). Such a finding should be made "[o]nly in extreme circumstances" and the far more preferable course is for the trial court to conduct *voir dire* and determine if actual prejudice exists. *United States v. Higgs*, 353 F.3d 281, 307-08 (4th Cir. 2003), *United States v. Bakker*, 925 F.2d 728, 733 (4th Cir. 1991). To the extent that "*voir dire* reveals that an impartial jury cannot be impanelled," the trial court should then grant the motion to change venue. *Id.* at 732.

Based upon the information currently available to the Court and the notable lack of interest of the Defendants in changing the venue at this time, the Court finds that the extreme circumstances necessary to justify a presumption of a tainted jury panel do not exist. All parties support appropriate *voir dire* to determine whether any potential jurors are unable to "lay aside [any] impression or opinion and render a verdict based on the evidence presented in court." *Irvin v. Dowd*, 366 U.S. 717, 723 (1961). To that end, the Court intends to make a general inquiry to the jury venire whether any prospective jurors have heard about or are aware of the allegations against the Defendants and then to conduct individual *voir dire* for all prospective jurors who may have knowledge about the pending charges. Total ignorance of the matter is not a prerequisite for jury service but it is important for the Court to make sufficient inquiry to confirm that any individuals selected for jury service can perform their duties in a fair and impartial manner and render a verdict based upon the evidence presented at trial. The Court will conduct both the general and individual *voir dire* and will consider asking the prospective jurors questions proposed by counsel consistent with the requirements of Fed. R. Crim. P. 24(a)(2).

Based upon the foregoing, the Government's motion (Dkt. No. 271) is DENIED.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

November 21, 2013
Charleston, South Carolina