# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| United States of America, | Case No. 9:22-658-RMG |
| v. | |
| Russell Lucius Laffitte, | **ORDER** |
| Defendant. | |

This matter comes before the Court on Defendant's motion for a districtwide jury panel or, in the alternative, for a jury pool drawn from another division within the District of South Carolina. (Dkt. No. 366). The Government has filed a memorandum in opposition and Defendant has filed a reply. (Dkt. Nos. 368, 369). For reasons set forth below, the motion is denied without prejudice.

By way of background, Defendant was indicted by a federal grand jury on a six-count indictment on September 20, 2022, which included charges of Conspiracy to Commit Wire Fraud and Bank Fraud, Bank Fraud, Wire Fraud, and three counts of Misapplication of Bank Funds. (Dkt. No. 61). Jury selection was conducted on November 8, 2022, and a jury of twelve persons and four alternates was empaneled from the Charleston and Beaufort Divisions of the District of South Carolina without any significant difficulty. (Dkt. No. 174). After a multi-day trial, Defendant was convicted on all six counts. The Fourth Circuit vacated the conviction and remanded the case to be retried by order dated November 14, 2024. (Dkt. No. 341). The Court set the case for retrial on May 2, 2025 by order dated January 2, 2025. Defendant filed his motion for a statewide jury panel on February 2, 2023. The Government filed its response in opposition on February 14, 2025, and Defendant filed his reply on February 18, 2025. The motion is now fully briefed and ripe for disposition.

1

Rule 21(a) of the Federal Rules of Criminal Procedure provides that a district court, upon motion of a defendant, "must transfer the proceeding against the defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." In responding to a defendant's motion to change venue, the district court must make a determination of whether the pretrial publicity is "so inherently prejudicial that trial proceedings must be presumed to be tainted." *United States v. Baker*, 925 F.2d 728, 732 (4th Cir. 1991). If the district court makes such a determination, the motion should be granted. The Fourth Circuit has cautioned, however, that "only in extreme circumstances may prejudice be presumed from the existence of the publicity itself." *Wells v. Murray*, 831 F.2d 468, 472 (4th Cir. 1987). Otherwise, the Court should conduct voir dire of the prospective jurors and grant the motion to change venue if a fair and impartial jury cannot be drawn. *United States v. Baker*, 925 F.2d at 732.

Defendant has correctly noted the federal and state prosecutions of Richard Alexander Murdaugh have generated extensive, nationwide attention, including nationally broadcast documentaries and at least thirteen books. Criminal prosecutions of other persons involved in one way or another with Murdaugh have gotten considerably less attention. When the Court conducted voir dire in Defendant's first trial, most members of the panel did not know who he was and almost all of those who did only had limited knowledge concerning him. The Court struck for cause the limited number of prospective jurors who had shown great interest in the case, such as those who had watched a documentary or followed blogs related to the case. The balance of the panel was qualified, and a jury was selected without difficulty.

More recently, on January 6, 2025, the Court conducted jury selection in a civil case involving another person involved in certain Murdaugh misdeeds, former Beaufort County

attorney Corey Fleming. *Nautilus Insurance Company v. Fleming et al.*, C.A. No. 2:22-1307 (D.S.C.). Before the Flemming trial, Defense counsel in the current case had raised the possibility of filing the motion for a statewide panel. The Court invited counsel for the Defendant and the Government to attend jury selection for the Fleming case to observe firsthand any difficulties that the Court might encounter in drawing a jury. As the Government accurately recounted in its memorandum, 19 of the 65 members of the jury venire had some prior knowledge of Defendant Fleming's situation and only eight had sufficient prior knowledge to require the Court to strike them for cause. (Dkt. No. 368 at 5). The drawing of the jury in the Fleming case was accomplished without any significant difficulties.

Based on the foregoing, the Court is satisfied that the pretrial publicity is not "so inherently prejudicial that the trial proceedings must be presumed to be tainted." *Baker* at 732. Based on the Court's experience in drawing the jury in the Defendant's first trial in November 2022 and in the Fleming jury in January 2025, the Court finds it highly likely that it can draw a fair and impartial jury with the proper use of court-directed voir dire. Should the Court's actual experience at jury selection demonstrate that a fair and impartial jury cannot be drawn from the Defendant's jury panel after the proper employment of voir dire, the Court will reconsider the Defendant's motion for a statewide jury panel. Consequently, the Court denies the Defendant's motion for a statewide jury panel without prejudice.

Defendant moves in the alternative for a transfer of this case to another division of the District of South Carolina. Since the Court has concluded that there is not presently evidence to support a need to draw the jury from a statewide panel because of pretrial publicity in the Charleston and Beaufort Divisions, the same reasoning causes the Court to deny without prejudice Defendant's alternative motion to transfer the case to another division of the District of South

Carolina. If the Court's experience at jury selection in May indicates that a fair and impartial jury cannot be drawn from the Charleston and Beaufort Divisions, the Court will reconsider this motion.

## Conclusion

For the foregoing reasons, the Court denies without prejudice Defendant's motion for a statewide jury panel and, in the alternative, a transfer of the case for trial in another division in the District of South Carolina. (Dkt. No. 366).

**AND IT IS SO ORDERED**.

                                                      s/ Richard Mark Gergel
                                                      Richard Mark Gergel
                                                      United States District Judge

February 19, 2025
Charleston, South Carolina