IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 9:22-658-RMG |
| v. | |
| RUSSELL LUCIUS LAFFITTE | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 11th day of April, 2025, between the United States of America, as represented by Assistant United States Attorneys Emily Limehouse, Katie Stoughton, and Winston Holliday; the Defendant, **RUSSELL LUCIUS LAFFITTE**, and Defendant's attorney, Mark C. Moore.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts 1 through 6 of the Second Superseding Indictment now pending, which charges Conspiracy to Commit Wire Fraud and Bank Fraud, in violation of 18 U.S.C. § 1349 (Count 1); Bank Fraud, in violation of 18 U.S.C. §§ 1344(2) and 2 (Count 2); Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count 3); and Misapplication of Bank Funds, in violation of Title 18 U.S.C. §§ 656 and 2 (Counts 4-6).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1
**Conspiracy to Commit Wire Fraud and Bank Fraud, 18 U.S.C. § 1349**

A. First, two or more people entered into a conspiracy, agreement, or understanding to commit an unlawful act, here, bank fraud or wire fraud;

1



B. Second, at some time during the existence or life of the conspiracy, agreement, or understanding, the Defendant knew the unlawful purpose of the agreement; and

C. Third, the Defendant joined in the agreement willfully, with the intent to further the unlawful purpose.

The penalty for this offense is:

Maximum sentence of imprisonment of 30 years, fine of $1,000,000, a term of supervised release of not more than 5 years plus a special assessment of $100.

## Count 2
## Bank Fraud, 18 U.S.C. § 1344(2)

A. First, the Defendant knowingly executed, or attempted to execute, a scheme or artifice to obtain any of the money or funds under the custody or control of a financial institution;

B. Second, the scheme or artifice was executed by means of false or fraudulent pretenses, representations, or promises that were material; and

C. Third, the financial institution was then federally insured.

The penalty for this offense is:

Maximum sentence of imprisonment of 30 years, fine of $1,000,000, a term of supervised release of not more than 5 years plus a special assessment of $100.

## Count 3
## Wire Fraud, 18 U.S.C. § 1343

A. First, the Defendant devised or intended to devise a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises that were material;

B. Second, the Defendant acted with the intent to defraud;

C. Third, for the purpose of executing the scheme, the defendant transmitted or caused to be transmitted by means of wire communication in interstate commerce, writings, signs, or signals; and

D. Fourth, the scheme affected a financial institution.

The penalty for this offense is:

Maximum sentence of imprisonment of 30 years, fine of $1,000,000, a term of supervised release of not more than 5 years plus a special assessment of $100.

### Counts 4-6
### Misapplication of Bank Funds, 18 U.S.C. § 656

A. First, the Defendant was an officer, agent, or employee of or connected in any capacity with Palmetto State Bank at the time alleged in the indictment;

B. Second, the accounts of the bank were federally insured at the time alleged in the indictment;

C. Third, the Defendant misapplied, abstracted, or purloined more than $1,000.00 in moneys, funds, or credits belonging to, or entrusted to the care of, the bank;

D. Fourth, the Defendant did so willfully; and

E. Fifth, the Defendant did so with the intent to inflict financial injury to the bank or to defraud the bank.

The penalty for this offense is:

Maximum sentence of imprisonment of 30 years, fine of $1,000,000, a term of supervised release of not more than 5 years plus a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613.

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

   A. Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.



B. Restitution: The parties agree that the Defendant will pay $3,555,884.80 in criminal restitution to the Federal Clerk of Court at or before sentencing. The parties' agreed upon amount of restitution is not binding on the Court. Should the Court impose additional restitution, the Defendant will not have the right to withdraw his guilty plea.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offenses enumerated herein.

## Forfeiture

4. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of, any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily

4

surrender and not contest the forfeiture of property identified in the Indictment, and any forfeiture Bill of Particulars, and to the entry of a money judgment of $85,854.73. Following the entry of this Plea Agreement, the Defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating the money judgment as mandated by Fed. R. Crim. P. 32.2, which shall in any event, be submitted for entry before sentencing. Defendant acknowledges that he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

With regard to the forfeiture money judgment, the Defendant stipulates and agrees:

> The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

> To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

> That the Defendant has or had a possessory interest or other legal interest in each item or property.

> To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this Plea Agreement, as criminal proceeds or substitute property.

5



The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which the Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and § 1B1.8 of the Unites States Sentencing Commission Guidelines will not protect from forfeiture, assets disclosed by the Defendant as part of his/her cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

The assets to be forfeited specifically include, but are not limited to, a money judgment representing of $85,854.73.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the Government

6



in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

### Merger and Other Provisions

5. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of 60 months imprisonment, followed by the appropriate statutory term of supervised release. In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, either party will have the right to withdraw his Federal Rule of Criminal Procedure 11(c)(1)(C) plea. If the Defendant does not comply with all the terms of this Agreement, the United States may seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

6. Provided the Defendant complies with all of the terms of this Agreement, the Government agrees not to file any additional charges against the Defendant for offenses related to the conduct outlined in the Second Superseding Indictment, including perjury or making a false statement.

7. The Defendant understands and agrees that by pleading guilty to an offense involving dishonesty or a breach of trust, as set forth in 12 U.S.C. §§ 1785 and 1829, the Defendant is prohibited from controlling or participating, directly or indirectly, in the conduct of affairs of any federally insured bank or credit union, and is prohibited from serving as any director, officer, employee, agent, controlling stockholder, or other institution-affiliated party of any federally insured bank or credit union without prior written consent pursuant to federal law.



8. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

9. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of prosecutorial misconduct or future changes in the law that affect the Defendant's sentence. The Defendant further agrees to waive any claims of ineffective assistance of counsel based on conduct that occurred prior to January 1, 2023;

however, this waiver does not limit the Defendant's right to file ineffective assistance of counsel claims for conduct that occurred after that date. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

10. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

[SIGNATURE PAGE TO FOLLOW]

4/11/25
Date

[signature]
RUSSELL LUCIUS LAFFITTE
DEFENDANT

4/11/25
Date

[signature]
Mark C. Moore
ATTORNEY FOR THE DEFENDANT


BENJAMIN N. GARNER
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

4/14/25
Date

[signature]
Emily Evans Limehouse (#12300)
Assistant United States Attorney

10